1  Stephen F. Yunker (CSB 110159)
   YUNKER & SCHNEIDER
2  655 West Broadway, Suite 1400
   San Diego, California 92101
3  Telephone: (619) 233-5500
   Facsimile: (619) 233-5535
4  Email: sfy@yslaw.com

5  Joseph N. Kravec, Jr. (PA ID No. 68992)
   SPECTER SPECTER EVANS
6    & MANOGUE, P.C.
   The 26th Floor Koppers Building
7  Pittsburgh, Pennsylvania 15219
   Telephone: (412) 642-2300
8  Facsimile:  (412) 642-2309
   Email: jnk@ssem.com
9
   James M. Pietz (PA ID No. 55406)
10 PIETZ LAW OFFICE
   Mitchell Building
11 304 Ross Street, Suite 700
   Pittsburgh, Pennsylvania 15219
12 Telephone: (412) 288-4333
   Facsimile: (412) 288-4334
13 Email: jpietz@jpietzlaw.com

14 Attorneys for Plaintiff MICHELLE T. WAHL,
   on behalf of herself and all others similarly situated
15

16            UNITED STATES DISTRICT COURT

17       FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

18
   MICHELLE T. WAHL, on behalf of         )   CASE NO.: C 08-00555 RS
19 herself and all others similarly situated, )
                                            )  **CLASS ACTION**
20                     Plaintiff,           )
                                            )  **PLAINTIFF'S MOTION FOR LEAVE TO
21         v.                               )  FILE A SUR-REPLY IN FURTHER
                                            )  OPPOSITION TO DEFENDANT'S
22 AMERICAN SECURITY INSURANCE             )  MOTION TO DISMISS**
   COMPANY; and DOES 1-50, inclusive,      )
23                                          )  **DEMAND FOR JURY TRIAL**
                       Defendants.          )
24                                          )  Hearing Date:    May 21, 2008
                                               Time:            9:30 a.m.
25                                             Courtroom:       4

26

27

28

1  Plaintiff, Michelle T. Wahl, by her undersigned counsel, hereby moves for leave to file a Sur-
2  Reply in Further Opposition to Defendant's Motion to Dismiss.

3  This Sur-Reply is necessary to address arguments Defendant raised for the first time in its Reply.
4  Good cause for authorizing a sur-reply is generally found where a reply brief raises new arguments for
5  the first time or cites cases which were not originally cited in the initial brief. *Altivion Inc. v. Konica*
6  *Minolta*, 2008 WL 2020593, * 1 n. 1 (N.D.Cal. 2008). Here, Defendant has revamped its arguments
7  by raising new case law and new arguments in its Reply Brief.

8  Plaintiff therefore respectfully submits that a Sur-Reply will allow Plaintiff to address this new
9  case law and argument in a meaningful way. Plaintiff's response to these newly minted arguments entails
10 specific reference to multiple documents and citation of several additional authorities that would make
11 presentation of this response at oral argument difficult and cumbersome without the aide of prior
12 briefing. Plaintiff's proposed Sur-Reply, which is only 5 pages in length, is attached.

13 WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff leave to file the Sur-
14 Reply attached hereto. A proposed Order of Court is also attached.

16 Dated: May 14, 2008

**SPECTER SPECTER EVANS & MANOGUE, P.C.**

By:  s/Joseph N. Kravec, Jr.
     Joseph N. Kravec, Jr. (Pa. I.D. #68992)

The 26th Floor, Koppers Building
Pittsburgh, PA 15219
Telephone: (412) 642-2300
Facsimile: (412) 642-2309
Email: jnk@ssem.com

James M. Pietz (PA ID No. 55406)
PIETZ LAW OFFICE
Mitchell Building
304 Ross Street, Suite 700
Pittsburgh, PA 15219
Telephone: (412) 288-4333
Facsimile: (412) 288-4334
Email: jpietz@jpietzlaw.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Steve Yunker, Esquire
YUNKER & SCHNEIDER
655 West Broadway, Suite 1400
San Diego, CA 92101
Telephone: (619) 233-5500
Facsimile: (619) 233-5535
SFY@yslaw.com

***ATTORNEYS FOR PLAINTIFF***

2

# PROOF OF SERVICE

STATE OF PENNSYLVANIA  )
                       )ss.:
COUNTY OF ALLEGHENY    )

I am employed in the county of Allegheny, Commonwealth of Pennsylvania, I am over the age of 18 and not a party to the within action; my business address is The 26th Floor Koppers Building, Pittsburgh, Pennsylvania 15219.

