PETER S. HECKER (Bar No. 66159)
ANNA S. McLEAN (Bar No. 142233)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, California 94104-2878
Telephone: (415) 772-6080
Facsimile: (415) 772-6268
peter.hecker@hellerehrman.com
anna.mclean@hellerehrman.com

FRANK BURT (*Pro Hac Vice*)
DENISE A. FEE (*Pro Hac Vice*)
JORDEN BURT LLP
1025 Thomas Jefferson Street, NW
Washington, DC 20007-0805
Telephone: (202) 965-8140
Facsimile: (202) 965-8104
fgb@jordenusa.com
daf@jordenusa.com

Attorneys for Defendant
AMERICAN SECURITY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHELE T. WAHL, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN SECURITY INSURANCE COMPANY; and DOES 1-50, inclusive,<br><br>Defendant. | Case No. C08-00555-RS<br><br>**DEFENDANT AMERICAN SECURITY INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY AND MOTION TO STRIKE PLAINTIFF'S PROPOSED SUR-REPLY FILED THEREWITH**<br><br>Hearing Date: May 21, 2008<br>Time: 9:30 a.m.<br>Courtroom: 4 |

Plaintiff Michelle Wahl has moved to file a sur-reply, ostensibly "for the limited purpose of addressing certain new arguments and case law" raised by defendant American Security Insurance Company ("ASIC") in its Reply. Plaintiff's Sur-Reply In Further Opposition to Defendant's Motion to Dismiss ("Proposed Sur-Reply") at p. 1. Plaintiff identifies no new arguments presented by ASIC in its Reply; instead, plaintiff concocts new arguments that *she* "should have, *and could have*, addressed in [her] opposition." *Applied Elastomerics, Inc. v. Z-Man Fishing Prods., Inc.*, No. C 06-2469 CW, 2007 WL 1593212, at *5 n.4 (N.D. Cal. June 1, 2007) (emphasis added). Since plaintiff, and not ASIC, has raised new arguments one week before the hearing on ASIC's motion to dismiss, the Court should strike her proposed sur-reply and deny the motion for leave to file.

## STANDARD

Once a reply is filed, "no additional memoranda, papers or letters may be filed without *prior* Court approval." Civil L.R. 7-3(d) (emphasis added). This Court generally does not allow sur-replies where "the proposed sur-reply addresses issues that [plaintiff] should have, and could have, addressed in its opposition." *Applied Elastomerics, Inc.*, 2007 WL 1593212, at *5 n.4; *see Asyst Tech., Inc. v. Empak, Inc.*, No. C 98-20451 JF, 2006 WL 1749592, at *1 n.2 (N.D. Cal. June 22, 2006) (refusing to consider sur-reply that addressed legal issues "with which the Court is already familiar"). Where the "reply does not raise new legal arguments, but, rather, responds to legal arguments made in [plaintiff's] opposition," sur-replies are not allowed. *Heil Co. v. Currotto Can Co.*, No. 04-1590 MMC, 2004 WL 2600134, at *1 n.1 (N.D. Cal. Nov. 16, 2004); *see also Gauthier v. E. Oregon Corr. Instit.*, No. CV 04-290-HA, 2004 WL 2260670, at *2 (D. Or. Oct. 7, 2004) (refusing to consider sur-reply where defendant's statements in reply "are responsive to plaintiff's arguments and, therefore, not new matters").

## PLAINTIFF'S PROPOSED SUR-REPLY

**I.     Plaintiff Does Not Identify Any New Issues Raised by ASIC in its Reply**

This Court need look no further than the headings in the proposed sur-reply to determine that Ms. Wahl does not seek an opportunity to address new legal issues, but

1

rather desires another "bite at the apple" to which she is not entitled under the federal or local rules. The two headings in the proposed sur-reply: "Ms. Wahl Has Standing" and "EMC Did Not Waive Its Farmers' LLPE Coverage Prior to Its Commencement" identify issues that were briefed by ASIC in its initial Motion, *see* ASIC's Memorandum of Points and Authorities In Support of Its Motion to Dismiss ("Mot.") at pp. 6-10, 14-16, and vigorously opposed by plaintiff in her opposition. *See* Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss ("Opp.") at pp. 5-10, 18-23.

