Stephen F. Yunker (CSB 110159)
YUNKER & SCHNEIDER
655 West Broadway, Suite 1400
San Diego, California 92101
Telephone: (619) 233-5500
Facsimile: (619) 233-5535
Email: sfy@yslaw.com

Joseph N. Kravec, Jr. (PA ID No. 68992)
(Admitted *pro hac vice*)
SPECTER SPECTER EVANS
  & MANOGUE, P.C.
The 26th Floor Koppers Building
Pittsburgh, Pennsylvania 15219
Telephone: (412) 642-2300
Facsimile: (412) 642-2309
Email: jnk@ssem.com

James M. Pietz (PA ID No. 55406)
(Admitted *pro hac vice*)
PIETZ LAW OFFICE
Mitchell Building
304 Ross Street, Suite 700
Pittsburgh, Pennsylvania 15219
Telephone: (412) 288-4333
Facsimile: (412) 288-4334
Email: jpietz@jpietzlaw.com

Attorneys for Plaintiff MICHELLE T. WAHL,
on behalf of herself and all others similarly situated

## UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| MICHELLE T. WAHL, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN SECURITY INSURANCE COMPANY; and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO.: C 08-00555 RS<br><br>**CLASS ACTION**<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE OF FILING OF COMPLETE EXHIBIT D IN SUPPORT OF ITS MOTION TO DISMISS**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Hearing Date:  May 21, 2008<br>Time:          9:30 a.m.<br>Courtroom:     4 |

In its Motion to Dismiss Plaintiff's First Amended Complaint ("FAC"), Defendant American Security Insurance Company ("ASIC") argues that when Plaintiffs' lender, EMC, took out the ASIC policy insuring its interest in Plaintiff's home that this act cancelled and thus waived EMC's coverage under the Lender's Loss Payable Endorsement ("LLPE") Plaintiff purchased from Farmers Insurance Company. ASIC also argues that EMC's waiver of the Farmers LLPE voided ASIC policy provisions that automatically cancel the policy and require the refund of premium paid when there is other insurance protecting the lender's interest.

Plaintiff showed at oral argument and in her Sur-Reply that even if ASIC's view of the Farmers' LLPE cancellation provision is correct - which it is not[1] - a waiver cannot legally occur without an act. Here, the lender, EMC, did not act to obtain any insurance until March 4, 2006, some 5 weeks after the Farmers LLPE took effect on January 27, 2006. See FAC, Exh. D; Plaintiff's Sur-Reply (Docket No. 31), pp. 3-4. ASIC may have back-dated coverage to begin on January 27, 2006, but that does not change the fact that the ASIC coverage was not taken out by EMC until March 4, 2006. Id. Instead, it shows that from at least January 27, 2006 to March 4, 2006 there was overlapping coverage between the Farmers LLPE and the ASIC policy. Id. Under the provisions of the ASIC policy, this overlapping coverage caused the ASIC policy to cancel automatically at its inception and required ASIC to refund the premiums Plaintiff paid. This is the basis of Plaintiff's claims. Id.

For the first time at oral argument, ASIC argued that Exhibit D to the FAC which is a two-page letter from EMC to Plaintiff was incomplete since it was allegedly missing a third page. ASIC contends that third page is a copy of an ASIC temporary insurance binder referred to in the EMC letter. The

---

[1] As demonstrated in Plaintiff's Response (Docket No. 27) at pages 13-14, the Farmers' LLPE requires cancellation to occur *in accordance with the other provisions of the LLPE.* The other provisions of the LLPE require a 60 day waiting period before Farmers can send a cancellation notice to the lender and the lender has an additional 10 days thereafter to decide to keep the Farmers' policy before coverage for the lender terminates under the LLPE. ASIC asks this Court to ignore these provisions and therefore to render them meaningless, which the Court may not do. *F&H Construction v. ITT Hartford Ins. Co. Of Midwest,* 118 Cal App. 4th 364, 371, 376-77 (2004). Thus, even if EMC took out the ASIC coverage on January 27, 2006 when the Farmers LLPE coverage began, no waiver occurred because the provisions of the Farmers LLPE continued insurance for at least 70 days thereafter. The end result is overlapping coverage during that period, which initiated the automatic cancellation and premium refund provisions of the ASIC policy. Plaintiff's Response Brief, pp.13-14.

