PETER S. HECKER (Bar No. 66159)
ANNA S. McLEAN (Bar No. 142233)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, California 94104-2878
Telephone: (415) 772-6080
Facsimile: (415) 772-6268
peter.hecker@hellerehrman.com
anna.mclean@hellerehrman.com

FRANK BURT (*Pro Hac Vice*)
DENISE A. FEE (*Pro Hac Vice*)
JORDEN BURT LLP
1025 Thomas Jefferson Street, NW
Washington, DC 20007-0805
Telephone: (202) 965-8140
Facsimile: (202) 965-8104
fgb@jordenusa.com
daf@jordenusa.com

Attorneys for Defendant
AMERICAN SECURITY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHELE T. WAHL, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br> v.<br><br>AMERICAN SECURITY INSURANCE COMPANY; and DOES 1-50, inclusive,<br><br>    Defendant. | Case No. C08-00555-RS<br><br>**DEFENDANT AMERICAN SECURITY INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S SUR-REPLY TO MOTION TO DISMISS**<br><br>Hearing Date: May 21, 2008<br>Time:    9:30 a.m.<br>Courtroom:  4 |

**I.     Ms. Wahl Lacks Standing.**

**A.     Ms. Wahl Does Not Have Standing Because She is an Additional Insured.**

Ms. Wahl continues to urge a distinction between expressly named additional insureds and those who fall within a protected class under the policy. Plaintiff's Sur-Reply ("Sur-Reply") at 1. This alleged distinction is without a difference.[1] As an additional insured, but not a contracting party, Ms. Wahl "has no standing to enforce the contract or to recover extra-contract damages for wrongful withholding of benefits to the contracting party," which is EMC. *Hatchwell v. Blue Shield of Cal.*, 198 Cal. App. 3d 1027, 1034 (1988); *see* First Amended Complaint ("FAC") Exs. F & G (EMC listed as "named insured" and Ms. Wahl as "additional insured").

*Hatchwell*, and not *Royal Surplus Lines*, governs the outcome of this case. Ms. Hatchwell was not a member of an insured class; she was "enrolled and accepted" as a "Dependent Subscriber." *Hatchwell*, 198 Cal. App. 3d at 1031, 1034. The court found that, although Ms. Hatchwell was an additional insured, she was not a contracting party and therefore had no standing to sue the insurance company to enforce the contract rights of a named insured. *Id*. at 1034. *Royal Surplus Lines* involved a determination of whether an insured and an insurer could be joined in the same ***coverage*** action. *Royal Surplus Lines Ins. Co. v. Ranger Ins. Co.*, 100 Cal. App. 4th 193, 196 (2002). The court noted that an additional insured could sue an insurer that failed to defend the additional insured in underlying litigation. *Id*. at 200. *Royal Surplus Lines* is inapplicable here because Ms. Wahl's complaint is not based on the coverage afforded to her by the ASIC policy, or for any alleged injury directly resulting from ASIC's actions, but rather alleges that she supposedly was damaged by ***EMC's*** interaction with ASIC. *Hatchwell* instructs that, as an additional insured, Ms. Wahl has no standing to assert that claim. 198 Cal. App. 3d at 1034.[2]

---

[1] It is settled law that "the words 'additional insured' should be given their plain and ordinary meaning, of any person who is an insured under the policy in addition to the named insured. Necessarily, this includes not only persons who may be indicated by name to be an insured, but also any person who is a member of a class which is specifically indicated to be an insured under the policy." *House v. State Auto. Mut. Ins. Co.*, 540 N.E.2d 738, 741 (Ohio Ct. App. 1988).

[2] Plaintiff also argues that *Hatchwell* is distinguishable because the ASIC policy is "a first party, not third party, contract." Sur-Reply at 1. The assertion is untrue and irrelevant. Both the ASIC policy purchased by EMC and the health insurance policy in *Hatchwell* offer first party coverage to the beneficiaries themselves, as opposed to coverage for third party claims against the beneficiaries. The distinction noted by the *Hatchwell* court is that Ms. Hatchwell would have had standing to

(*footnote continued on following page*)

1

**B.     As a Matter of Law, EMC Was Not Acting as Ms. Wahl's Agent.**

Ms. Wahl's alternative standing argument that EMC was acting as her agent in procuring the ASIC policy has no basis in fact or law and is contrary to the agency theory asserted in the Complaint. *See* Sur-Reply at 2-3. Ms. Wahl's relationship with EMC is defined by the Note and Deed of Trust, which provides that, if she "fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower . . ." Ex. 1 to ASIC's Motion to Dismiss ("Motion Ex. 1") at 8. In obtaining the ASIC policy, EMC was not acting at Ms. Wahl's behest but was exercising its own right to purchase insurance coverage to protect its interest in the property. *See Lauman v. Springfield Fire & Marine Ins. Co.*, 184 Cal. 650, 653 (1921) (finding it "usual to provide in mortgages that the mortgagor shall secure insurance which will protect the mortgagee" and not as the other's agent).

