PETER S. HECKER (Bar No. 66159)
ANNA S. McLEAN (Bar No. 142233)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, California  94104-2878
Telephone:  (415) 772-6080
Facsimile:  (415) 772-6268
peter.hecker@hellerehrman.com
anna.mclean@hellerehrman.com

FRANK BURT (*Pro Hac Vice*)
DENISE A. FEE (*Pro Hac Vice*)
JORDEN BURT LLP
1025 Thomas Jefferson Street, NW
Washington, DC  20007-0805
Telephone:  (202) 965-8140
Facsimile:  (202) 965-8104
fgb@jordenusa.com
daf@jordenusa.com

Attorneys for Defendant
AMERICAN SECURITY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHELE T. WAHL, on behalf of herself and all others similarly situated,<br><br>                    Plaintiff,<br><br>          v.<br><br>AMERICAN SECURITY INSURANCE COMPANY; and DOES 1-50, inclusive,<br><br>                    Defendant. | Case No. C08-00555-RS<br><br>**DEFENDANT AMERICAN SECURITY INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant American Security Insurance Company ("ASIC") responds to the correspondingly numbered paragraphs of the First Amended Complaint served on February 29, 2008 herein (the "Complaint") by Michelle T. Wahl ("Plaintiff"), as amended by the Court's dismissal Order (Docket No. 39), as follows:

## INTRODUCTION

1.    Denied.

## JURISDICTION AND VENUE

2.    This paragraphs states legal conclusions that require no response.  To the extent this paragraph states any factual allegations, ASIC is without knowledge or information sufficient to form a belief as to the truth of the factual allegations of this paragraph, and on that basis, denies those allegations.  ASIC denies that this case may properly be certified as a class action.

## PARTIES

3.    ASIC admits that effective January 27, 2006 ASIC issued a policy of insurance covering a residence located at 785 Logan Creek Road, Boulder Creek, CA 95006-8700 in which Plaintiff was named as an additional insured; is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 concerning the ownership of the referenced home; denies any overlap of coverage for Plaintiff under her prior homeowners insurance policy; and denies the remaining allegations of this paragraph.

4.    ASIC is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis, denies those allegations.

5.    ASIC admits it is an insurance company doing business throughout the United States, and is domiciled in Delaware, with its headquarters located in Atlanta, Georgia, but denies the remaining allegations of this paragraph.

6.    ASIC admits that it is a wholly owned subsidiary of Interfinancial, Inc., which is an insurance holding company that is a wholly owned subsidiary of Assurant, Inc., a publicly traded company domiciled in Delaware and headquartered in New York,

2

N.Y.  ASIC admits that in 2006 ASIC collected premiums in excess of $700 million, and that in 2006 more than 15% of the insurance policies issued by ASIC were issued in California.  ASIC denies the remaining allegations of this paragraph.

7.    ASIC is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis, denies those allegations.

8.    Denied.

## FACTS COMMON TO ALL CAUSES OF ACTION

9.    ASIC is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis, denies those allegations.

10.    ASIC is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis, denies those allegations.

11.    ASIC is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis, denies those allegations.

12.    ASIC is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis, denies those allegations.

13.    ASIC is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis, denies those allegations.

14.    ASIC is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis, denies those allegations.

15.    Denied.

16.    ASIC is without knowledge or information sufficient to form a belief as to the truth of the allegations of subparagraphs 16(a) and (b); admits the allegations of subparagraph 16(c) except for the date "2/27/06" which is denied; admits that ASIC participated in providing communications to Plaintiff on April 3, 2006 and May 12, 2006 as described in paragraph 16(d), but denies such communications were identical or to the same effect as the communication described in paragraph 16(c); admits that ASIC provided Plaintiff with disclosures and a policy of insurance as alleged in paragraph 16(e) but denies the remaining allegations of paragraph 16(e); admits that the premium for the

3

ASIC policy of insurance issued on January 27, 2006 in favor of the EMC Mortgage Corporation ("EMC") and Plaintiff was $4,052.00, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of subparagraph 16(f); admits that ASIC provided Plaintiff with disclosures and a policy of insurance to become effective January 27, 2007 as alleged in paragraph 16(g), but that upon Plaintiff providing evidence of other insurance, ASIC cancelled the offered policy without any premium charged to Plaintiff; and denies the remaining allegations contained in paragraph 16.

