1  Stephen F. Yunker (CSB 110159)
   YUNKER & SCHNEIDER
2  655 West Broadway, Suite 1400
   San Diego, California 92101
3  Telephone: (619) 233-5500
   Facsimile: (619) 233-5535
4  Email: sfy@yslaw.com

5  Joseph N. Kravec, Jr. (PA ID No. 68992)
   (Admitted *pro hac vice*)
6  SPECTER SPECTER EVANS
      & MANOGUE, P.C.
7  The 26th Floor Koppers Building
   Pittsburgh, Pennsylvania 15219
8  Telephone: (412) 642-2300
   Facsimile:  (412) 642-2309
9  Email: jnk@ssem.com

10 James M. Pietz (PA ID No. 55406)
   (Admitted *pro hac vice*)
11 PIETZ LAW OFFICE
   Mitchell Building
12 304 Ross Street, Suite 700
   Pittsburgh, Pennsylvania 15219
13 Telephone: (412) 288-4333
   Facsimile: (412) 288-4334
14 Email: jpietz@jpietzlaw.com

15 Attorneys for Plaintiff
   MICHELLE T. WAHL, on behalf of
16 herself and all others similarly situated

Peter S. Hecker (Bar No. 66159)
Anna S. McLean (Bar No. 142233)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, California 94104-2878
Telephone: (415) 772-6080
Facsimile: (415) 772-6268
Email: peter.hecker@hellerehrman.com
       anna.mclean@hellerehrman.com

Frank Burt
(Admitted *pro hac vice*)
Denise A. Fee
(Admitted *pro hac vice*)
Dawn B. Williams
(Admitted *pro hac vice*)
JORDEN BURT LLP
1025 Thomas Jefferson Street, NW
Washington, DC 20007-0805
Telephone: (202) 965-8140
Facsimile: (202) 965-8104
Email: fgb@jordenusa.com
       daf@jordenusa.com
       dbw@jordenusa.com

Attorneys for Defendant
AMERICAN SECURITY INSURANCE
COMPANY

### UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

|  |  |
|---|---|
| MICHELE T. WAHL, on behalf of herself and all others similarly situated, | Case No. C08-00555-RS |
| Plaintiff, | **CLASS ACTION** |
| v. | **JOINT CASE MANAGEMENT STATEMENT** |
| AMERICAN SECURITY INSURANCE COMPANY; and DOES 1-50, inclusive, | |
| Defendant. | |

The parties, by their undersigned counsel, submit this Joint Case Management Statement, pursuant to Federal Rule of Civil Procedure 26 and Civil Local Rule 16-9 and state:

1.    <u>Jurisdiction and Service</u>.    The parties agree that Plaintiff filed her Class Action Complaint on January 25, 2008, and personal service of the Complaint and Summons was properly made on Defendant American Security Insurance Company ("ASIC") through its registered agent on February 11, 2008.  (Docket No. 7).  Plaintiff believes that this Court has jurisdiction over this action based on the provisions of the Class Action Fairness Act set forth at 28 U.S.C. § 1332(d)(2) as further specified in her Complaint at paragraph 2.  The parties dispute whether the Court has subject matter jurisdiction over this action.  However, the Court denied ASIC's motion to dismiss Plaintiff's claims for lack of standing. (Docket No. 39).

2.    <u>Statement of Facts</u>:

A.    <u>Plaintiff's Statement</u>: Plaintiff brings this action on behalf of herself and a class of California consumers who were bound to forced placed insurance ("FPI") policies with ASIC.  Plaintiff contends that hazard insurance on her and other California residents' property contain a standard form "Lenders Loss Payment Endorsement" ("LLPE") which provides a contractual method by which the hazard insurance policy will be continued and thereafter cancelled if the homeowner fails to make payments on the policy.  This LLPE provides that a policy shall remain in effect for at least 60 days after the first date of non-payment of premium, and shall continue in effect thereafter unless and until the lender receives notice in writing from the insurer demanding payment of the unpaid premiums, which notice may only be sent after 60 and before 120 days after non-payment.

After proper cancellation of a homeowner's hazard insurance, a lender can substitute the terminated insurance with a FPI policy without an overlap in coverage.  The FPI policy is paid for by the borrower either through money which is held by the lender in an escrow account, or by being added to the loan principal as an additional cost.

Plaintiff alleges that many California lenders hire ASIC to administer their FPI policy programs.  In doing so, ASIC is given the responsibility to monitor borrowers' hazard insurance and to purchase a policy from itself on behalf of the lender, using the borrower's money, when

1

hazard insurance has been properly terminated under the terms of the original hazard insurance policy including the LLPE.    However, ASIC disregards the LLPE's contractual method of continuing and terminating the hazard insurance policy and issues a FPI policy from itself while coverage acceptable to the lender is still in-force.  This conduct by ASIC, Plaintiff contends, creates an "overlap" of coverage between the FPI policy and the borrower's pre-existing policy.

