# *EXHIBIT 2*

# *EXHIBIT 2*

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2002 WL 102605 (N.D.Cal.)

Page 1

Maron v. Foster Wheeler Corp.  
N.D.Cal.,2002.  
Only the Westlaw citation is currently available.  
United States District Court, N.D. California.  
Walter MARON et al., Plaintiffs,  
v.  
FOSTER WHEELER CORPORATION., Foster Wheeler Energy Corporation, Foster Wheeler Trading Company, A.G., and Edmundo Eisen, Defendants.  
**No. C 95-0686 SI.**

Jan. 17, 2002.

ORDER GRANTING MOTION FOR RECONSIDERATION AND GRANTING SUMMARY JUDGMENT

ILLSTON, J.  
**\*1** On October 4, 2001, this Court entered an order denying defendants' motions for summary judgment in this action. Upon joint motion by defendants, the Court granted leave to move for reconsideration of the intended meaning of paragraph 7 of the settlement agreement reached between plaintiffs and Yulin Wong, and requested further briefing. Defendants' motion for reconsideration is presently before the Court. Both sides have submitted supplemental briefing.

As the parties are familiar with the factual and procedural background of this case, it will not be repeated here. Having carefully considered the papers submitted, the Court GRANTS defendants motion for reconsideration and GRANTS defendants' motion for summary judgment for the reasons set forth below.

A. The Ninth Circuit's Holding

In its October 4, 2001 order denying summary judgment, the Court noted the following passage of the Ninth Circuit opinion reversing the district court's first grant of summary judgment:

The Agreement upon which both parties rely, particularly paragraph 7, is ambiguous regarding the nature and extent of the parties' disclosure obligation. As such, there are material issues of fact, including those relating to the parties' intent with respect to disclosure and with respect to whether there was fraudulent inducement.

*Maron v. Foster Wheeler,* 211 F.3d 1274 (9th Cir.2000). The opinion goes on to cite *San Diego Gas & Elec. Co. v. Canadian Hunter Mktg. Ltd.,* 132 F.3d 1303 (9th Cir.1997) and *National Union Fire Ins. Co. v. Argonaut Ins. Co.,* 701 F.2d 95 (9th Cir.1983). This Court concluded, based upon the above holding, that it was not at liberty to reinterpret paragraph 7 in evaluating defendants' renewed motions for summary judgment.

In their subsequent briefing, defendants point out that the Ninth Circuit's ruling was made prior to any discovery having been conducted on the intended meaning of paragraph 7. *See* Defs.'s Joint Mot. at 4:10-14. On November 14, 1997, the district court then presiding (Judge Chesney) had issued an order limiting discovery to "the alleged existence of an agreement entered into in April 1998," between ITC and Foster Wheeler, "whereby ITC would be the exclusive sales representative of [the Foster Wheeler Defendants] in China."Order Regarding Limitation on Scope of Discovery (filed 12/8/97), Jackson Decl. at Ex. B. Judge Chesney later granted summary judgment, finding that the claims raised by plaintiffs in this action were barred by the waiver contained in paragraph 17 of the settlement agreement between the plaintiffs and Wong. See Order Granting Motion of Edmundo Eisen For Summary Judgment (filed 9/4/98), Jackson Decl. at Ex. C. On appeal to the Ninth Circuit, plaintiffs argued that paragraph 7 imposed an obligation upon Wong to "come clean" as to the value of plaintiffs' stock. See Appellants' Opening Brief, Jackson Decl., Ex. D at 11-13. As evidence of this interpretation, plaintiffs' brief relied solely on the language of paragraph 7, offering no extrinsic evidence of the parties' intention that paragraph 7 require disclosure by Wong. Id.; Defs.'s Joint Mot. at 5:23-24.

**\*2** Thus, when the Ninth Circuit rendered its decision, plaintiffs had created a material issue based only upon the ambiguity of the language of paragraph 7. Since that time, the parties have presented this Court with extrinsic evidence concerning the meaning of that clause. Plaintiffs argue that the Court cannot conclude, without conducting a review of the entire record before the Ninth Circuit, that the appeals court was aware that no evidence apart from

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Case5:08-cv-00555-RS    Document48-2    Filed10/01/08    Page3 of 5

Not Reported in F.Supp.2d                                                                                          Page 2
Not Reported in F.Supp.2d, 2002 WL 102605 (N.D.Cal.)

the agreement itself had been introduced. Pls.'s Brief at 1:8-21. Whether or not the appeals court was aware of the limitation on discovery, however, the fact remains that it had no extrinsic evidence before it. The record has developed significantly subsequent to the appeals court's ruling. In denying summary judgment, this Court neglected to weigh the sufficiency of the extrinsic evidence then before it.

