IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MICHELLE T. WAHL, on behalf of herself and all others similarly situated,

    Plaintiff,

v.

AMERICAN SECURITY INSURANCE COMPANY; and DOES 1-50, inclusive,

    Defendants.

Case No. C 08-00555 RS

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND FOR SANCTIONS**

This matter is before the Court on defendant American Security Insurance Company ("ASIC")'s motion for a protective order. The motion requests that the Court limit the scope of plaintiff Michelle T. Wahl's discovery to the lender-placed insurance ("LPI") program associated with Wahl's particular lender, EMC Mortgage Corporation ("EMC"). It also challenges the propriety of eight of Wahl's document requests.[1] For the reasons stated below, the motion is denied as to the scope of discovery but granted as to the specific eight requests at issue.

---

[1] The motion also requests sanctions in the form of attorney fees. ASIC, however, has failed to comply with Civil Local Rule 7-8, which mandates a separate motion for such relief. This rule, which the Court diligently enforces, is designed to ensure that counsel exercise caution and restraint

The facts and circumstances of this case are recounted in previous Court orders. *See* Order Granting in Part and Denying in Part Summary Judgment, filed June 18, 2009, at 1-5; Order Granting in Part and Denying in Part Motion to Dismiss, filed June 16, 2008, at 2-3. Briefly, Wahl is pursuing claims against ASIC for unfair competition, breach of statutory duty to disclose, and constructive fraud. These claims arise out of EMC's contract with ASIC to force-place homeowner's insurance on Wahl's house, after Wahl failed to secure insurance of her own that was deemed adequate by her lender.

In the first part of its motion for protective order, ASIC challenges all portions of Wahl's discovery requests which seek information about the LPI programs ASIC administers for lenders other than EMC. According to ASIC, approximately 52 of these lenders, loan servicers, and their agents are doing business in California. Wahl contends she needs information about these lenders' FPI programs in order to prepare her motion for class certification, but ASIC claims that Wahl lacks standing to discover such material because she had no relationship with any of ASIC's clients except for EMC.

When, as here, the court has not yet ruled on class certification, the proper scope of discovery regarding putative class members is often a point of contention. Courts commonly acknowledge that some class discovery is necessary prior to a determination of class certification. *Trevino v. ACB Am., Inc.*, 232 F.R.D. 612, 615 (N.D. Cal. 2006) ("[T]here is no hard and fast rule that discovery related to class issues is not proper before class certification has been filed or granted."). The recognized need for pre-certification discovery, however, is subject to court-imposed limitations, and any such limitations are within the sound discretion of the court. *Del Campo v. Kennedy*, 236 F.R.D. 454, 459 (N.D. Cal. 2006). In the exercise of this discretion, the Court is called upon to balance two competing considerations: the discovery should be sufficiently broad to give the plaintiffs a fair and realistic opportunity to obtain evidence which will meet the requirements of Rule 23, but not so broad as to present an undue burden on the defendant. *Tracy v. Dean Witter Reynolds, Inc.*, 185 F.R.D. 303, 305 (D. Colo. 1998); *Nat'l Org. for Women v. Sperry Rand Corp.*, 88 F.R.D. 272, 276, 277 (D. Conn. 1980); *see also Shushan v. Univ. of Colo.*, 132

---

in seeking sanctions, and that sanctions requests do not become routine. ASIC's attorney fee request is accordingly denied.

ORDER RE: DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND SANCTIONS
NO. C 08-00555 RS

2

F.R.D. 263, 268 (D. Colo. 1990) (explaining that district courts must "balance the need to promote effective case management, the need to prevent potential abuse, and the need to protect the rights of all parties").

Generally, the plaintiff bears the burden of advancing a *prima facie* showing that the class action requirements of Rule 23 are satisfied, or that discovery is likely to produce substantiation of the class allegations. *Del Campo*, 236 F.R.D. at 459. "[D]iscovery often has been used to illuminate issues upon which a district court must pass in deciding whether a suit should proceed as a class action under Rule 23, such as numerosity, common questions, and adequacy of representation." *Id.* (internal quotation marks omitted) (alterations original).

The question posed by the instant motion is whether discovery regarding the LPI programs of lenders other than EMC is likely to produce substantiation of the class allegations which Wahl has made. Wahl's First Amended Complaint ("FAC") defines the putative class as follows: "a. All current and former California homeowners who were insureds under an ASIC FPI policy; and b. Who paid premiums for an ASIC FPI policy; and c. Such payments for the ASIC FPI policy included premiums for any period of FPI which overlapped prior homeowner insurance still in effect pursuant to the homeowners' LLPEs [Lender's Loss Payable Endorsement]." FAC at 11. As noted above, her remaining claims allege that the persons in this class are the victims of unfair competition, breach of a statutory duty to disclose, and constructive fraud.

It is evident that, in order to ascertain whether these three claims are shared among the members of the putative class described in the FAC, Wahl must have access to the ASIC FPI policies of the putative class members. ASIC contends Wahl's alleged injuries resulting from the EMC-ASIC FPI policy are not sufficiently similar to warrant such a broad sweep of discovery. This argument is, however, is circular; Wahl cannot be expected to ascertain whether her alleged injuries are typical of those in the putative class unless she can examine insurance policies and related documents pertaining to ASIC's other clients. Accordingly, ASIC's request for a protective order to wall off information about the LPI programs of lenders other than EMC is without merit.

The second issue presented by the instant motion challenges Requests 24 to 31 in Wahl's Fourth Set of Document Requests. *See* Exh. A to Burt Declaration at 17-18. These requests ask

ORDER RE: DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND SANCTIONS
NO. C 08-00555 RS

3

ASIC to produce all documents it relied upon or which support each of the affirmative defenses pled in the answer (Requests 24-25) and all documents pertaining to each of the elements of a Rule 23 showing, i.e. numerosity, typicality, etc. (Requests 26-31).

ASIC's position is that it has already produced all the documents at issue in bulk format, and that Requests 24-31 are simply an attempt by Wahl to force ASIC to organize and categorize the documents in a manner that would reveal ASIC's legal strategies. Assuming that ASIC has, in fact, produced all responsive documents as it claims, at this juncture a further categorization of that material is not warranted. It is self-evident that such sorting would require the producing party to exercise its own legal judgment in applying the law to the facts of the case. *See Johnson v. Ocean Ships, Inc.*, No. C05-5615RJB, 2006 WL 2166192, at *3 (W.D. Wash. July 31, 2006) (holding that "the exact documents and witnesses [defendant] intends to use for each affirmative defense reveals defense counsel's mental impressions, is work product and so is privileged"). For this reason, ASIC will not be compelled to respond to Requests 24-31.

For these reasons, the portion of ASIC's motion that would shield from discovery information about LPI programs of lenders other than EMC is denied. The portion that would halt production under Document Requests 24-31 in Wahl's Fourth Set of Document Requests is granted. ASIC's request for sanctions in the form of attorney fees is denied.

IT IS SO ORDERED.

Dated: 10/23/09

RICHARD SEEBORG
UNITED STATES MAGISTRATE JUDGE

ORDER RE: DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND SANCTIONS
NO. C 08-00555 RS
4