Stephen F. Yunker (CSB 110159)
YUNKER & SCHNEIDER
655 West Broadway, Suite 1400
San Diego, California 92101
Telephone: (619) 233-5500
Facsimile: (619) 233-5535
Email: sfy@yslaw.com

Joseph N. Kravec, Jr. (PA ID No. 68992)
STEMBER FEINSTEIN DOYLE
PAYNE & CORDES, LLC
Allegheny Building, 17th Floor
429 Forbes Avenue
Pittsburgh, PA 15219-1639
Telephone: (412) 281-8400
Facsimile: (412) 281-1007
Email: jkravec@stemberfeinstein.com

James M. Pietz (PA ID No. 55406)
PIETZ LAW OFFICE
Mitchell Building
304 Ross Street, Suite 700
Pittsburgh, PA  15219
Telephone: (412) 288-4333
Facsimile: (412) 288-4334
Email: jpietz@jpietzlaw.com

Attorneys for Plaintiff MICHELLE T. WAHL, on behalf of herself and all others similarly situated

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| MICHELLE T. WAHL, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN SECURITY INSURANCE COMPANY; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. C08-00555 RS<br><br>**CLASS ACTION**<br><br>**NOTICE OF PLAINTIFF'S PROPOSED PLAN AND FORM OF CLASS NOTICE** |

**NOTICE OF PLAINTIFF'S PROPOSED PLAN AND FORM OF NOTICE**

### I.     Introduction

On May 10, 2010, this Court entered an order granting class certification. ECF 131, p.15. In the Order this, Court directed that the Plaintiff's propose, and the Parties seek to agree, on a form of class notice. *Id.* Pursuant to this Order, the Parties exchanged numerous proposals. As a result, the Parties reached substantial agreement on a "long form" class notice and were successful in narrowing their disagreements to two specified points.

*First,* the Parties disagree as to whether the initial communication to class members should be a "post-card" or a "long form" notice. Plaintiff proposes to notify the class by sending a "post card" via mail that contains the basic and required Fed.R.Civ. P. 23(C)(2)(B) information about this lawsuit and which then refers class members to an 800 number and a website to obtain more in depth information about the case, including how to request or to view a "long form" notice. As further detailed below, this approach conforms to Fed.R.Civ.P. 23 and to recommendations of the Federal Judicial Center. The Defendant, American Security Insurance Company ("ASIC"), contends that the use of a "post-card" supplemented by a telephone and website does not comply with Fed.R.Civ.P. 23.

*Second,* the Parties have a minor disagreement on the language used in the notices. ASIC insists that the following language be incorporated to describe Plaintiff's claims: "There is no claim in this lawsuit that the borrower's LLPE provided any extension of coverage for the borrower or for the full value of the property's improvements." Plaintiff contends that this language mischaracterizes as well as is irrelevant and unnecessary to describe Plaintiff's claim and, therefore, should not be included or, to the extent it is included, it should be placed in a section of the notice dedicated to ASIC's contentions or defenses.

Plaintiff submits that her Plan and Form of Notice satisfy the requirements of Fed.R.Civ.P. 23(C)(2)(B). Therefore, Plaintiff respectfully requests that the Court over-rule ASIC's objections and approve Plaintiff's Plan and Form of Notice.

/ / /

/ / /

## II. Plaintiff's Proposed Plan and Form of Class Notice

In the May 10th Order, this Court mandated at least three (3) requirements for the plan and form of class notice. This Court ordered that notice shall be provided via U.S. Mail to the last known address reflected on ASIC's records and that ASIC cooperate with class counsel in preparing a computerized mailing list as required. ECF 131, p. 15. This Court further required that Class Counsel establish a website to assist with communication with members of the class, and to permit members of the class to provide updated address information. *Id.* Finally, the May 10th Order mandates that Class Members be given a period of 45 days from the date of mailing to determine whether to "opt-out" of the action. *Id.*

Accordingly, Plaintiff proposes to provide class notice in a comprehensive three (3) pronged approach. *First,* Plaintiff proposes that she retain the services of a known and highly experienced class action administrator who will send an initial "Post Card Notice" to each member of the Defined Class.[1] A copy of this proposed Post Card Notice is attached hereto as Exhibit 1. Prior to sending the notice, the administrator will be instructed to update the addresses on the list to be provided by ASIC using a recognized change of address database. As indicated, this Post Card Notice will notify class members of the existence of a website where they can get more information including information about the lawsuit that will be provided by a "Long Form Notice." A copy of the Long Form Notice that will be posted on the website is attached hereto as Exhibit 2. The Post-Card Notice will also inform Class Members that they can call an 800 number and request that a copy of the Long Form Notice be sent to them. *Second,* as suggested above, the Post-Card Notice will be supplemented by a dedicated website which will be created and maintained by the class action administrator for purpose of providing and administering class notice. It is proposed that this website will provide a wide range of information about the lawsuit including, but not limited to, the Long Form Notice, a Long Form Notice written in Spanish, selected and demonstrative pleadings in the case and important court rulings by the Court from the case. The website will also allow for

---

[1] The Defined Class is that the class defined by the Court in the May 10th Order. ASIC has agreed that the Defined Class can be readily identified from ASIC's records. Once the Plaintiff obtains a class list of these members, the Notice Plan as outlined above will be implemented.