On May 14, 2008, using the Northern District of California's Electronic Case Filing System, with the ECF ID registered to Joseph N. Kravec, Jr., I filed and served the document(s) described as:

**PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY IN FURTHER OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

The ECF System is designed to automatically generate an e-mail message to all parties in the case, which constitutes service. According to the ECF/PACER system, for this case, the parties served are as follows:

| | |
|---|---|
| Joseph N. Kravec, Jr., Esq. | jnk@ssem.com |
| James Pietz, Esq. | jpietz@jpietzlaw.com |
| Stephen Francis Yunker, Esq. | sfy@yslaw.com |

**Attorneys for Plaintiff**

| | |
|---|---|
| Frank G. Burt, Esq. | fgb@jordenusa.com |
| Denise A. Fee, Esq. | daf@jordenusa.com |
| Peter S. Hecker, Esq. | phecker@hewm.com |
| Anna S. McLean, Esq. | Anna.McLean@hellerehrman.com<br>bill.henn@hellerehrman.com<br>Catherine.Lubiszewski@hellerehrman.com<br>Peter.Hecker@hellerehrman.com |
| Dawn B. Williams, Esq. | dbw@jordenusa.com |

**Attorneys for Defendant**

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I further declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on May 14, 2008, at Pittsburgh, Pennsylvania 15219.

/S/ MARCIA Z. CARNEY
Marcia Z. Carney

POS
CASE NO.: C 5:08-CV-555-RS

1  Stephen F. Yunker (CSB 110159)
   YUNKER & SCHNEIDER
2  655 West Broadway, Suite 1400
   San Diego, California 92101
3  Telephone: (619) 233-5500
   Facsimile: (619) 233-5535
4  Email: sfy@yslaw.com

5  Joseph N. Kravec, Jr. (PA ID No. 68992)
   SPECTER SPECTER EVANS
6     & MANOGUE, P.C.
   The 26th Floor Koppers Building
7  Pittsburgh, Pennsylvania 15219
   Telephone: (412) 642-2300
8  Facsimile:  (412) 642-2309
   Email: jnk@ssem.com
9
   James M. Pietz (PA ID No. 55406)
10 PIETZ LAW OFFICE
   Mitchell Building
11 304 Ross Street, Suite 700
   Pittsburgh, Pennsylvania 15219
12 Telephone: (412) 288-4333
   Facsimile: (412) 288-4334
13 Email: jpietz@jpietzlaw.com

14 Attorneys for Plaintiff MICHELLE T. WAHL,
   on behalf of herself and all others similarly situated
15

16              UNITED STATES DISTRICT COURT

17     FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

18
   MICHELLE T. WAHL, on behalf of      )   CASE NO.:  C 08-00555 RS
19 herself and all others similarly situated,  )
                                        )   CLASS ACTION
20                      Plaintiff,      )
                                        )   PLAINTIFF'S SUR-REPLY IN FURTHER
21          v.                          )   OPPOSITION TO DEFENDANT'S
                                        )   MOTION TO DISMISS
22 AMERICAN SECURITY INSURANCE        )
   COMPANY; and DOES 1-50, inclusive,   )   DEMAND FOR JURY TRIAL
23                                      )
                        Defendants.     )   Hearing Date:   May 21, 2008
24                                      )   Time:           9:30 a.m.
                                            Courtroom:      4
25

26

27

28

Plaintiff, Michele T. Wahl, submits this Sur-Reply for the limited purpose of addressing certain new arguments and case law raised by Defendant, American Security Insurance Company ("ASIC") in its Reply Memorandum of Points and Authorities in Support of Its Motion to Dismiss ("Reply"), and states:

## I. Ms. Wahl Has Standing

In her Response to ASIC's Motion to Dismiss, Ms. Wahl demonstrated that she had standing to bring her claims on the ASIC policy because: 1) she is specifically named in the policy as a additional insured; 2) ASIC admits that it provided at least $138,000 of insurance coverage solely and directly to Ms. Wahl since EMC, the only other party to the ASIC policy, could not legally obtain that coverage for itself as it had no insurable interest in that amount; and 3) Ms. Wahl paid the premiums on the ASIC policy. Pltf's Response, pp. 5-9.