In her proposed sur-reply, plaintiff argues that she has standing for three reasons. First, Ms. Wahl claims that as an additional insured, she has standing to sue. Proposed Sur-Reply at p. 1. This issue already has been briefed extensively. *See* Mot. at pp. 7-8; Opp. at pp. 5-7. The mere fact that ASIC cited a new case in its Reply does not entitle plaintiff to file a sur-reply; to the contrary, ASIC was responding "to legal arguments made in [plaintiff's] opposition." *Heil Co.*, 2004 WL 2600134, at *1 n.1; *see also Gauthier*, 2004 WL 2260670, at *2.

Plaintiff next argues that she has standing because she, and not EMC, paid the premiums on the ASIC policy. That issue also was previously briefed. Mot. at p. 7; Opp. at p. 7. Ms. Wahl further argues that she has standing because "EMC was acting as Ms. Wahl's agent to procure insurance for her from ASIC." Proposed Sur-Reply at p. 2. This argument is not in response to any new argument or case law set forth by ASIC. Instead, it is *plaintiff* who raises an argument never before addressed and cites four new cases in support of that argument.

Finally, plaintiff claims that ASIC's Reply "presents the *new*, yet completely false, argument that EMC somehow undertook some act to waive coverage under the Farmer's Policy." Proposed Sur-Reply at p. 3 (emphasis added). It is plaintiff's statement that is "completely false." An entire section of ASIC's opening brief is devoted to demonstrating that "EMC waived its coverage under the Farmers LLPE," a proposition to which plaintiff could and did respond at length in her opposition. Mot. at pp. 14-16; *see* Opp. at pp. 18-23. In support of her position, *plaintiff* again raises a new argument, that EMC did not obtain

2

DEFENDANT AMERICAN SECURITY INSURANCE COMPANY'S
OPPOSITION TO PLAINTIFF'S MOTION TO FILE A SUR-REPLY; CASE NO. C08-00555-RS

substitute insurance until March 4, 2006. Proposed Sur-Reply at pp. 3-4. Because plaintiff already had an adequate opportunity to respond on the waiver issue, this Court should not consider the arguments set forth in her sur-reply.

## II. Plaintiff Makes New Legal Arguments in her Proposed Sur-Reply

Although plaintiff accuses ASIC of raising "new arguments," it is she who impermissibly attempts to interject new issues one week prior to oral argument. In two places, plaintiff raises issues that have not previously been identified or briefed by either party, citing new case law to bolster her positions. Proposed Sur-Reply at p. 2 (alleging an agency relationship between EMC and Ms. Wahl); p. 4 (interpreting EMC's letters to Ms. Wahl as an "admission that EMC took no act to procure substitute insurance before March 4, 2006"). This Court should not consider plaintiff's sur-reply because first, it "addresses issues that [plaintiff] should have, and could have, addressed in [her] opposition." *Applied Elastomerics, Inc.*, 2007 WL 1593212, at *5 n.4. Second, ASIC has no opportunity to respond to these new matters.

## CONCLUSION

For the reasons set forth above, this Court should deny Ms. Wahl's motion for leave to file a sur-reply and strike the proposed sur-reply attached to plaintiff's motion. In the alternative, ASIC respectfully requests that it be allowed to respond to the new arguments that plaintiff has presented, in writing, prior to any oral argument on the motion to dismiss.

Dated: May 16, 2008                    HELLER EHRMAN LLP


By: */s/ Peter S. Hecker*
        PETER S. HECKER

Attorneys for Defendant
AMERICAN SECURITY INSURANCE COMPANY