1  Court directed ASIC to file the Exhibit D it contends is "complete" which it did (*see* Docket No. 35)
2  and afforded Plaintiff this opportunity to file this response.

3        It is well-established that "[o]n considering a motion to dismiss, judicial notice of the full text
4  of documents referenced in a complaint, **where the authenticity of those documents is not contested**,
5  is proper under the doctrine of incorporation by reference. *In re Zoran Corporation Derivative*
6  *Litigation*, 511 F.Supp.2d 986, 1001 (N.D. Ca. 2007), *citing No. 84 Employee-Teamster Joint Council*
7  *Pension Trust Fund v. Am. W. Holding Corp.*, 320 F.3d 920, 025 n.2 (9th Cir. 2003)(emphasis added).

8        Here, the parties do not contest the authenticity of the two pages of Exhibit D attached to the
9  FAC, and consequently they may properly be considered by the Court in resolving the Motion to
10 Dismiss. However, the authenticity of ASIC's purported "third page" binder is contested by Plaintiff.
11 Because the authenticity of this "third page" binder is contested, it may not be considered by the Court
12 in resolving ASIC's Motion to Dismiss. *Id.*

13       Plaintiff has good grounds for questioning the authenticity of this purported third page. Indeed,
14 ASIC offers no sworn statement attesting that its purported "third page" was actually part of the EMC
15 letter to Plaintiff contained in Exhibit D, or that it is otherwise a true and complete copy. Instead, ASIC
16 simply argues that point in its latest brief. *See* Defendant's Notice of Filing of Complete Exhibit D In
17 Support of Its Motion to Dismiss (Docket No. 35)("Notice").

18       Moreover, a fair reading of the first two pages of Exhibit D calls into doubt the authenticity of
19 the alleged "third page" and creates significant factual questions that cannot be resolved on a motion
20 to dismiss. The first two pages of Exhibit D contained in the FAC and ASIC's proffered complete
21 Exhibit D are the same. Those two pages are a letter from EMC to Plaintiff dated April 3, 2006 in
22 which EMC states that it obtained a 60 day temporary insurance binder 30 days earlier (*i.e.*, on March
23 4, 2006) that is to expire in 30 days (*i.e.*, on May 3, 2006). *Compare* FAC, Exhibit D and Notice,
24 Exhibit 1. However, the EMC letter does not state that the temporary insurance binder was attached
25 to or enclosed with the letter. *Id.*

26       Furthermore, the binder ASIC purports to offer in its Notice states a different coverage period
27 than the period stated in the EMC letter to which it is allegedly attached, which calls into question
28 whether this is the binder referenced by the EMC letter. *See* Notice, Exh. 1 thereto. But, more

2

Case No.: C 08-00555 RS
Plaintiff's Response to Defendants' Notice of Filing of Complete Exhibit D in Support of Its Motion to Dismiss

1  importantly for the waiver argument, this purported binder does not say when it was actually taken out
2  by EMC. *Id.* It certainly could have been taken out on March 4, 2006 as the two-page EMC letter
3  indicates and then back-dated for a coverage period from January 27, 2006 through March 28, 2006.
4  Alternatively, it could be that this binder was actually taken out on January 27, 2006 as ASIC urges,
5  or it could be that this binder is not actually the binder mentioned in the two-page letter. Another
6  unanswered question arises from the date "04/03/2006" that appears in the upper right hand corner of
7  this purported binder, which is after the stated binder coverage period of January 27, 2006 to March
8  28, 2006. It could be that the binder was taken out on April 3, 2006 and then back-dated the coverage,
9  or simply be the date the binder was printed.