The defining characteristic of an agency relationship is the principal's control over the agent. *Rood v. County of Santa Clara*, 113 Cal. App. 4th 549, 572 (2003). California courts reject the notion that "one who performs a mere favor for another, without being subject to any legal duty of service and without assenting to any right of control, can be an agent. Control may not be inferred merely from the fact that one person's act benefits another." *Id*. (citations omitted). It is clear from the Deed of Trust that EMC, and not Ms. Wahl, controlled the insurance aspect of the parties' relationship. *See* Motion Ex. 1 at 8 (requiring Ms. Wahl to maintain insurance "in the amounts . . . and for the periods that Lender requires;" stating that EMC may disapprove of her choice of insurance; giving EMC the right to require Ms. Wahl to pay certain charges; allowing EMC to obtain insurance at its option, the cost of which may "significantly exceed" other insurance; requiring Ms. Wahl to include certain provisions in any policy she purchases; giving EMC the right to retain the policies; and allowing EMC to demand receipts from Ms. Wahl).[3]

---

assert her own right to coverage as a first party claimant, but she did not have standing to assert the rights of her husband, the contracting party. 198 Cal. App. 3d at 1034-35. The same is true here.

[3] EMC's later statement that it obtained separate coverage on Ms. Wahl's "behalf" does not create an agency relationship; rather, the immediately following phrase demonstrates that EMC obtained

(*footnote continued on following page*)

2

**II. EMC Waived its Coverage Under the Farmers Policy on January 27, 2006.**

Ms. Wahl argues incorrectly that EMC "took no act to procure substitute insurance before March 4, 2006," and as a result did not waive its protection under the Farmers LLPE until that date. Sur-Reply at 3. The correspondence from EMC to Ms. Wahl attached to the Complaint demonstrates that EMC secured coverage from ASIC effective January 27, 2006, the same date Farmers cancelled Ms. Wahl's policy. *See* FAC Ex. D ("Hazard Insurance: 01/27/2006"), Ex. G (ASIC policy effective 1/27/06); Ex. 1 to Notice of Filing Complete Exhibit D ("Notice Ex. 1") (ASIC binder effective 1/27/06). [4]

EMC sent Ms. Wahl two letters informing her that EMC "secured temporary insurance coverage in the form of a sixty-day binder through American Security Insurance Company," effective January 27, 2006. FAC Ex. C; Notice Ex. 1; *see* FAC ¶ 16(c). EMC also provided Ms. Wahl with a copy of the binder, which states that its effective date is January 27, 2006. Thus, the Exhibits to the FAC and plaintiff's own allegations demonstrate that EMC secured temporary coverage from ASIC on Ms. Wahl's property effective *simultaneously* with the cancellation of her Farmers' coverage, foreclosing any purported "overlap" between the two policies.[5]

---

the insurance to protect its own interest "*in accordance with our rights in the mortgage documents.*" FAC Ex. E (emphasis added).

[4] Plaintiff responds to Notice Ex. 1 by contesting its authenticity, arguing: (1) the 4/3/06 letter from EMC to Ms. Wahl "does not state that the temporary insurance binder was attached to or enclosed with the letter;" and (2) the binder submitted by ASIC as the missing third page of Exhibit D "states a different coverage period than the period stated in the EMC letter to which it is allegedly attached." *See* Doc. No. 36 at 2. Neither argument has merit. First, EMC's 4/3/06 letter to Ms. Wahl expressly refers to the policy "shown on the attached binder." FAC Ex. D at 1. Second, the "Subject" of the uncontested EMC letter reads, "Hazard Insurance: 01/27/2006," which is the same effective date displayed on the missing attachment. *Id.*; *see also* Notice Ex. 1 at 3.

[5] Plaintiff is in error in arguing that, to cancel the Farmers' policy, ASIC was required to perform "an act in furtherance" of the waiver. Sur-Reply at 3. Waiver under the LLPE is self-executing: "This policy shall remain in full force and effect as to the interest of the Lender for a period of ten (10) days after its expiration ***unless*** an acceptable policy in renewal thereof with loss thereunder payable to the Lender in accordance with the terms of this Lender's Loss Payable Endorsement, ***shall have been issued by some insurance company and accepted by the Lender***." FAC, Ex. A ¶ 7 (emphasis added). It is undisputed that EMC purchased a policy acceptable to EMC that was issued by ASIC. Thus, by procuring another "acceptable policy," EMC waived any purported continuation of coverage under the Farmers' LLPE "pursuant to its terms." *Glens Falls Ins. Co. v. Founders' Ins. Co.*, 209 Cal. App. 2d 157, 169 (1962).

1  Dated: May 30, 2008                     HELLER EHRMAN LLP

2

3                                          By: */s/ Peter S. Hecker*
                                                   PETER S. HECKER

4                                          Attorneys for Defendant
                                           AMERICAN SECURITY INSURANCE
5                                          COMPANY