17.     Denied.

18.     Denied.

19.     Denied.

20.     ASIC denies that the portions of Exhibit F to the Complaint quoted in subparagraphs 20 (b) and (c) have relevance to issues in this dispute; states affirmatively that assuming any coverage continued as to EMC under the Farmer's policy referenced in Exhibit B to the Complaint after EMC's affirmative placement of the ASIC policy, which it did not, as a matter of settled California law the interaction between Section 5 of the Lenders Loss Payable Endorsement [Form 438BFU] and the portions of Exhibit F to the Complaint quoted in subparagraph 20(a) would result in a prorated equitable contribution to lender coverage by Farmers and ASIC under their respective policies of insurance; and ASIC states further affirmatively that the Other Insurance Endorsement referenced in subparagraph 20(d) of the Complaint expressly relates to "flood" insurance coverage which is expressly excluded from coverage by Exhibit F to the Complaint (and was inadvertently included in the materials sent to Plaintiff), and is thus irrelevant to the ASIC policy issued to Plaintiff on January 27, 2006, and ASIC also denies the remaining allegations of this paragraph.

21.     Denied.

22.     Denied.

23.     Denied.

4

24. Denied.

25. Denied.

## CLASS ACTION ALLEGATIONS

26. ASIC is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and its subparagraphs, and on that basis, denies those allegations.

27. Denied.

## FIRST CAUSE OF ACTION FOR BREACH OF INSURANCE CONTRACT
### (Against ASIC Only)

28. ASIC realleges and incorporates by reference as though fully set forth herein its responses to paragraphs 1-27 above.

29. ASIC is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis, denies those allegations.

30. Denied.

31. Denied.

## SECOND CAUSE OF ACTION FOR RESCISSION
## FOR BREACH OF STATUTORY DUTY TO DISCLOSE
### (Against ASIC Only)

32. ASIC realleges and incorporates by reference as though fully set forth herein its responses to paragraphs 1-31 above.

33. Denied.

34. Denied.

35. Denied.

36. ASIC denies that any portions of the statutes quoted in this paragraph are in "pertinent part," states affirmatively that the quoted statutes speak for themselves, and ASIC also denies the allegations of this paragraph.

37. Denied.

38. Denied.

5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**THIRD CAUSE OF ACTION FOR RESCISSION**
**FOR CONSTRUCTIVE FRAUD**
**(Against ASIC Only)**

39.     ASIC realleges and incorporates by reference as though fully set forth herein its responses to paragraphs 1-38 above.

40.     Denied.

41.     Denied.

42.     Denied.

**FOURTH CAUSE OF ACTION FOR RESCISSION**
**FOR FAILURE OF CONSIDERATION**
**(Against ASIC Only)**

43.     ASIC realleges and incorporates by reference as though fully set forth herein its responses to paragraphs 1-42 above.

44.     Denied.

45.     Denied.

46.     Denied.

**FIFTH CAUSE OF ACTION FOR VIOLATION OF TH UNFAIR**
**COMPETITION LAW**
**(Against All Defendants)**

47.     ASIC realleges and incorporates by reference as though fully set forth herein its responses to paragraphs 1-46 above.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

6

56.    Denied.

57.    Denied.

### SIXTH CAUSE OF ACTION FOR VIOLATION OF
### THE CONSUMER LEGAL REMEDIES ACT
#### (Against All Defendants)

58.    This cause of action has been dismissed by the Court (Docket No. 39) and Plaintiff has declined to amend the Complaint to include additional allegations (Docket No. 40); therefore, no response by ASIC is required.

59.    This cause of action has been dismissed by the Court (Docket No. 39) and Plaintiff has declined to amend the Complaint to include additional allegations (Docket No. 40); therefore, no response by ASIC is required.

60.    This cause of action has been dismissed by the Court (Docket No. 39) and Plaintiff has declined to amend the Complaint to include additional allegations (Docket No. 40); therefore, no response by ASIC is required.

61.    This cause of action has been dismissed by the Court (Docket No. 39) and Plaintiff has declined to amend the Complaint to include additional allegations (Docket No. 40); therefore, no response by ASIC is required.

62.    This cause of action has been dismissed by the Court (Docket No. 39) and Plaintiff has declined to amend the Complaint to include additional allegations (Docket No. 40); therefore, no response by ASIC is required.