By the very terms of ASIC's FPI policy, the policy automatically cancels if and when alternative insurance that is acceptable to the lender is in effect.  ASIC's FPI policy contractually promises that ASIC will refund any portion of the premium paid for coverage not provided when the FPI policy is cancelled, and does not contain an automatic reinstatement provision after cancellation.  Because ASIC's FPI policy is issued while coverage acceptable to the lender is still in-force pursuant to the original hazard insurance policy's LLPE, ASIC's policy automatically terminates and ASIC is contractually obligated to return the entire premium.  ASIC fails to disclose that its FPI policy is placed when coverage under another existing policy that was and remained to be acceptable to the lender is in effect, and fails to refund the premiums paid for the coverage not provided when the FPI policy is cancelled.

B.    Defendant's Statement:

Plaintiff Michelle Wahl financed the purchase of her home by entering into a promissory note and a Deed of Trust with EMC Mortgage Corporation ("EMC").  Ms. Wahl's contract with EMC required her to secure and maintain hazard insurance on the property and, if she failed to do so, the Deed of Trust authorized EMC to obtain insurance coverage.  Ms. Wahl initially obtained a hazard insurance policy which was cancelled by the insurer on January 27, 2006 due to Ms. Wahl's failure to pay premiums.  That policy contained an LLPE that provides: "[t]his policy shall remain in full force and effect as to the interest of the Lender for a period of ten (10) days after its expiration unless an acceptable policy . . . shall have been issued by some insurance company and accepted by the Lender."

EMC secured a temporary binder of insurance on the property from ASIC effective January 27, 2006, the date Ms. Wahl's hazard policy was cancelled.  EMC notified Ms. Wahl at least three times that she could purchase other insurance on the property, but receiving no proof of acceptable

2

insurance, EMC ultimately purchased a one-year ASIC policy on the property effective January 27, 2006.   EMC paid the premium for this policy to ASIC.   The named insured under both the temporary ASIC binder and the ASIC policy was EMC, with Ms. Wahl listed as an additional insured.   Coverage under the ASIC policy terminated on July 19, 2007, when Ms. Wahl purchased another homeowner's policy.

     3.    <u>Legal Issues</u>:

        A.    <u>Plaintiff's Statement</u>: The primary legal issues on the merits of Plaintiff's action are whether ASIC's conduct (1) is a Breach of the FPI Policy Contract; (2) is a Breach of the Statutory Duty to Disclose based on the California Insurance Code sections 330-334 and under California Civil Code section 1689(b)(7); (3) is a Constructive Fraud under California Civil Code section 1573; (4) constitutes a Failure of Consideration; (5) is a Violation of California's Unfair Competition Law under California Business & Professions Code section 17200 *et seq*; and (6) entitles Plaintiff and the Class to Declaratory Relief.  This Court granted ASIC's motion to dismiss as to Plaintiff's remaining count alleging that ASIC's conduct is also a Violation of California's Consumer Legal Remedies Act under California Civil Code section 1750 *et seq.*.  This Court denied ASIC's motion to dismiss for lack of standing and for failure to state a claim as to all of Plaintiff's other claims. (Docket No. 39).

     Defendant contends below that these claims involve certain specified "prominent" defenses that should be decided before full discovery on class certification and the merits. The Plaintiff respectfully disagrees. Defendant's purported "prominent" defenses present factual questions that are enmeshed with the discovery related to other "equally prominent" merits and class certification issues presented by Plaintiff's claims.   The issues of whether Ms Wahl has standing, whether ASIC provided "duplicative" coverage and whether Ms. Wahl's claims are suitable for class treatment all relate to ASIC's course of conduct and policies, practices and procedures pursuant to its FPI Policy and its program of providing FPI coverage in California.   The issue of standing and the class certification issue of typicality, commonality and adequacy of representation are often enmeshed and closely related.  *See e.g. In Re Connectics Security Litigation,* 542 F. 2d 99, 1003-1004 (N.D.Cal 2008).   Similarly, the question of whether ASIC provided "duplicative coverage" under

1  the terms of the contracts will focus on ASIC's course of conduct pursuant to its FPI contracts and

2  programs in California.    Contract interpretation, like the issue of class certification, focuses on a

3  party's course of performance pursuant to the standard form contract meanings.  *Cf. Employers*

4  *Reinsurance v. Superior Court*, 161 Cal. App. 4th 906, 921-922 (2d Dist 2008) and *Allapattah*

5  *Services, Inc. v. Exxon Corp.*, 333 F.3d 1248, 1261 (11th Cir.2003); *Smilow v. Southwestern Bell*

6  *Mobile Systems*, 323 F.3d 32, 39-42 (1st Cir.2003); *Steinberg v. Nationwide Mutual Insurance Co.*,

7  224 F.R.D. 67, 79 (E.D.N.Y.2004); *Winkler v. DTE, Inc.*, 205 F.R.D. 235, 243(D.Ariz.2001); and

8  *Kleiner v. First National Bank of Atlanta*, 97 F.R.D. 683, 692 (N.D.Ga.1983).  Viewed accordingly,

9  no bright line exists for distinguishing between discovery related to the merits and class issues to be

10  presented by Plaintiffs and the defenses to be asserted by Defendants.