Upon reconsideration, the Court finds that the Ninth Circuit's ruling does not preclude the Court from weighing the evidence in the record concerning the proper interpretation of paragraph 7. The Ninth Circuit, examining the language of the agreement, determined that paragraph 7 is susceptible to more than one meaning. By doing so, it did not preclude a grant of summary judgment if it is in fact the case that defendants' interpretation is supported by ample extrinsic evidence, while plaintiffs' is supported by none. This Court's consideration of the extrinsic evidence at this time is wholly consistent with the Ninth Circuit's ruling in *National Union,* rejecting the argument that "once the district court determines that a contract is reasonably susceptible to more than one reading ... it cannot resolve a dispute over the proper interpretation of the contract on a summary judgment motion." National Union, 701 F.2d at 97. Finding that the plaintiff could offer no evidence contradicting the defendant's "amply supported" interpretation of the contract, the appeals court in National Union upheld the district court's grant of summary judgment. Id. at 96-97. This Court now undertakes to examine the evidence in the instant case, to determine whether summary judgment should be granted.

B. Absence of a Genuine Issue of Fact as to Paragraph 7

Paragraph 7 of the settlement agreement between the Marons and Wong states:

It is understood and agreed among the parties that the purchase price for the Marons' stock in ITC represents a reasonable, good faith estimate of the fair market value thereof, based upon information supplied by each party to the other during 1992-1993, as well as negotiations at arm's length by the parties.

See Defs.'s Joint Mot. at 2 n. 2.

As an initial matter, the Court notes that the only evidence relevance to the parties' intent as to the meaning of a settlement term is evidence pertaining to the expressed, bilateral understanding between the parties. Unilateral, private intentions are irrelevant to this issue. See, e.g., Union Bank v. Winnebago Industries, Inc., 528 F.2d 95, 99 (9th Cir.1975)(finding no triable issue of fact raised by the affidavits of a party and its counsel alleging their intent with respect to a contract term). The Court now turns to the evidence presented by the parties to support their respective interpretations of Paragraph 7.

1. Plaintiffs' evidence

**\*3** Plaintiffs present excerpts from declarations and deposition testimony of Walter and Eugene Maron. The entirety of plaintiffs' evidence falls under the category of unexpressed, unilateral intent. Walter Maron's declaration of December 5, 2001, describes his intent to include protections against fraud in the settlement agreement, and recounts discussions with his attorney to that effect. Pritchard Decl. at Ex. A (Maron Decl.). Likewise, Walter Maron's Declaration of May 31, 1998 describes only his subjective understanding of the agreement. See Pls.'s Further Brief at 4:21-5:11; Pritchard Decl. at Ex E.

The deposition testimony submitted by plaintiffs in response to the present motion likewise describes Walter Maron's subjective understanding, and his communications with his attorney, rather than any indication of the understanding between the parties. *See* Pls .'s Further Brief at 7:8-13, 5:17-24. Moreover, defendants have brought it to the Court's attention that Walter Maron's testimony, regarding confidential attorney-client communications, was stricken at the deposition by stipulation of the parties. Defs.'s Letter (filed 12/12/01). As to Eugene Maron's deposition testimony, it relates only to his discussions with Walter Maron concerning Paragraph 7, in addition to demonstrating a lack of knowledge of the agreement in general. *See* Pls.'s Further Brief at 5:25-6:22, 7:14-20; Defs.'s Letter (filed 12/12/01) at 3. In sum, plaintiffs have submitted no relevant evidence of the parties' intent with respect to Paragraph 7.

2. Defendants' evidence

Defendants offer deposition testimony of Walter Maron indicating that the Marons themselves did not

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

negotiate the settlement agreement directly. Instead their attorney, Michael Adelman, conducted the negotiations with Wong's attorney, Edward Koplowitz, Jackson Decl. at Ex. G. 445:22-446:6. Ex. H, 534:8-18, Ex. 1, 795:8-12. Eugene Maron testified, in fact, that he did not even have "dealings" with his own attorney, Adelman. Id. at Ex. J, 174:11-17.