1  Class Members to communicate with the class action administrator for them to provide updated
2  address information and to seek further information about the case from Class Counsel. *Third,* as
3  indicated, the plan and form of notice will be provided in a manner to reach out to any Spanish-
4  speaking Class Members to ensure they will have access to complete information about the lawsuit
5  in a Spanish language format. The Post Card Notice is proposed to have a notice emblazoned in
6  Spanish informing class members on how to get a Long Form Notice in Spanish by either going to
7  the dedicated website or by calling an 800 number. Exhibit 1. It is also anticipated that the class
8  action administrator will have Spanish speaking employees who will be able to respond to any
9  inquiries from class members who prefer to communicate in Spanish.

10 **III.  Plaintiff's Proposed Plan And Form Of Class Notice Complies With Fed.R.Civ.P. 23 And The Requirements Of Due Process**

12 **1.  The Standards Applicable to Class Action Notice**

13  After a court certifies a class under Fed.R.Civ.P. 23(b)(3), it must direct to class members the
14 best notice practicable under the circumstances. Fed.R.Civ.P. 23(c)(2)(B). The purpose of the
15 mandatory notice requirement in Rule 23(b)(3) actions is to present a fair recital of the subject matter
16 of the suit and to inform all class members of their opportunity to be heard. *Hunt v. Check Recovery*
17 *Sys., Inc.*, C05 04993 MJJ, 2007 WL 2220972 (N.D. Cal. 2007) *citing In re Gypsum Antitrust Cases,*
18 565 F.2d 1123, 1125 (9th Cir.1977).

19  The notice must concisely state in plain easy to understand language: (i) the nature of the
20 action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a
21 class member may enter an appearance through counsel if the member so desires; (v) that the court
22 will exclude from the class any member who requests exclusion; (vi) the time and manner for
23 requesting exclusion; and (vii) the binding effect of a class judgment on class members under
24 Fed.R.Civ.P.23(c)(3). *Id.; Krzesniak v. Cendant Corp.*, C 05-05156 MEJ, 2007 WL 4468678 (N.D.
25 Cal. 2007); *Whiteway v. FedEx Kinkos Office & Print Services*, C 05-2320 SBA, 2007 WL 1381514
26 (N.D. Cal. 2007). A class notice must only have "information that a reasonable person would
27 consider to be material in making an informed, intelligent decision of whether to opt-out or remain a
28

1  member of the class." *Krzesniak, supra* citing *In re Nissan Motor Corp. Antitrust Litig.,* 552 F.2d
2  1088, 1105 (5th Cir.1977).  For due process purposes, the class notice must be reasonably calculated
3  / / /
4  to apprise interested parties of the pendency of the action and afford them an opportunity to opt-out.
5  *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950).
6       Further, the Advisory Committee Notes to Rule 23(c) recognize that, "The federal judicial
7  center has created illustrative clear-notice forms that provide a helpful starting point for actions
8  similar to those described in the forms."  Adv. Cmte. Notes (2003) to Fed.R.Civ.P. 23(c).  Thus, the
9  Court can look to the FJC template as a *starting point,* but it need not adopt the template in full.
10 *Krzesniak,* 2007 WL 4468678.  The *Krzesniak* court also noted that courts were increasingly finding
11 website notice as a beneficial part of class notice.  *Id.*
12      Courts have also found that the use of a mailed post-card combined with a long form notice
13 placed on a website to satisfy the requirements of Fed.R.Civ.P. 23(c) and due process.  See e.g.
14 *Perez v. Asurion Corp*. 501 F.Supp.2d 1360, 1377 (S.D. Fla. 2007); *Larsen v. Sprint Nextel*, 2010
15 WL 234934 *7-8 ( D.N.J. 2010) and *In re Countrywide Fin. Corp. Date Breach Lit*., 2009 WL
16 5184352 (W.D. Ky. 2009).  Although these cases involved "settlement classes," a "settlement class"
17 must comply with Rule 23, including the notice provisions of Rule 23(c)(2)(B).  Ann. Manual
18 Complex Lit. § 21.311 (4th ed.) stating that, "In general settlement notices should be delivered or
19 communicated to class members in the same manner as certification notices."
20     **2.**     **Plaintiff's Proposed Plan and Form of Notice Complies With Fed.R.Civ.P. 23(c)**
21      Both the "Post-Card Notice" and the "Long Form Notice," independently or combined,
22 comply with Fed.R.Civ.P. 23(c)(2)(B).  The Post Card Notice is concise and stated in plain, easy to
23 understand language.  In the second paragraph it provides a basic description of the nature of the
24 action and describes the class claims, issues, or defenses.  *See* Exhibit A.  The third paragraph
25 provides a concise description of the Defined Class.
26      The fourth paragraph informs each class member that he or she may enter an appearance
27 through counsel if the member so desires; that the court will exclude from the class any member who
28 requests exclusion and of the time and manner for requesting exclusion.  The fourth paragraph also