In its Reply, ASIC, relying on newly cited cases, contends that the fact that Ms. Wahl is specifically named in the ASIC policy is an irrelevant distinction for standing. ASIC Reply, pp. 2-3 . In support of this contention, ASIC cites several inapplicable cases involving insureds or additional insureds who were <u>not</u> specifically named in the policy contract, but rather were considered insureds or additional insureds by virtue of being in the class of persons generally defined in the policy as being covered. *Id.* Ms. Wahl previously cited *Royal Surplus Lines Ins. Co. v. Ranger Ins. Co.*, 100 Cal.App.4th 193, 200 (2002), in which the Court of Appeal found that an additional insured, such as Ms. Wahl, who is ***specifically named*** in an insurance policy is a party to the policy that has standing to sue an insurer for its breach of the policy contract. ASIC fails to cite any cases overruling *Royal Surplus* or holding that a specifically "named" additional insured lacks standing. On this point, ASIC cites authority never relied upon or cited in its main brief, including *Hatchwell v. Blue Shield*, 198 Cal.App.3d 1027, (1988). Reply at p. 2. *Hatchwell*, however, has no application here because it involved a claim by a wife of a person insured under a group policy of insurance. Here, by contrast, the Court is confronted with a first party, not third party, contract. Ms. Wahl is a specifically named party whose property was specifically insured by the contract of insurance. The *Royal Surplus* court certainly was aware of the 1988 *Hatchwell* decision and its distinctions when its decision was rendered in 2002.

1    Shifting its position again, ASIC also contends in its Reply that her lender, EMC, not Ms. Wahl, paid the premiums on the ASIC policy so Ms. Wahl could not have suffered any injury from ASIC's failure to refund those premiums. ASIC Reply, pp. 2-4. Of course, this is belied by a fair reading of Exhibit E to the First Amended Complaint ("FAC"). Exhibit E is a letter from EMC to Ms. Wahl that states:

> Enclosed is the insurance EMC Mortgage Corporation (EMC) has obtained on your behalf in accordance with our rights in the mortgage documents and/or Deed of Trust securing your loan. American Security Insurance Company now insures on your behalf the referenced property. The annual premium shown on the policy has been charged to your escrow account. If you do not have an escrow account, one has been established.

EMC's letter indicates that the ASIC policy premiums were paid from Ms. Wahl's "escrowed" funds that were merely held by EMC. As such, EMC simply acted as Ms. Wahl's agent to pay her escrowed funds to ASIC for policy premiums. *See Markowitz v. Fidelity National Title Co.*, 142 Cal. App. 4th 508, 526 (2006).

Moreover, EMC's letter states that it obtained the ASIC policy **on Ms. Wahl's behalf**, which also gives rise to a fair inference that EMC was acting as Ms. Wahl's agent to procure insurance for her from ASIC. That EMC procured insurance for Ms. Wahl's benefit from ASIC is further supported by ASIC's admission that at least $138,000 of the total coverage was for Ms. Wahl's benefit alone since ASIC had no insurable interest in that amount. ASIC Opening Br., p. 10.

This principal-agent relationship between EMC and Ms. Wahl is significant for standing purposes. Indeed, it is well-established that:

> Unless excluded by the terms of the agreement made by the agent, an undisclosed principal may claim the benefits of the contract and may sue or be sued in his or her own name.

*American Builder's Association v. Au-Yang*, 226 Cal.App.3d 170, 176 (1990)(numerous citations omitted). *Cf. Sunset Milling & Grain Co.*, 39 Cal.2d 773, 778 (1952)(applying rule to disclosed principals).

Here, the FAC shows that EMC acted as Ms. Wahl's agent to procure insurance from ASIC on her behalf, that ASIC specifically identified her as a named additional insured in the policy, and that the ASIC policy premiums were paid from Ms. Wahl's "escrowed" funds held by EMC. Accordingly, Ms.

2

Wahl has standing to sue on the ASIC policy for her losses from ASIC's failure to refund premiums to her as expressly required by the ASIC policy. To the extent the Court has any question over the existence or extent of the agency at issue, it is a question of fact not appropriate for resolution on a motion to dismiss. *Frank Pisano & Assoc. v. Taggart*, 29 Cal.App.3d 1, 15 (1972)("The existence of agency is generally a question of fact.").

## II.  EMC Did Not Waive Its Farmers' LLPE Coverage Prior to Its Commencement.

ASIC's Reply also presents the new, yet completely false, argument that EMC somehow undertook some act to waive coverage under the Farmer's Policy at or around January 27, 2006 by placing coverage with ASIC. Reply at 6. As the FAC demonstrates, no action was taken until much later to obtain the ASIC Policy, and even then the ASIC Policy was "back-dated."

It is axiomatic that for a waiver to occur a party must do an act in furtherance of a waiver. *Old Republic Insurance Company v. FSR Brokerage, Inc.*, 80 Cal.App.4th 666, 678 (2000)("Waiver refers to the act, or the consequences of the act, of one side."). Without any act, there can be no waiver. *Id.* Here, the FAC shows that EMC took <u>no</u> action to procure substitute insurance for the Farmers' LLPE until March 4, 2006, some 5 weeks <u>after</u> the Farmers' LLPE took effect on January 27, 2006.

Indeed, Exhibit D of the FAC is a letter from EMC to Ms. Wahl dated April 3, 2006 and states:

> The temporary insurance we secured is in the form of a sixty-day binder through American Security Insurance Company and is now 30 days old. This binder cannot be renewed.
>
> . . .
>
> If you do not provide us with proof of insurance coverage before the end of the binder period, we will be required to obtain a one-year policy on your property.