10  Such competing factual interpretations are not to be resolved on a motion to dismiss. Indeed,
11  as the Ninth Circuit recently acknowledged, "the motion [to dismiss] is not a procedure for resolving
12  a contest between the parties about the facts or the substantive merits of the plaintiff's case." *Williams*
13  *v. Gerber Products Company*, 523 F.3d 934, 938 (9th Cir. 2008), *quoting* 5 C. Wright & A. Miller,
14  Federal Practice and Procedure §1356. Rather, this Court must accept the allegations of the complaint
15  as true and construe them and any reasonable inferences therefrom in the light most favorable to plaintiff
16  to determine if she has stated facts making her claim for relief plausible on its face. *Id.*, at 937-938
17  (citations omitted).

18  Applying this standard to Exhibit D, it is certainly a reasonable inference that EMC did not take
19  out any coverage with ASIC until well-after January 27, 2006, which is the effective date of the Farmers
20  LLPE. Thus, ASIC's defense that EMC waived the Farmers LLPE coverage by taking out substitute
21  ASIC coverage on January 27, 2006 cannot be established on a motion to dismiss. ASIC may argue
22  a different interpretation of Exhibit D based on its unauthenticated and otherwise dubious "third page"
23  binder, but that argument presents a mere factual issue that cannot be resolved on a motion to dismiss.

24  Plaintiff respectfully requests that ASIC's Motion to Dismiss be denied.

25
    Dated: May 28, 2008                          **SPECTER SPECTER EVANS**
26                                               **& MANOGUE, P.C.**

27                                               By:  s/Joseph N. Kravec, Jr.
                                                       Joseph N. Kravec, Jr. (Pa. I.D. #68992)
28

| | |
|---|---|
| 1 | The 26th Floor, Koppers Building |
| 2 | Pittsburgh, PA 15219 |
|   | Telephone: (412) 642-2300 |
|   | Facsimile: (412) 642-2309 |
| 3 | Email: jnk@ssem.com |

James M. Pietz (PA ID No. 55406)
PIETZ LAW OFFICE
Mitchell Building
304 Ross Street, Suite 700
Pittsburgh, PA 15219
Telephone: (412) 288-4333
Facsimile: (412) 288-4334
Email: jpietz@jpietzlaw.com

Steve Yunker, Esquire
YUNKER & SCHNEIDER
655 West Broadway, Suite 1400
San Diego, CA 92101
Telephone: (619) 233-5500
Facsimile: (619) 233-5535
SFY@yslaw.com

***ATTORNEYS FOR PLAINTIFF***

**PROOF OF SERVICE**

STATE OF PENNSYLVANIA   )
                        )ss.:
COUNTY OF ALLEGHENY     )

I am employed in the county of Allegheny, Commonwealth of Pennsylvania, I am over the age of 18 and not a party to the within action; my business address is The 26th Floor Koppers Building, Pittsburgh, Pennsylvania 15219.

On May 28, 2008, using the Northern District of California's Electronic Case Filing System, with the ECF ID registered to Joseph N. Kravec, Jr., I filed and served the document(s) described as:

**PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE OF FILING
OF COMPLETE EXHIBIT D IN SUPPORT OF ITS MOTION TO DISMISS**

The ECF System is designed to automatically generate an e-mail message to all parties in the case, which constitutes service. According to the ECF/PACER system, for this case, the parties served are as follows:

| | |
|---|---|
| Joseph N. Kravec, Jr., Esq. | jnk@ssem.com |
| James Pietz, Esq. | jpietz@jpietzlaw.com |
| Stephen Francis Yunker, Esq. | sfy@yslaw.com |

**Attorneys for Plaintiff**

| | |
|---|---|
| Frank G. Burt, Esq. | fgb@jordenusa.com |
| Denise A. Fee, Esq. | daf@jordenusa.com |
| Peter S. Hecker, Esq. | phecker@hewm.com |
| Anna S. McLean, Esq. | Anna.McLean@hellerehrman.com |
| | bill.henn@hellerehrman.com |
| | Catherine.Lubiszewski@hellerehrman.com |
| | Peter.Hecker@hellerehrman.com |
| Dawn B. Williams, Esq. | dbw@jordenusa.com |

**Attorneys for Defendant**

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I further declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on May 28, 2008, at Pittsburgh, Pennsylvania 15219.

/S/ MARCIA Z. CARNEY
Marcia Z. Carney