63.    This cause of action has been dismissed by the Court (Docket No. 39) and Plaintiff has declined to amend the Complaint to include additional allegations (Docket No. 40); therefore, no response by ASIC is required.

64.    This cause of action has been dismissed by the Court (Docket No. 39) and Plaintiff has declined to amend the Complaint to include additional allegations (Docket No. 40); therefore, no response by ASIC is required.

65.    This cause of action has been dismissed by the Court (Docket No. 39) and Plaintiff has declined to amend the Complaint to include additional allegations (Docket No. 40); therefore, no response by ASIC is required.

DEFENDANT AMERICAN SECURITY INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES; Case No. C08-00555-RS

66.     This cause of action has been dismissed by the Court (Docket No. 39) and Plaintiff has declined to amend the Complaint to include additional allegations (Docket No. 40); therefore, no response by ASIC is required.

## SEVENTH CAUSE OF ACTION FOR DECLARATORY RELIEF
### (Against All Defendants)

67.     ASIC realleges and incorporates by reference as though fully set forth herein its responses to paragraphs 1-57 above.

68.     ASIC is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis, denies those allegations.

69.     ASIC is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis, denies those allegations, except that ASIC admits that it contends to the contrary as to Plaintiff's assertions in this paragraph.

70.     Denied.

71.     Denied.

## AFFIRMATIVE DEFENSES

As and for separate and affirmative defenses to the Complaint, ASIC alleges as follows; provided however, that by alleging the matters set forth in these defenses, ASIC does not thereby allege or admit that it has the burden of proof and/or persuasion with respect to any of these matters.

### FIRST AFFIRMATIVE DEFENSE
### FAILURE TO STATE A CAUSE OF ACTION
#### (To All Causes Of Action)

The Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against ASIC.

## SECOND AFFIRMATIVE DEFENSE
## ESTOPPEL AND UNCLEAN HANDS
### (To All Causes Of Action)

The Complaint, and each purported cause of action alleged therein, is barred by the conduct, actions and inactions of Plaintiff, and/or the persons on whose behalf she purports to bring this action, which amount to and constitute an estoppel of the causes of action and any relief sought thereby.

## THIRD AFFIRMATIVE DEFENSE
## WAIVER
### (To All Causes Of Action)

The Complaint, and each purported cause of action alleged therein, is barred by the conduct, actions and inactions of Plaintiff, and/or the persons on whose behalf she purports to bring this action, which amount to and constitute a waiver of any right or rights that Plaintiff, and/or the persons on whose behalf she purports to bring this action, may or might have in relation to the matters alleged in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE
## CONTRIBUTORY/COMPARATIVE NEGLIGENCE
### (To All Causes Of Action)

ASIC is not legally responsible with respect to any restitution and/or monetary award that may be claimed by Plaintiff, and/or the persons on whose behalf she purports to bring this action, in connection with the matters alleged in the Complaint. However, if ASIC is found to be legally responsible in any manner, then it alleges that its legal responsibilities are not the sole and proximate cause of any harm to Plaintiff, and/or the persons on whose behalf she purports to bring this action, and the restitution and/or monetary award, if any, is to be apportioned in accordance with the fault and legal

9

responsibility of all parties, persons and entities, or the agents, servants and employees of such parties, persons and entities, who contributed to and/or caused said harm, according to proof presented at the time of trial.

### FIFTH AFFIRMATIVE DEFENSE
**CONSENT**
(To All Causes Of Action)

By her own conduct, acts and omissions, Plaintiff, and/or the persons on whose behalf she purports to bring this action, consented to and acquiesced in ASIC's conduct.

### SIXTH AFFIRMATIVE DEFENSE
**LACHES**
(To All Causes Of Action)

Plaintiff, and/or the persons on whose behalf she purports to bring this action, unreasonably have delayed taking action in connection with the alleged claims, causing substantial prejudice to ASIC, and such claims therefore are barred pursuant to the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE
**FAILURE TO MITIGATE**
(To All Causes Of Action)

Although ASIC denies that Plaintiff, and/or the persons on whose behalf she purports to bring this action, have suffered any harm as alleged in the Complaint, to the extent that Plaintiff and/or such others have suffered harm, Plaintiff and/or such persons have failed to mitigate that harm.