11         As will be explained below, because the class, merits and defense issues raised by the

12  Parties are factually and legally intertwined, Plaintiffs respectfully submit that it would be an

13  unduly burdensome and needlessly inefficient, if not impossible task, to attempt to segregate class

14  discovery and merits discovery of Ms. Wahl's individual claims as Defendant suggests without first

15  knowing the precise issues and facts related to Ms. Wahl's claims that are in dispute.

16         **B.**    Defendant's Statement: ASIC anticipates that during the course of the

17  litigation certain legal issues will take prominence.  Those issues include whether Ms. Wahl has

18  standing, whether the ASIC policy provided duplicate coverage, and whether Ms. Wahl's claims

19  are suitable for class treatment.

20         The first disputed legal issue is whether Ms. Wahl has standing to sue ASIC for the alleged

21  conduct of her lender, EMC.  ASIC also disputes Ms. Wahl's standing to represent a putative class

22  of all ASIC insureds in all lender-placed insurance programs in California.  If she has standing to

23  advance claims against ASIC (rather than EMC) in the first instance, which she does not, Ms.

24  Wahl's purported standing is limited to advancing claims relating only to the EMC lender-placed

25  program.  Plaintiff does not possess the *same* interest and has not suffered the *same* purported

26  injury as those alleged class members whose putative injury, if any, flows from claims relating to

27  lender-placed programs other than EMC's.  Although the Court denied ASIC's motion to dismiss

28  based on lack of standing, the issue of standing is likely to take prominence during the course of the

litigation, as noted by the Court in its order. (Docket No. 39 at 5) ("It may be the facts ultimately will support standing on some theories and claims but not others, and that some of the specific duties ASIC is alleged in the complaint to have breached ran only to EMC. Such matters cannot be parsed out at this juncture.").

The second overarching legal issue is whether the ASIC policy duplicated coverage provided by the policy Ms. Wahl allowed to lapse. This Court recognized that this issue is significant and largely a question of law, but found that it was inappropriate to decide on the pleadings whether the ASIC policy provided duplicate coverage. (Docket No. 39 at 6). It is ASIC's position that, from its inception, the ASIC policy purchased by Ms. Wahl's lender provided substantial and non-duplicative coverage to both the EMC and to Ms. Wahl. This is so for two alternative reasons. First, by procuring the ASIC policy, EMC waived any coverage under the Farmers policy LLPE. *See Cal. State Auto. Ass'n v. Policy Mgmt. Sys. Corp.*, No. C-93-4232 CW, 1996 WL 45280, at *7 (N.D. Cal. Jan. 9, 1996); *Spott Elec. Co. v. Indus. Indem. Co.*, 30 Cal. App. 3d 797, 806 (1973). Second, even if no cancellation by substitution occurred, the coverage provided to EMC by the Farmers LLPE and the ASIC policy was equitably apportioned between the two insurers as a matter of law. *See Century Sur. Co. v. United Pac. Ins. Co.*, 109 Cal. App. 4th 1246, 1260 (2003).

Another dispositive issue is whether the claims asserted by Ms. Wahl are suitable for class treatment. ASIC's general position on class certification is discussed in paragraph 9, below.

Other potential issues include whether Ms. Wahl is estopped from bringing her causes of action; whether Ms. Wahl has waived any of her claims; whether the claims are barred by the doctrine of laches or the applicable statutes of limitations; whether the filed rate doctrine bars Ms. Wahl's claims; whether Ms. Wahl's claims fall within the primary or exclusive jurisdiction of the California Insurance Commissioner; and whether Ms. Wahl's duty to read her policy forecloses her claims.

Plaintiff argues that the Court should not allow an initial period of discovery and motion practice limited to certain merits issues that are substantial and potentially dispositive. Her argument is based on the unsupported assertion that merits issues such as standing and contract

5

interpretation are somehow "enmeshed" with the class certification determination, because they relate to "ASIC's course of conduct and policies, practices, and procedures pursuant to its FPI contracts and programs in California." Plaintiff provides no example of how such "course of conduct" evidence would be relevant to *her* standing or the meaning of *her* contracts with EMC and Farmers, or ASIC's with EMC. Nor can she. The only matter at issue in ASIC's proposed dispositive motion would be *Wahl's* claims. ASIC's "course of conduct" with respect to other policies and programs is simply not relevant, and discovery on such issues can be avoided if there are dispositive defenses on Wahl's claims.