In addition, defendants offer the declaration of Koplowitz, the attorney who negotiated the settlement on behalf of Wong. Jackson Decl. at Ex. K. Koplowitz, who authored Paragraph 7, confirms that Adelman never asked for a "come clean" promise from Wong during the settlement negotiations. Id. at ¶ 14.Koplowitz states that Paragraph 7 was included in the agreement "for the purpose of making it clear that the agreement was the result of arms-length negotiations based on information already supplied by the parties and to avoid any later claim that there had been coercion or unequal bargaining power during the negotiations."Koplowitz Decl. at ¶ 15. Koplowitz testifies that this provision and the general release were necessitated by the mistrust between the parties and the Marons' repeated threats to sue. Id. at ¶ 10.Rather than being based on any representations made by Wong to the Marons, the final price of the ITC stock was arrived at through arms-length negotiations in which the parties held "vastly different views" of the value of the stock, and ultimately compromised at an intermediate figure. Id. at ¶ 11.Koplowitz further testifies that Wong was originally named as a defendant in the present action, but was dismissed by plaintiffs after Koplowitz threatened sanctions against plaintiffs' attorney for asserting claims that had been settled and released in the settlement agreement. Id. at ¶ 16.

**\*4** Koplowitz's version of the negotiations is supported by contemporaneous communications between Koplowitz and Adelman, the two attorneys who negotiated the settlement agreement. Jackson Decl. at Exs. L, M. In a letter dated a month prior to the settlement agreement, Adelman, quite contrary to expressing an intent that the parties should fully disclose information related to the value of the stock prior to signing the settlement, expresses his belief that "it is impossible to determine the net worth of ITC," and goes on to propose a number of alternatives for proceeding with the negotiations, including a cash buyout of the Maron's stock. *Id.* Koplowitz's response includes a counteroffer concerning the proposed buyout, and suggests that the stock purchase be accompanied by a "mutual general release, including covenants not to sue."Jackson Decl. at Ex. M. Neither of the attorneys' letters makes mention of a "come clean" agreement. These letters appear to constitute the entirety of the contemporaneous evidence concerning Paragraph 7.

Having reviewed the evidence on the record concerning Paragraph 7, the Court finds no triable issue with respect to the proper interpretation of that provision. Plaintiffs have offered no relevant evidence that the provision imposed a disclosure requirement on Wong, and defendants have introduced ample evidence to the contrary. The Ninth Circuit stated the relevant rule in *San Diego Gas & Elec. Co. v. Canadian Hunter Mktg. Ltd.,* 132 F.3d 1303 (9th Cir.1997):

If we find a contract to be ambiguous, we "ordinarily" are hesitant to grant summary judgment "because differing views of the intent of parties will raise genuine issues of material fact."This circuit has not, however, adopted a rigid rule prohibiting reference to extrinsic evidence in resolving a contractual ambiguity on a summary judgment motion. Rather, "construing all evidence in the light most favorable to, and making all reasonable inferences in favor of, the non-moving party," we have sought to determine whether the ambiguity could be resolved in a manner consistent with the non-moving party's claim. *Id.* Only if the ambiguity could be so resolved would summary judgment be denied. *Id.*

*Id.* at 1307.In its opinion in the instant case, the Ninth Circuit cited *San Diego Gas,* and another case, *National Union Fire Ins. Co. v. Argonaut Ins. Co.,* 701 F.2d 95 (9th Cir.1983). National Union also upheld a grant of summary judgment in a case similar to this one. The Court found that, although the contract term at issue was reasonably susceptible to more than one reading, summary judgment was properly granted when the plaintiff had offered no evidence to support its interpretation of the disputed provision. Id. at 96-97.Summary judgment is likewise appropriate in the instant case.

CONCLUSION

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Case5:08-cv-00555-RS   Document48-2   Filed10/01/08   Page5 of 5

Not Reported in F.Supp.2d                                                                                                           Page 4
Not Reported in F.Supp.2d, 2002 WL 102605 (N.D.Cal.)

For the foregoing reasons, defendants' motion for reconsideration is GRANTED, and defendants' motion for summary judgment is also GRANTED. [Docket Nos. 277, 278, 279, 280, 282, 283]

***5** IT IS SO ORDERED.

N.D.Cal.,2002.
Maron v. Foster Wheeler Corp.
Not Reported in F.Supp.2d, 2002 WL 102605 (N.D.Cal.)

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.