PLAINTIFF'S PROPOSED PLAN AND FORM OF CLASS NOTICE

informs each class member about the binding effect of a class judgment on class members.  If this information is not enough, the class members are directed that more information is available from a

/ / /

designated website or they are given the option of calling the class notice administrator to obtain a copy of the Long Form Notice:

> You may obtain complete information about this Class Action (including the Long Form Notice and Exclusion Request) by visiting the website for this action at www._____.com, by telephoning 1-888 _____ or writing the Class Action Administrator at _____.

Likewise, the Long Form Notice complies with Fed.R.Civ.P. 23(b)(3).  To begin with, the Long Form Notice is based upon the format suggested by the Federal Judicial Center in that it uses the question and answer format that the FJC recommends.  See Exhibit B.  The Long Form Notice uses easy to understand language to provide additional information about the lawsuit.  The first page of the notice provides a basic description of the nature of the action and describes the class claims, issues, or defenses.  This information is further explained in the Answers to Questions Nos. 1-4.  The Answers to Questions 5-7 provide a description of the Defined Class and helps explain how to determine if a person is a class member.

The Answer to Question 8 provides an explanation of the rights of class members should they elect to remain as class members in the action including an option that he or she may enter an appearance through their own counsel if the member so desires and that informs each class member about the binding effect of a class judgment on class members.  The Answer to Question 9 explains that the court will exclude from the class any member who requests exclusion and of the time and manner for requesting exclusion.  If this information is not enough, then the class then the Answer to Question 13 informs class members that more information is available by using the dedicated website to ask a question or they are given the option of calling the class notice administrator at the 800 number or by writing to Class Counsel whose addresses are identified in the Long Form Notice.

Plaintiff respectfully submits that this Proposed Plan and Form of Notice fully comply with Federal Rule 23(c) and the dictates of due process.

**3.    A Post-Card Notice Supplemented By A Website And 800 Number Comports With Federal Judicial Center Recommendations**

Federal Rule 23 was amended as part of the Class Action Fairness Act to provide for the requirement that class action notices "must concisely and clearly state in plain, easily understood language" specific information about the nature and terms of a class action and how it might affect potential class members' rights. Adv. Cmte. Notes (2003) to Fed.R.Civ.P. 23(c). Since this enactment the FJC has provided guidance on the methods to be used to satisfy this requirement. Plaintiff's proposal is based upon these recommendations.

*First,* as explained above, the "Long Form Notice" follows the guidelines of the FJC for crafting a notice as set forth on the FJC website. *Go to* www.fjc.gov and then to "Class Action Notices Page" in the left column. *Second,* the Manual for Complex Litigation suggests that using a dedicated website to provide supplemental information is an effective notice technique:

> Posting notices on dedicated Internet sites, likely to be visited by class members and linked to more detailed certification information, is a useful supplement to individual notice, might be provided at a relatively low cost, and will become increasingly useful as the percentage of the population that regularly relies on the Internet for information increases. An advantage of Internet notice is that follow-up information can easily be added, and lists can be created to notify class members of changes that may occur during the litigation. Similarly, referring class members to an Internet site for further information can provide complete access to a wide range of information about a class settlement.884 Many courts include the Internet as a component of class certification and class settlement notice programs.

Ann. Manual Complex Lit. § 21.311 (4th ed.)

*Third,* the FJC has recently recommended that judges consider using short form notices as an initial communication. *See* Barbara J. Rothstein & Thomas E. Willging, *Managing Class Action Litigation: A Pocket Guide for Judges*, (2d Ed. Federal Judicial Center 2009) at pp. 24-25:

> Your primary goals are that the notice reach as many class members as possible, preferably by individual notification (*see* Rule 23(e)(1) and MCL 4th § 21.312), and that the recipients see it, recognize its connection to their lives and self-interests, read it, and act on it. In a world in which junk mail and spam can easily drown out important messages, you may need to press the parties to look beyond the formal legal requirements and find a way to communicate the gist of a class action notice in an attention-getting and understandable format.

This publication further recommend a "short form" approach as the initial communication:

> A short-form, single-page (or shorter) notice with headlines can tell the reader how to get additional information. Formal case captions and legal terms of the settlement can be relegated to the end of a Web-based notice, after plain language answers to questions the reader may have.