This letter is a clear admission that EMC took no act to *procure substitute insurance* before March 4, 2006 (30 days before the date of the letter). That ASIC chose to back-date the coverage to begin on January 27, 2006 is irrelevant since EMC took no act to place that coverage until March 4, 2006. Indeed, had a claim been made before EMC placed the ASIC coverage on March 4, 2006, no ASIC coverage would have existed and the Farmers' LLPE coverage would have clearly applied. Thus, no waiver of the Farmers' LLPE coverage by EMC could have possibly taken place until EMC first acted

3

1  to obtain substitute insurance on March 4, 2006. By then, the Farmers' LLPE had been in place for more
2  than 5 weeks, which under the express terms of the ASIC policy caused the automatic cancellation of
3  the ASIC policy and required premiums to be refunded. *See* Pltf's Response Br., pp. 11-16.

4   ASIC's Reply also relies heavily on the Farmers' LLPE cancellation provision, but that provision
5  actually supports Ms. Wahl's claim. ASIC Reply, p. 6. The Farmers' LLPE provides that coverage for
6  the lender, EMC, would continue after the January 27, 2006 cancellation date for at least 70 days,[1]
7  "unless an acceptable policy in renewal thereof with loss thereunder payable to the Lender in accordance
8  with the terms of this Lender's Loss Payable Endorsement shall have been issued by some insurance
9  company and accepted by the Lender." ASIC Reply, p. 6, *quoting* FAC, Ex. A ¶ 7 (Farmers' LLPE).
10 This makes it quite clear that the Farmers' LLPE continued providing coverage until EMC first acted
11 to procure coverage from ASIC on March 4, 2006, some 5 weeks after the Farmers' LLPE began
12 providing EMC coverage on January 27, 2006.

13   Accordingly, the ASIC policy placed on March 4, 2006 that purports to provide back-dated
14 coverage to January 27, 2006 automatically cancelled and required a premium refund by its express
15 terms, since it provided coverage EMC already had under the Farmers LLPE. Ms. Wahl who paid the
16 ASIC premiums has adequately stated a claim for ASIC's failure to cancel its policy and refund premiums
17 to her.

18 Dated: May 14, 2008                    **SPECTER SPECTER EVANS**
                                          **& MANOGUE, P.C.**
19
                                          By:  s/Joseph N. Kravec, Jr.
20                                            Joseph N. Kravec, Jr. (Pa. I.D. #68992)
                                          The 26th Floor, Koppers Building
21                                        Pittsburgh, PA  15219
                                          Telephone: (412) 642-2300
22                                        Facsimile: (412) 642-2309
                                          Email: jnk@ssem.com
23
---

24   [1] ASIC reference to the Farmers' LLPE cancellation provision misleadingly implies that the
25 Farmers' LLPE coverage for EMC continues for only 10 days after cancellation. As explained in Ms.
   Wahl's Response Brief at pages 13 to 14, the Farmers' LLPE coverage continues for the lender for at
26 least 70 days after the cancellation date of the policy since the LLPE requires a 60 day waiting period
   before Farmers' can send a cancellation notice to the lender and the lender has an additional 10 days
27 thereafter to decide to keep the Farmers' policy before coverage terminates. Here, this means that
28 Farmers' LLPE provided EMC coverage from at least January 27, 2006 to April 7, 2006.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

James M. Pietz (PA ID No. 55406)
PIETZ LAW OFFICE
Mitchell Building
304 Ross Street, Suite 700
Pittsburgh, PA  15219
Telephone:  (412) 288-4333
Facsimile:   (412) 288-4334
Email:  jpietz@jpietzlaw.com

Steve Yunker, Esquire
YUNKER & SCHNEIDER
655 West Broadway, Suite 1400
San Diego, CA 92101
Telephone:  (619) 233-5500
Facsimile:   (619) 233-5535
SFY@yslaw.com

***ATTORNEYS FOR PLAINTIFF***

5

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| MICHELLE T. WAHL, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN SECURITY INSURANCE COMPANY; and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO.: C 08-00555 RS<br><br>**CLASS ACTION**<br><br>**[PROPOSED] ORDER**<br><br>**DEMAND FOR JURY TRIAL** |

AND NOW, this _____ day of _____, 2008, upon consideration of Plaintiff's Motion for Leave to File a Sur-Reply in Further Opposition to Defendant's Motion to Dismiss, it is hereby GRANTED. The Sur-Reply brief attached to Plaintiff's Motion is hereby deemed filed.

_____
**Honorable Richard Seeborg**

[Proposed] Order