10

DEFENDANT AMERICAN SECURITY INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES; Case No. C08-00555-RS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## EIGHTH AFFIRMATIVE DEFENSE
### STATUTE OF LIMITATIONS
(To All Causes Of Action)

The applicable statutes of limitation bar one or more causes of action pled against ASIC in the Complaint, for some or all members of the putative class.

## NINTH AFFIRMATIVE DEFENSE
### LACK OF PROPER STANDING
(To All Causes Of Action)

The Complaint is barred because Plaintiff lacks standing to sue ASIC for the causes of action pled in the Complaint.

## TENTH AFFIRMATIVE DEFENSE
### IMPROPER REPRESENTATIVE ACTION
(To All Causes Of Action)

The Complaint is barred, in whole or in part, because if Plaintiff's action is allowed to continue, there is a substantial potential for harm given the unique and individual issues of fact that will predominate adjudication of Plaintiff's claims, resulting in hundreds, if not thousands, of mini-trials rendering the action completely unmanageable as a putative class action.  In addition, the complexity presented by Plaintiff's claims and the restitution sought violate due process.

## ELEVENTH AFFIRMATIVE DEFENSE
### GOOD FAITH
(To All Causes Of Action)

With respect to the matters alleged in the Complaint, ASIC at all times acted in good faith and in accordance with reasonable commercial standards, thus precluding any recovery by Plaintiff and/or the persons on whose behalf she purports to bring this action.

11

**TWELFTH AFFIRMATIVE DEFENSE**
**COVERAGE PROVIDED TO PLAINTIFF**
**AS OF DATE OF LAPSE OF PRIOR POLICY**
(To All Causes Of Action)

The Complaint, and each purported cause of action alleged therein, is barred because ASIC provided coverage to Plaintiff as of January 27, 2006 when her coverage from Plaintiff's prior policy of insurance lapsed and there was no "overlap" of coverage as to Plaintiff or the improvements on Plaintiff's residence. As a matter of well-settled California law, the policy of insurance provided to a mortgagor and a mortgagee when a "standard" or "union" clause or endorsement is present represents two separate insurance contracts, with the mortgagee an independent insured as if the mortgagee had taken out a separate policy with a separate coverage limit in the amount of the reducing outstanding indebtedness. Even assuming coverage under Plaintiff's prior policy of insurance continued as to the lender/mortgagee separately, which it did not, the policy of prior insurance issued in favor of Plaintiff or the improvements on Plaintiff's residence lapsed as of January 27, 2006, and the coverage provisions of the ASIC 2006 policy commenced as of that date in favor of Plaintiff on the Plaintiff's residential improvements in the amount of $603,000 as reflected in an Additional Insured Endorsement dated May 12, 2006. Thus, there was no "overlap" of, or "duplicate," coverage as to Plaintiff or the improvements on Plaintiff's residence under the ASIC policy that became effective January 27, 2006. ASIC fully earned all premium relating to coverage as to Plaintiff or the improvements on Plaintiff's residence under the ASIC policy effective January 27, 2006.

DEFENDANT AMERICAN SECURITY INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES; Case No. C08-00555-RS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## THIRTEENTH AFFIRMATIVE DEFENSE
### WAIVER OF ANY COVERAGE UNDER PRIOR FARMER'S POLICY BY PLACING ASIC POLICY WITH LENDER COVERAGE
(To All Causes Of Action)

The Complaint, and each purported cause of action alleged therein, is barred because by EMC placing the policy of insurance issued by ASIC as of January 27, 2006 insuring EMC, EMC waived any continuing separate lender coverage in favor of EMC under Plaintiff's prior Farmer's policy of insurance. Thus, there was never any "overlap" or "double" coverage in favor of EMC.

## FOURTEENTH AFFIRMATIVE DEFENSE
### THE RELEVANT "OTHER INSURANCE" CLAUSES ARE CONSTRUED SUCH THAT BOTH INSURERS PROVIDE CONTRIBUTING COVERAGE
(To All Causes Of Action)

The Complaint, and each purported cause of action alleged therein, is barred because even assuming that the separate independent coverage in favor of EMC under Plaintiff's prior Farmer's policy of insurance continued as to EMC after January 27, 2006 for any period, which it did not, the policy of insurance issued by ASIC as of January 27, 2006, and the coverage in favor of EMC as of that date, was expressly made "excess" coverage to any coverage provided under any such prior policy pursuant to the express terms of the ASIC policy. And since Section 5 of the Lenders Loss Payable Endorsement [Form 438BFU], purportedly a part of the separate independent coverage in favor of EMC under Plaintiff's prior Farmer's policy of insurance, expressly limits coverage when "other insurance" is present "upon the within described property" to "the portion of such loss or damage that the sum hereby insured bears to the entire insurance of similar character on said property under policies held by, payable to and expressly consented to