As ASIC has offered to stipulate to the issues to be presented in its proposed motion, plaintiff's claim that she will be disadvantaged without knowing the precise issues that are in dispute is unfounded. If there are disputes as to what discovery is appropriate in the initial phase, the Court can undoubtedly handle them.

    4.    Motions:

ASIC moved to dismiss the Complaint for lack of standing and for failure to state a claim upon which relief can be granted. (Docket No. 20). This Court denied ASIC's motion to dismiss Plaintiff's claims, except for Count Seven alleging that ASIC's conduct violates California's Consumer Legal Remedies Act under California Civil Code section 1750 *et seq.* which the Court dismissed with leave to amend. (Docket No. 39).

ASIC intends to file a motion for summary judgment on, *inter alia,* the policy interpretation issues the Court determined were "largely questions of law" but that could not be resolved on the record before it on ASIC's Rule 12(b)(6) motion to dismiss. (Docket No. 39 at 6, lines 6-8). ASIC believes that there are no genuine issues of material fact as to such issues, and that they will likely be dispositive of the case.

Plaintiff will file a Motion for Class Certification after a period of discovery related to class issues and the merits of Plaintiffs' claims, which Defendant will oppose. Until the parties complete class-related discovery, the parties are unable to state the precise issues that will be contested on a motion for class certification.

6

5.    Amendment of Pleadings:

        A.    Plaintiff's Statement: Plaintiff proposes that the deadline for amended pleadings be September 30, 2008, subject to either party's right to seek leave to amend their pleadings pursuant to Fed.R.Civ.P. 15 or based on later discovered evidence or good cause shown.

        B.    Defendant's Statement: ASIC proposes that the deadline for amended pleadings be August 1, 2008, subject to either party's right to seek leave to amend their pleadings thereafter based on later discovered evidence or good cause shown.

6.    Evidence Preservation:

        A.    Plaintiff's Preservation Efforts: Plaintiff has provided her counsel with copies of all documents believed to be relevant to her claims that she believes were in her possession at the time her lawsuit was filed.  Those documents shall be retained by Plaintiff's counsel during the pendency of this litigation.

        B.    Defendant's Preservation Efforts: Shortly after being served with the Complaint, ASIC prepared and disseminated a document retention memorandum to employees likely to have custody or control of potentially relevant documents.  ASIC's in-house counsel has discussed document retention with key personnel in order to ensure that potentially responsive documents are retained.

7.    Initial Disclosures:

        The parties propose that they exchange initial disclosures required by Fed. R. Civ. P. 26(a)(1) by July 23, 2008.

8.    Discovery:

        A.    Discovery Taken to Date: Plaintiff has served a set of written document requests to which Defendant has served written objections and responses and produced responsive documents.  Plaintiff is in the process of evaluating the sufficiency of Defendant's objections and responses and will meet and confer with Defendant should she have any concerns.

        B.    Anticipated Discovery:

                i.    Plaintiff's Statement: Plaintiff proposes a period of discovery relating to class issues preceding the filing of Plaintiff's Motion for Class Certification with all merits

7

discovery and expert-related discovery concluding thereafter. Alternatively, Plaintiff proposes that ASIC be given 30 days to file its motion for summary judgment as to Plaintiff's individual claims so that Plaintiff can see the precise issues, arguments and facts relied on by ASIC, after which Plaintiff would be given period of time to take discovery on the matters raised by ASIC's summary judgment motion before filing her response. Under this alternative proposal, class and full merits discovery and proceedings would be scheduled after the Court rules on ASIC's summary judgment motion as to Plaintiff's individual claims.

ASIC's proposal that it file its summary judgment motion after Plaintiff takes discovery limited to the merits of Plaintiff's claims is unworkable. As explained in Section III.A. above, discovery of class issues and the merits of Plaintiff's individual claims are inextricably intertwined such that separating the two would be unduly burdensome and a needlessly inefficient, if not impossible, task. Indeed, in the parties' meet and confer in preparation of this Joint Report, ASIC attempted to identify the legal issues it intended to raise in a summary judgment motion. However, without Plaintiff knowing the precise arguments and facts upon which ASIC relies, ASIC's list of legal issues implicates virtually the entire merits of Plaintiff's claims and by extension virtually the entire universe of class discovery since discovery of the two substantially overlap.

Plaintiff's alternative proposal of having ASIC file its summary judgment motion and brief before Plaintiff takes discovery will cause ASIC to specify the precise issues, arguments and facts relied on by ASIC which will permit Plaintiff to assess the precise facts at issue and then limit discovery to those matters raised by the motion. In absence of a prior filed summary judgment motion and brief providing this specification, Plaintiff will be forced to assume that all of the facts surrounding her claims could be relied on or disputed by ASIC and thus will have to take discovery of the entire merits of Plaintiff's individual claims which discovery, of course, is inextricably intertwined with class discovery. In that event, Plaintiff proposes doing class and individual Plaintiff's merits discovery at the same time. Plaintiff's alternative proposed schedules are included at ¶ 17 A. herein.

             ii.      Defendant's Statement: ASIC proposes a period of discovery related solely to the interpretation of the contracts at issue, given this Court's acknowledgement that such

8

issues will likely turn on questions of law. (Docket No. 39 at 6) ("policy interpretation issues largely present questions of law"). After the parties and this Court have resolved those questions, if they are not dispositive, ASIC then proposes a period of discovery relating to class issues, followed by plaintiff's motion for class certification. Merits discovery, to the extent not taken in Phase I, would occur after that motion had been resolved. ASIC's proposed schedule is in paragraph 17(B), below.