*See also,* Adv. Cmte. Notes (2003) to Fed.R.Civ.P. 23(c) ("Informal methods may prove effective. A simple posting in a place visited by many class members, directing attention to a source of more detailed information, may suffice.")

Accordingly, Plaintiff's Plan and Form of Notice comply with FJC recommendations.

### IV.     ASIC'S PROPOSED LANGUAGE DOES NOT FAIRLY AND ACCURATELY DESCRIBE PLAINTIFF'S CLAIM

In its proposed notice, ASIC proposed to incorporate the following language in the section of the notice dedicated to describing the Plaintiff's claims in this case: "There is no claim in this lawsuit that the borrower's LLPE provided any extension of coverage for the borrower or for the full value of the property's improvements."  Plaintiff objected to this language because it did not fairly and accurately describe Plaintiff's claims.  Instead, Plaintiff proposed that if ASIC insisted on incorporating this language, then the language should be placed in that part of the notice dedicated to describing ASIC's defenses and contentions.  ASIC refused this reasonable compromise and then insisted that this language be given its own free standing placement in the notice.

The problem with the language proposed by ASIC is that the Plaintiff *did* contend that the LLPE provides an "extension of coverage for the borrower" as a primary basis for the Breach of Contract claim in Count.  See First Amended Complaint at ¶¶ 12-13; 30.  ECF 14.  ASIC then countered, in its motion for summary judgment, relying upon the theory of "cancellation by substitution," to argue, relying on an "after the fact" declaration of Ronald Wilson, that in placing the FPI coverage, the LLPE coverage was cancelled.  ECF 47 at pp. 16-17 citing and relying on *Fireman's Fund Ins. Co. v. Appalachian Ins. Co.*, 572 F. Supp. 799, 801-02 (E.D. Pa. 1983), *aff'd* 738 F.2d 422 (1984).  In her response, Plaintiff demonstrated that California clearly does not recognize the theory of "cancellation by substitution" as set forth in *Fireman's Fund Ins* and that, instead, follows the rule that a cancellation of coverage can only occur according to the terms of the insurance contract.  ECF 54 at pp. 22-23 citing *Glens Falls Ins, Co. v. Founders' Ins. Co.*, 209 Cal.

1 App. 2d 157, 165-166 (1962).  In her response brief, Plaintiff demonstrated that ASIC did not follow

2 the terms of the Farmer's Policy in cancelling its LLPE coverage.

3 / / /

4       In the June 9, 2009, ruling on summary judgment, this Court adopted ASIC's position

5 finding that the placement of the ASIC FPI policy operated as a cancellation of the LLPE coverage.

6 ECF 69, pp. 8-10 citing with approval *Fireman's Fund Ins. Co.*  This Court, therefore, dismissed the

7 Count I claim for breach of contract.  *Id* at p.10.  As a result, the fact that the LLPE was cancelled

8 became a determination in the case and provided additional support for Plaintiff's remaining UCL

9 claim in this case as this Court observed in the ruling on ASIC's motion for judgment on the

10 pleadings.  ECF 131 at pp. 9-11.

11       Nonetheless, even though this Court has determined that cancellation of LLPE coverage was

12 effected by the placement of FPI coverage, Plaintiff still reserves the right to appeal that

13 determination at the appropriate time.  If an appeal were to be taken by Plaintiff at the appropriate

14 time, she would contend that the LLPE did provide "an extension of coverage for the borrower"

15 because California does not recognize "substitution by cancellation."

16       For this reason, it is not a fair and accurate characterization of Plaintiff's claim to state that

17 she contends that the LLPE does not provide an extension of coverage.  Therefore, ASIC's proposed

18 language is not accurate, nor is it necessary to describing Plaintiff's claims.  Incorporating this

19 language does nothing to assist the average consumer in determining whether to remain in this case

20 or to opt-out.  This language, therefore, should not be included.

21       To the extent that this Court deems that the proposed language should be included, it is more

22 appropriately placed in that section of the notice dedicated to describing ASIC's defenses and

23 contentions.  Indeed, as demonstrated above, it is a defense or contention of ASIC that was adopted

24 as a finding in the case.

25 / / /

26 / / /

27 / / /

28 / / /

1  ///
2  ///
3  ///

## CONCLUSION

Wherefore, it is respectfully requested that this Honorable Court approve Plaintiff's Plan and Form of Notice.

Dated: July 9. 2010      STEMBER FEINSTEIN DOYLE PAYNE & CORDES, LLC

              PIETZ LAW OFFICE

              YUNKER & SCHNEIDER

            By:   /s/ James Pietz
                James M. Pietz, one of the attorneys for Plaintiff
                Michelle T. Wahl and the Plaintiff Class