13

by the Lender," as a matter of settled California law the interaction between a pro-rata other insurance clause such as Section 5 of the Lenders Loss Payable Endorsement [Form 438BFU] and the other insurance "excess" provisions of the ASIC policy quoted in subparagraph 20(a) of the Complaint, result in a prorated equitable contribution to lender coverage in favor of EMC by Farmers and ASIC under their respective policies of insurance. Thus, ASIC has not received premium for no coverage as a matter of both fact and law, and ASIC fully earned any and all premium relating to coverage as to EMC under the ASIC policy effective January 27, 2006.

**FIFTEENTH AFFIRMATIVE DEFENSE**
**"OVERLAP" COVERAGE PROVIDED SEPARATELY**
**TO LENDER, IF ANY, WAS EXCESS COVERAGE**
(To All Causes Of Action)

The Complaint, and each purported cause of action alleged therein, is barred because even assuming that the separate independent coverage in favor of EMC under Plaintiff's prior Farmer's policy of insurance continued as to EMC after January 27, 2006 for any period, which it did not, the policy of insurance issued by ASIC as of January 27, 2006, and the coverage in favor of EMC as of that date, was expressly made "excess" coverage to any coverage provided under any such prior policy pursuant to the express terms of the ASIC policy, and did not "duplicate" coverage under Plaintiff's prior policy of insurance. Thus, ASIC fully earned any and all premium relating to such "excess" coverage as to any such lender/mortgagee under the ASIC policy effective January 27, 2006.

DEFENDANT AMERICAN SECURITY INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES; Case No. C08-00555-RS

## SIXTEENTH AFFIRMATIVE DEFENSE
### RATIFICATION
(To All Causes Of Action)

The Complaint, and each purported cause of action alleged therein, is barred by the conduct, actions and inactions of Plaintiff, and/or the persons on whose behalf she purports to bring this action, under the doctrine of ratification.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### CONDUCT NOT "DECEPTIVE"
(To All Causes Of Action)

ASIC's business practices are and were not likely to mislead the public in that, among other reasons, substantial disclosure is and was made of all material facts and circumstances, including in the policy documents.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### INEQUITABLE WINDFALL
(To All Causes Of Action)

The persons on whose behalf Plaintiff purports to bring this action have already received the benefit of their bargain.

## NINETEENTH AFFIRMATIVE DEFENSE
### ADEQUATE REMEDIES AT LAW
(To All Causes Of Action)

The Complaint's prayers for equitable relief are barred because Plaintiff, and the persons on whose behalf Plaintiff purports to bring this action, has or have adequate remedies at law.

## TWENTIETH AFFIRMATIVE DEFENSE
### ABSOLUTE BARRIER TO RELIEF – FILED RATE DOCTRINE
(To All Causes Of Action)

The amounts of premium charged, and the terms and conditions imposed with respect to the insurance that is the subject of the Complaint, complied with all applicable statutes, regulations, and/or filed rates and policy forms. These terms and premiums were filed with and accepted by the applicable governmental authorities, and these terms and conditions are per se reasonable and unassailable in judicial proceedings brought by Plaintiff. To the extent that the causes of action advanced in the Complaint challenge the terms contained in policy forms or the amount of premium accepted for those terms and conditions, such claims are barred as a matter of law by the filed rate doctrine, since among other things, all such claims seek to obtain a rate or contact terms other than the filed and accepted rates or forms, and because the filed rate and form doctrines generate a conclusive presumption of the Plaintiff's knowledge of the terms and conditions of the contracts and premium amounts, which knowledge is fatal to Plaintiff's claims.

## TWENTY FIRST AFFIRMATIVE DEFENSE
### NO BREACH OF DUTY
(To All Causes Of Action)

ASIC denies that it or any of its agents, principals or representatives breached any duty or obligations allegedly owed to Plaintiff or the persons on whose behalf she purports to bring this action.