9.    Class Action:

A.    Plaintiff's Position: Plaintiff seeks to certify a class under Fed.R.Civ.P. 23(a) and (b)(3) of all current and former California homeowners who were additional insureds under an ASIC FPI policy and who were charged premiums for any period of FPI which overlapped prior homeowner insurance still in effect pursuant to the homeowners' LLPEs. Plaintiff's proposed pre-trial schedule is included at ¶ 17 herein which provides dates for a class and limited merits related discovery period, the filing of Plaintiff's Motion for Class Certification, ASIC's response to Plaintiff's Motion, and Plaintiff's Reply.

Plaintiff believes a class is maintainable for at least the following reasons:

i.    The class is sufficiently numerous in that Plaintiff believes that thousands of persons residing in California have had insurance policies forced placed with ASIC while they had other insurance coverage in-force to protect the lender's interests in their mortgage property. Moreover, it is believed that ASIC has records identifying each of these consumers, the date and billing address for each FPI policy entered into during the Class Period, and the amount of premium paid under those contracts.

ii.    Plaintiff and her counsel are adequate representatives of the Class. Plaintiff, while residing in California during the Class Period, was issued a FPI policy by ASIC providing that the policy would cancel automatically and refund any premiums if she had other insurance in place to protect the lender's interests in her mortgage property like all other class members, and Plaintiff has no interests antagonistic to the Class. Moreover, Plaintiff has retained undersigned counsel who have years of experience representing consumers in class actions generally, and in insurance-related class actions specifically.

9

iii.     Common issues of fact and law predominate since Plaintiff's action is based on uniform provisions of form insurance contracts and readily available records showing that each Class Member was treated in a uniform manner.  Lenders require borrowers to obtain hazard insurance with materially similar LLPE terms, including the contractual method by which the hazard insurance policy will be continued and thereafter cancelled if the homeowner fails to make payments on the policy.  Additionally, ASIC's FPI policies are materially uniform in that they all automatically cancel and require premiums to be refunded if and when alternative insurance that is acceptable to the lender is in effect.  Further, ASIC uniformly failed to disclose to borrowers that it had issued its FPI policy when coverage under another existing policy that was and remained to be acceptable to the lender was in effect, and failed to refund the premiums paid for the coverage not provided when the FPI policy was cancelled by the policy's own terms.

Plaintiff believes ASIC maintains copies of the hazard insurance policies issued to Class Members which contain the LLPE and the FPI policies it issued to class members.  ASIC also maintains records showing ASIC's common conduct including the dates Class Members' hazard insurance was cancelled, the amount of premiums paid, the date ASIC's FPI policies were issued, and the amount of any premiums refunded.  These uniform form policy insurance contracts and records will allow Plaintiff to prove on a class-wide basis how ASIC breached all Class Members' contracts and otherwise violated California law.

iv.     A class action is superior to other available means for the fair and efficient adjudication of this dispute.  The damages suffered by each individual class member likely will be relatively small, especially given the burden and expense of individual prosecution of the complex insurance litigation necessitated by ASIC's conduct.   Thus, it would be virtually impossible for the Class Members individually to effectively redress the wrongs done to them.  Moreover, even if the class members could afford individual actions, it would still not be preferable to class-wide litigation.   Individualized actions present the potential for inconsistent or contradictory judgments.  By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

10

v.      In the alternative, the Class may be certified under Fed.R.Civ.P. 23(b)(2) because ASIC has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate preliminary and final equitable relief with respect to the class as a whole.

      B.    Defendant's Position

Ms. Wahl's claims are not susceptible to class-wide adjudication.  For example, EMC is only one of many lenders to which ASIC provides insurance services.  Consequently, Ms. Wahl's interaction with EMC is not representative of the experiences of the other putative class members. Moreover, the existence and terms of any clauses similar to Ms. Wahl's Farmers LLPE, as well as the conduct of policyholders and lenders pursuant to those clauses,  will require individual determinations.

10.    Related Cases: The parties are unaware of any related cases that assert the same claim or class as that asserted by Plaintiff.