16

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TWENTY SECOND AFFIRMATIVE DEFENSE
### CONTRACTUAL PROVISIONS AND CONDITIONS; INTEGRATION AND MERGER; PAROL EVIDENCE RULE
(To All Causes Of Action)

One or more of the causes of action advanced in the Complaint are barred by the terms and conditions of the insurance policies at issue.

## TWENTY THIRD AFFIRMATIVE DEFENSE
### NO ENTITLEMENT TO JURY TRIAL ON EQUITABLE CLAIMS
(To All Causes Of Action)

Jury trials are available for actions at law only.  Therefore, Plaintiff is not entitled to a jury trial on her equitable claims.

## TWENTY FOURTH AFFIRMATIVE DEFENSE
### DE MINIMIS NON CURAT LEX
(To All Causes Of Action)

All claims in the Complaint are barred by the doctrine *de minimis non curat lex* and associated case authority.

## TWENTY FIFTH AFFIRMATIVE DEFENSE
### PAYMENT, ACCORD AND SATISFACTION
(To All Causes Of Action)

The claims asserted in the Complaint are barred, in whole or in part, by payment or the doctrine of accord and satisfaction.

## TWENTY SIXTH AFFIRMATIVE DEFENSE
### DUTY TO READ
(To All Causes Of Action)

The causes of action advanced in the Complaint are barred, in whole or in part, because the alleged matters about which Plaintiff complains were adequately disclosed to Plaintiff, and/or the persons on whose behalf she purports to bring this action, and/or

17

Plaintiff and such persons failed to read the documents that were provided to them that disclosed such matters.

### TWENTY SEVENTH AFFIRMATIVE DEFENSE
### ARBITRATION
(To All Causes Of Action)

The causes of action advanced in the Complaint by Plaintiff, and/or the persons on whose behalf she purports to bring this action, are subject to mandatory arbitration.

### TWENTY EIGHTH AFFIRMATIVE DEFENSE
### PRIMARY OR EXCLUSIVE JURISDICTION
(To All Causes Of Action)

The causes of action advanced in the Complaint by Plaintiff, and/or the persons on whose behalf she purports to bring this action, insofar as they relate to alleged conduct that is subject to the regulatory jurisdiction of one or more regulatory or administrative agencies or bodies, should be, or must be, reviewed by the Department of Insurance under the doctrines of primary and/or exclusive jurisdiction.  Alternatively, such claims are barred by the absence of any private right of action with regard to conduct submitted to the discretion of a regulatory or administrative agency or body.

### TWENTY NINTH AFFIRMATIVE DEFENSE
### NO DECLARATORY RELIEF
(Seventh Cause of Action)

The claim for declaratory relief in the Complaint should be dismissed because Plaintiff has failed to identify any contractual or statutory provision that is unclear, and instead seeks interpretation of California common law.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### THIRTIETH AFFIRMATIVE DEFENSE
### CONDUCT NOT UNLAWFUL, UNFAIR OR FRAUDULENT
(All Causes of Action)

ASIC's business practices are not "unlawful," "unfair," or "fraudulent" within the meaning of California Business and Professions Code Sections 17200, *et seq.* or 17500, *et seq.*, in that, among other things, ASIC has complied with all applicable state and federal laws and regulations.

### THIRTY FIRST AFFIRMATIVE DEFENSE
### DUE PROCESS PRECLUDES UNEXPECTED
### AND UNUSUAL INTERPRETATIONS OF STATUTES
(All Causes of Action)

The purported claims of Plaintiff and members of the putative class and general public on whose behalf Plaintiff purports to sue are precluded by federal and California principles of due process preventing imposition of liability for unexpected or unusual interpretations of vague or uncertain statutes.

### THIRTY SECOND AFFIRMATIVE DEFENSE
### EXCESSIVE PENALTY AND FORFEITURE
(All Causes of Action)

The purported claims for restitution and disgorgement made by Plaintiff and members of the putative class and general public on whose behalf Plaintiff purports to sue are precluded because such recovery would constitute an excessive penalty and forfeiture in violation of ASIC's Eighth Amendment and federal and due process rights, applicable statutory provisions and rules of equity, among other things.

DEFENDANT AMERICAN SECURITY INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE
DEFENSES; Case No. C08-00555-RS

### THIRTY THIRD AFFIRMATIVE DEFENSE
**NO MEASURABLE HARM**
(All Causes of Action)

The purported claims for restitution and disgorgement made by Plaintiff and members of the putative class and general public on whose behalf Plaintiff purports to sue are barred because, among other things, the restitution and disgorgement sought are unrelated to any measurable harm to consumers.