11.    Relief: Plaintiff's complaint seeks for herself and all other Class Members compensatory damages or restitution relief in the amount they paid for ASIC's FPI for any period of coverage after the policy cancelled under the express terms of the FPI policy.  If liability is established on this basis, damages should be calculated as the entire amount of premium paid to ASIC plus interest.  Alternatively, Plaintiff seeks compensatory damages or restitution relief for herself and all other Class Members in the amount they paid for ASIC's FPI for any period of coverage when there was other insurance acceptable to the lender was in-force.  If liability is established on this basis, damages should be calculated by the pro rata portion of the premium paid while other insurance was in-force, plus interest.  Plaintiff also seeks declaratory and injunctive relief preventing ASIC from continuing to issue FPI policies prior to the actual cancellation of a borrower's hazard insurance pursuant to the terms of the LLPE, and an Order enjoining ASIC from continuing its unlawful and deceptive practices.

12.    Settlement and ADR: The parties agree that settlement discussions are currently premature.  If and when settlement discussions become appropriate, parties have agreed to the following ADR process: mediation.

Case No.: C 08-00555 RS
Joint Case Management Statement

13.     <u>Consent to Magistrate for all purposes</u>: ASIC and Plaintiff filed their consent to proceed before Your Honor for all proceedings.  (Docket Nos. 18, 24).

14.     <u>Other References</u>: The parties do not believe that any references are necessary at this time.

15.     <u>Narrowing of Issues</u>: The parties have discussed the possibility of entering stipulations or providing affidavits that would minimize the need for depositions and documentary discovery on the issue of class certification and possibility on the merits as well.  The parties intend to cooperatively work to determine if any such streamlining of discovery is mutually acceptable.

16.     <u>Expedited Schedule</u>: The parties do not believe that an expedited schedule is appropriate for this class action.

17.     <u>Scheduling</u>:

A:     <u>Plaintiff's Proposal</u>:

Defendant's proposed Schedule that seeks to limit or stay class and merits discovery is not in accord with Ninth Circuit legal standards and principles of expeditious and economical handling of complex litigation under the Manual For Complex Litigation, Fourth. (Federal Judicial Center 2008).     An order that limits or stays discovery must be based upon "good cause" and a "strong showing" as to why discovery should be not taken, not upon mere speculation or conclusory statements that a future dispositve motion would prevail. *Gray v. First Winthrop Corp.* 133 F.R.D. 39, 40 (N. D.Cal. 1990).  Moreover, an order that seeks to limit or preclude discovery based upon a distinction between class and merits discovery is unworkable and inefficient because no bright line exists between these types of discovery and ongoing supervision would be required to make such determinations *Id.* at 41. *See also, Waterbury Hospital v. U.S.Food Service,* 2007 WL 328899 (D.Conn. 2007)("Like in its request to stay discovery, USF here seeks to argue the merits of an unfiled motion. The court declines USF's invitation to prejudge the matter. Moreover, the court does not see that the distinction between discovery limited to the named plaintiffs and discovery related to unnamed and uncertified class members is as brightly lined as defendant suggests").

The scheduling of this matter should be based upon recommendations of the Manual For Complex Litigation, Fourth, § 21.14 which counsels:

12

Generally, discovery into certification issues pertains to the requirements of Rule 23 and tests whether the claims and defenses are susceptible to class-wide proof; discovery into the merits pertains to the strength or weaknesses of the claims or defenses and tests whether they are likely to succeed. There is not always a bright line between the two. Courts have recognized that information about the nature of the claims on the merits and the proof that they require is important to deciding certification. Arbitrary insistence on the merits/class discovery distinction sometimes thwarts the informed judicial assessment that current class certification practice emphasizes.

Accordingly, this Court should enter a schedule permitting the parties to take discovery of class and the merits of Plaintiff's individual claims at the same time followed by the submission of class certification and summary judgment motions.

Alternatively, as explained in Section 8.B.i. above, if ASIC files its summary judgment motion and brief as to Plaintiff's individual claims *before* Plaintiff takes discovery, it will result in ASIC specifying the precise issues, arguments and facts relied on by ASIC which will permit Plaintiff to assess the precise facts at issue and then limit discovery to those matters raised by the motion.    In absence of a prior filed summary judgment motion and brief providing this specification, Plaintiff will be forced to assume that all of the facts surrounding her claims could be relied on or disputed by ASIC in a summary judgment motion.    Thus, Plaintiff would have to take discovery of the entire merits of Plaintiff's individual claims which discovery, of course, is inextricably intertwined with class discovery.    In that event, Plaintiff proposes doing class and individual Plaintiff's merits discovery at the same time.