### THIRTY FOURTH AFFIRMATIVE DEFENSE
**RELEASE**
(All Causes of Action)

The purported claims made by Plaintiff and members of the putative class and general public on whose behalf Plaintiff purports to sue are precluded to the extent that such persons previously released some or all of their claims.

### THIRTY FIFTH AFFIRMATIVE DEFENSE
**NO PROXIMATE CAUSATION**
(All Causes of Action)

The purported claims made by Plaintiff and members of the putative class and general public on whose behalf Plaintiff purports to sue are barred from any recovery for restitution, damages or other monetary relief because there is no causal connection between the alleged wrongdoing on the one hand, and any harm to such person on the other hand.

### THIRTY SIXTH AFFIRMATIVE DEFENSE
**PROPORTIONATE REDUCTION OF RELIEF**
(All Causes of Action)

To the extent that other persons or entities, rather than ASIC, are at fault with respect to the matters complained of herein, and/or the alleged harm or damages suffered,

20

any recovery by Plaintiff and members of the putative class and general public on whose behalf Plaintiff purports to sue should be reduced by the proportion of such harm or damages, if any, caused by said other persons or entities.

## THIRTY SEVENTH AFFIRMATIVE DEFENSE
### REGULATORY APPROVALS
(All Causes of Action)

The purported claims made by Plaintiff and members of the putative class and general public on whose behalf Plaintiff purports to sue are barred to the extent that state and federal agencies having jurisdiction over the business practices of ASIC have approved those practices.

## THIRTY EIGHTH AFFIRMATIVE DEFENSE
### RES JUDICATA AND/OR COLLATERAL ESTOPPEL
(All Causes of Action)

The purported claims made by Plaintiff and members of the putative class and general public on whose behalf Plaintiff purports to sue are precluded by res judicata and/or collateral estoppel principles, to the extent there are prior actions raising the same claims and issues as are raised in this action, which prior actions were resolved after full and fair litigation.

## THIRTY NINTH AFFIRMATIVE DEFENSE
### NO PRIVITY
(All Causes of Action)

The purported claims made by Plaintiff and members of the putative class and general public on whose behalf Plaintiff purports to sue are precluded or limited to the extent there is no privity between such persons, on the one hand, and ASIC, on the other hand.

21

### FORTIETH AFFIRMATIVE DEFENSE
### NO MERIT
(All Causes of Action)

The purported claims made by Plaintiff and members of the putative class and general public on whose behalf Plaintiff purports to sue are barred because the Complaint is without merit pursuant to California Civil Code section 1781(c)(3).

### FORTY FIRST AFFIRMATIVE DEFENSE
### NO INJURY OR LOSS
(All Causes of Action)

The purported claims made by Plaintiff and members of the putative class and general public on whose behalf Plaintiff purports to sue are barred because the passage of Proposition 64, in that they have not suffered injury in fact or lost money or property as a result of any alleged unfair competition by ASIC.

### FORTY SECOND AFFIRMATIVE DEFENSE
### OTHER DEFENSES – CLASS MEMBERS
(All Causes of Action)

ASIC reserves the right to amend or supplement its affirmative defenses to include defenses that may be applicable to other members of the putative class.

### FORTY THIRD AFFIRMATIVE DEFENSE
### OTHER DEFENSES
(All Causes of Action)

ASIC reserves the right to amend or supplement its affirmative defenses to include any defenses of which it is not presently aware.

1    WHEREFORE, ASIC prays for judgment as follows:

2    1.    That Plaintiff takes nothing by the Complaint against ASIC;

3

4    2.    That the Complaint be dismissed with prejudice;

5    3.    That ASIC recovers its reasonable attorneys' fees, expenses and costs

6    herein; and

7    4.    For such other and further relief as the Court deems just and proper.

8

9    Dated:  June 30, 2008                    HELLER EHRMAN LLP

10

11                                            By:  */s/ Peter S. Hecker*
12                                                 PETER S. HECKER

13                                            Attorneys for Defendant
                                              AMERICAN SECURITY INSURANCE
14                                            COMPANY

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT AMERICAN SECURITY INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE
DEFENSES; Case No. C08-00555-RS