Plaintiff therefore respectfully submits that either of the following alternative proposed schedules be entered:

## PLAINTIFF'S PROPOSED SCHEDULE – FIRST ALTERNATIVE

| EVENT | PROPOSED DEADLINE |
|---|---|
| Initial Disclosures | July 23, 2008 |
| Amendment of Pleadings | September 30, 2008 |
| Class-related and Plaintiff's Individual Merits | |

13

| | |
|---|---|
| Related Discovery | December 5, 2008 |
| Plaintiff's Motion for Class Certification and supporting Memorandum of Law | December 19, 2008 |
| Defendant's Motion For Summary Judgment | December 19, 2008 |
| Defendant's Opposition to Class Certification | January 20, 2009 |
| Plaintiff's Opposition To The Motion For Summary Judgment | January 20, 2009 |
| Plaintiff's Reply in Further Support of Class Certification | February 3, 2009 |
| Hearing on Plaintiff's Motion for Class Certification and Defendant's Motion For Summary Judgment | February 18, 2009 |
| Mediation* | May 15, 2009 |
| Merits Discovery Completion* | October 8, 2009 |
| Expert Reports* | October 23, 2009 |
| Supplemental Reports* | November 9, 2009 |
| Expert Discovery Completion* | November 30, 2009 |
| Dispositive Motion Deadline* | December 30, 2009 |
| All Other Pre-trial Motions Deadline* | December 30, 2009 |
| Final Pre-trial Conference* | January __, 2010 |
| Pre-trial Briefs* | January 15, 2010 |
| Trial* | February, 2010 |

\*      Plaintiff believes that the Court should schedule a Case Management Conference following its determination of class certification to determine if any changes need to be made to the remaining scheduled deadlines in light of the Court's class certification ruling.

## PLAINTIFF'S PROPOSED SCHEDULE – SECOND ALTERNATIVE

| EVENT | PROPOSED DEADLINE |
|---|---|
| Initial Disclosures | July 23, 2008 |

14

| | |
|---|---|
| Amendment of Pleadings | September 30, 2008 |
| Defendant's Motion for Summary Judgment And Supporting Materials As To Plaintiff's Individual Claims | August 15, 2008 |
| Discovery Related to Defendant's Motion For Summary Judgment | November 14, 2008 |
| Plaintiff's Opposition to Defendant's Motion For Summary Judgment | December 1, 2008 |
| Defendant's Reply In Support Of Its Motion For Summary Judgment | December 15, 2008 |
| Oral Argument On Defendant's Motion For Summary Judgment | January 7, 2009 |

* Plaintiff proposes that the Court hold another case management conference after it rules on Defendant's summary judgment motion to schedule all additional class, merits and other remaining pre-trial proceedings.

### B.    Defendant's Proposal:

The Court has acknowledged both that policy interpretation issues "largely present questions of law," Order Granting in Part and Denying in Part Motion to Dismiss (Docket No. 39) ("Order") at 6, and that whether Wahl has standing to bring some or all of her claims may depend on factual matters such as who paid the premiums for the ASIC policy and to which party, EMC or Wahl, ASIC's duties ran.  Order at 4,5 & n.2.  Judicial economy would be served by resolving as many of these legal issues as possible early on.  Even if not dispositive of the entire lawsuit — which ASIC believes may well be the case — narrowing the claims on which class discovery may be necessary will likely streamline the class certification process.  For example, if the Court is able to eliminate certain claims, such as the Insurance Code disclosure claims, discovery about communications made to putative class members will likely become irrelevant and thus a substantial economy will have been achieved.  At a minimum, there would be no prejudice to either

15

1  party by proceeding with limited merits discovery on these potentially dispositive issues first, and

2  the possibility of a substantial benefit.

3      Accordingly, ASIC proposes three phases to the scheduling plan.   First, a period of

4
   discovery and summary judgment briefing limited to contract interpretation and standing issues.
5
   Second, a period of discovery and briefing on class certification issues.  And finally, a period of
6
7  merits and expert discovery in preparation for trial.

8      Plaintiff's counsel has expressed concern that they would be prejudiced in the first phase of

9  discovery if they did not know the issues that would appear in ASIC's motion for summary

10 judgment.  In response, ASIC has proposed that the parties stipulate in advance to those Phase I

11 Contract Interpretation/Standing issues, as follows:

12
13     1.   Whether plaintiff has standing to advance the claims pled in the First Amended
            Complaint, including whether Wahl derives standing based on who paid the premiums for
14          the ASIC policy or how they were paid; whether Wahl derives standing from the coverage
            allegedly provided to her over and above the amount of her mortgage; and whether the
15          duties, if any, owed by ASIC under each of plaintiff's claims ran to plaintiff or her lender,
16          EMC.

17     2.   Whether the Farmers' LLPE provided coverage to EMC after the insurance was cancelled
            as to Wahl as of January 27, 2006, and whether the terms of the Farmers' LLPE permit
18          any continuing coverage to be waived through the lender's procurement of other
            acceptable insurance that is not a renewal of the Farmers policy.
19
20     3.   Whether EMC waived coverage under the Farmers' LLPE by purchasing and paying the
            premium for insurance coverage from ASIC that commenced on January 27, 2006, and
21          whether EMC's coverage under the ASIC policy was effective (and not simply
            "backdated") as of January 27, 2006.
22
23     4.   Whether the ASIC policy was terminated at inception as a result of any continuing
            coverage that EMC may have had under the Farmers' LLPE.

24     5.   Whether any continuing coverage that EMC may have had under the Farmers' LLPE after
            January 27, 2006 met EMC's requirements in the Deed of Trust ¶ 5.
25
26     6.   Whether any continuing coverage that EMC may have had under the Farmers' LLPE
            would be equitably apportioned with EMC's coverage under the ASIC policy in the event
27          of loss occurring after January 27, 2006.

28 ASIC therefore respectfully suggests that the following proposed schedule be entered:

                                            16

| Event | Proposed Deadline |
|---|---|
| Initial Disclosures | July 23, 2008 |
| Amend Pleadings | August 1, 2008 |
| Phase I Contract-Interpretation Discovery Cutoff | 120 days following entry of the Case Management Order |
| ASIC's Motion for Summary Judgment on Contract Interpretation Issues | 150 days following entry of the Case Management Order |
| Plaintiff's Opposition to ASIC's Motion for Summary Judgment on Contract Interpretation Issues | 180 days following entry of the Case Management Order |
| ASIC's Reply in Support of its Motion for Summary Judgment on Contract Interpretation Issues | 210 days following entry of Case Management Order |
| Hearing on ASIC's Motion for Summary Judgment on Contract Interpretation Issues (if desired by Court) | (As determined by Court) |
| Second Scheduling Conference | To be set by Court following Order on ASIC's Motion for Summary Judgment on Contract Interpretation Issues |
| Second Case Management Order | (As determined by Court) |
| Certification Discovery Cutoff (non-expert) | Deadlines for succeeding Phases, if necessary or appropriate depending on the Order on ASIC's Motion for Summary Judgment, to run from the date of Second Case Management Order. |
| Certification Experts – Expert Reports | |
| Certification -- Expert Discovery Cutoff | |
| Motion for Class Certification | |
| Response to Motion for Class Certification | |
| Reply in Support of Motion for Class Certification | |
| Merits Discovery Cutoff | |
| Mediation | |
| Expert Reports - Merits | |

17

| Event | Proposed Deadline |
|---|---|
| Expert Discovery Cutoff - Merits | |
| Dispositive Motions | |
| Other Motions (other than Motions in limine) | |
| Pretrial Conference: (hearing on motions in limine, agreed jury instructions and verdict forms, proposed voir dire questions) | |
| Pre-trial Briefs | |
| Trial Date | |

18.    Trial: Plaintiff seeks a trial by jury on all counts for which it is available. Plaintiff believes at this stage of the proceedings that her case in chief will take 1 to 2 weeks. ASIC anticipates that its defense will take 2 weeks.

19.    Disclosure of Non-party Interested Entities or Persons: Plaintiff states that she has no non-party interested entities or persons to disclose. ASIC states that other entities known to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding include EMC and the direct and indirect parents of ASIC, Interfinancial Inc. and Assurant, Inc.

Dated: July 8, 2008

**SPECTER SPECTER EVANS**
**& MANOGUE, P.C.**

By: s/Joseph N. Kravec, Jr.
       Joseph N. Kravec, Jr. (Pa. I.D. #68992)

The 26th Floor, Koppers Building
Pittsburgh, PA 15219
Telephone: (412) 642-2300
Facsimile: (412) 642-2309
Email: jnk@ssem.com

**HELLER EHRMAN LLP**

By:     s/Peter S. Hecker
          Peter S. Hecker

Anna S. McLean, Esquire
333 Bush Street
San Francisco, CA 94104-2878
Telephone: (415) 772-6080
Facsimile: (415) 772-6268
Email:peter.hecker@hellerehrman.com
anna.mclean@hellerehrman.com

18

1  James M. Pietz, Esquire (PA ID No. 55406)
   PIETZ LAW OFFICE
2  Mitchell Building
   304 Ross Street, Suite 700
3  Pittsburgh, PA 15219
   Telephone:  (412) 288-4333
4  Facsimile:  (412) 288-4334
   Email:  jpietz@jpietzlaw.com
5
6  Steve Yunker, Esquire
   YUNKER & SCHNEIDER
7  655 West Broadway, Suite 1400
   San Diego, CA 92101
8  Telephone:  (619) 233-5500
   Facsimile:  (619) 233-5535
9  Email:  SFY@yslaw.com
10
11  **_ATTORNEYS FOR PLAINTIFF_**

Frank Burt, Esquire
Denise A. Fee, Esquire
Dawn B. Williams, Esquire
JORDEN BURT LLP
1025 Thomas Jefferson Street, NW
Washington, DC 20007-0805
Telephone: (202) 965-8140
Facsimile: (202) 965-8104
Email: fgb@jordenusa.com
        daf@jordenusa.com
        dbw@jordenusa.com

**_ATTORNEYS FOR DEFENDANT_**

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case No.: C 08-00555 RS
Joint Case Management Statement