1  PETER S. HECKER (Bar No. 66159)
   ANNA S. McLEAN (Bar No. 142233)
2  SHEPPARD MULLIN RICHTER & HAMPTON, LLP
3  Four Embarcadero Center
   Seventeenth Floor
4  San Francisco, CA  94111-4109
   Telephone:  (415) 774-3155
5  Facsimile:  (415) 403-6224
   phecker@sheppardmullin.com
6  amclean@sheppardmullin.com
7
   FRANK BURT (*Pro Hac Vice*)
8  DENISE A. FEE (*Pro Hac Vice*)
   JORDEN BURT LLP
9  1025 Thomas Jefferson Street, NW
   Suite 400 East
10 Washington, DC  20007-0805
11 Telephone:  (202) 965-8140
   Facsimile:  (202) 965-8104
12 fgb@jordenusa.com
   daf@jordenusa.com
13
14 Attorneys for Defendant
   AMERICAN SECURITY INSURANCE COMPANY

15

16                     UNITED STATES DISTRICT COURT

17                    NORTHERN DISTRICT OF CALIFORNIA

18                         SAN FRANCISCO DIVISION

19 | MICHELLE T. WAHL, on behalf of herself | Case No. C08-00555-RS
20 | and all others similarly situated, |
21 |          Plaintiff, | **DEFENDANT AMERICAN SECURITY**
                                           | **INSURANCE COMPANY'S NOTICE OF**
22 |     v. | **FILING PROPOSED CLASS NOTICE;**
                                           | **MEMORANDUM OF POINTS AND**
23 | AMERICAN SECURITY INSURANCE | **AUTHORITIES IN SUPPORT**
   | COMPANY; and DOES 1-50, inclusive, |
24 |          Defendant. |

25

26

27

28

**NOTICE OF FILING**

PLEASE TAKE NOTICE that defendant American Security Insurance Company ("ASIC") files this proposed version of the notice to be sent to class members by first class mail, as instructed by the Court in its Order Granting in Part and Denying in Part Defendant's Motion for Judgment on the Pleadings and Granting Plaintiff's Motion for Class Certification (Doc. No. 131) at 15. ASIC's proposed Class Notice is attached hereto as Exhibit A.

**MEMORANDUM OF POINTS AND AUTHORITIES**

ASIC's proposed form of notice should be adopted by this Court because it complies with Rule 23, safeguards and maximizes the due process of all litigants, and clearly and concisely describes plaintiff's claims. ASIC's notice is the "best practicable" notice, the standard required by the United States Supreme Court. In contrast, plaintiff's proposed notice fails in all of those respects. The proposed "postcard" notice is an incomplete and ineffective, falling far short of the requirements of Rule 23 and due process. Moreover, plaintiff seeks to omit language that clarifies the certified claim so that it may be fully understood by the class members. Plaintiff's proposal is not the "best practicable" notice.

**I.   Plaintiff's Proposed "Postcard" Notice Is Not The "Best Practicable" Notice, Does Not Comply With Rule 23 And Violates Due Process.**

Adequate notice is essential to protecting the due process rights of all litigants. It is required to ensure that class members, who are not before the Court and whose interests are being represented by someone unknown to them, understand the lawsuit, its implications, and their rights. "[W]hen notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it. The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 174 (1974) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950)). Due process mandates the "*best practicable*" notice, which must "describe the action and the plaintiffs' rights in it." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985) (emphasis supplied). "[D]ue process demands that the options available

1

DEFENDANT'S NOTICE OF FILING PROPOSED CLASS NOTICE;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; CASE NO. C08-00555-RS

to class members and the consequences of their elections be detailed with sufficient clarity to afford absent members a realistic opportunity to evaluate alternative options available to them." *McCubbrey v. Boise Cascade Home & Land Corp.*, 71 F.R.D. 62, 67 (N.D. Cal. 1976) (rejecting a 29-page notice as to some class members as it did not adequately inform them of the ramifications of their actions). Plaintiff does not dispute "[t]he long-settled requirement of giving notice to the entire class is absolute, and is based on the constitutional right to due process." Opposition to Defendant's Motion for Clarification and Stay Re Class Notice (Doc. No. 139) ("Clarification Opp.") at 5.

In the absence of sufficient notice, this Court lacks jurisdiction over the absent class members. *Besinga v. United States*, 923 F.2d 133, 137 (9th Cir. 1991) ("Notice to (b)(3) class members is *an unambiguous requirement for jurisdiction*". (emphasis supplied). Moreover, adequate notice is "intended to insure that the judgment, whether favorable or not, would bind all class members who did not request exclusion from the suit." *Eisen*, 417 U.S. at 176; *see also Besinga*, 923 F.2d at 137 (refusing to apply res judicata to an earlier judgment because class member was not notified, finding that "notice is necessary in appropriate cases under Rule 23 so as to provide the due process without which any subsequent judgment might not be binding on all class members"). Plaintiff does not dispute that, to bind all class members to the final judgment, "*the court is required* to direct to class members the *best notice practicable* under the circumstances." Clarification Opp. at 5 (quoting *Eisen*, 417 U.S. at 173) (first emphasis in Opp.; second emphasis supplied).

The Civil Rules Advisory Committee recognized the importance of providing the "best practicable" notice when revising Rule 23(c), finding that "[n]otice affords an opportunity to protect class interests. Although notice is sent after certification, class members continue to have an interest in the prerequisites and standards for certification, the class definition, and the adequacy of representation. Notice supports the opportunity to challenge the certification . . . [and] the opportunity to monitor the continuing performance of class representatives and class counsel." Preliminary Draft of Proposed Amendments to the Federal Rules of Bankruptcy, Civil and Criminal Procedure and Rules of Evidence, 201 F.R.D. 560, 613 (2001); *see also* Barbara J. Rothstein &

2

Thomas E. Willging, *Managing Class Action Litigation: A Pocket Guide for Judges* 3 (2d Ed. Federal Judicial Center 2009) ("Pocket Guide") (one of a judge's "responsibilities" in managing a class action is in "reviewing notice plans and notices to the class to ensure the *best notice practicable*.") (emphasis supplied). Thus, the Committee expanded Rule 23(c) in 2003 to provide:

> For any class certified under Rule 23(b)(3), the court must direct to class members the *best notice that is practicable* under the circumstances . . . . The notice must clearly and concisely state in plain, easily understood language:
> (i) the nature of the action;
> (ii) the definition of the class certified;
> (iii) the class claims, issues, or defenses;
> (iv) that a class member may enter an appearance through an attorney if the member so desires;
> (v) that the court will exclude from the class any member who requests exclusion;
> (vi) the time and manner for requesting exclusion; and
> (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. Proc. 23(c)(2)(B) (emphasis supplied).

Plaintiff's proposed "postcard" notice fails to comply with the requirements of Rule 23, because it only vaguely addresses the requirements of Fed. R. Civ. Proc. 23(c)(2)(B), including the nature of the action and the class claims, issues, or defenses. Using the "postcard" to direct class members to a website, as plaintiff suggests, is insufficient. "Because this is a 23(c)(2) notice, it is inappropriate to circumvent the substantive requirements of notice by directing class members to a website link." *Larson v. Sprint Nextel Corp.*, No. 07-5325 (JLL), 2009 WL 1228443, at *10 n.12 (D.N.J. Apr. 30, 2009). While a website may be a "useful *supplement* to individual notice," the individual notices must comply with the requirements of Rule 23. Manual for Complex Litigation (Fourth) § 21.311 (emphasis supplied).[1]

---

[1] Authorities supporting "postcard" notices are distinguished by the fact that they were approved in the context of settlement notices, which fall under the more lenient standard of Fed. R. Civ. P. 23(e)(1) ("[t]he court must direct notice in a reasonable manner") and need not meet the stringent requirements of Fed. R. Civ. P. 23(c)(2)(B) ("the court must direct to class members the best notice that is practicable"). *See Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1289 (9th Cir. 1992) (distinguishing between earlier versions of 23(c) and 23(e)); *E.E.O.C. v. Pan Am. World Airways, Inc.*, No. C-81-3636 RFP, 1988 WL 224232, at *11 (N.D. Cal. June 17, 1988) ("Rule 23 establishes varying notice requirements, depending on the nature of the class action involved. . . . Rule 23(e) requires notice of a settlement and of a claimant's right to share in it . . . Rule 23(c)(2) sets forth *more stringent notice requirements* applicable in Rule 23(b)(3) 'opt-out' class actions so that potential claimants may know of their right to exclude themselves from the class and avoid the judgment's binding effects") (emphasis supplied). As her citation reflects, Plaintiff relies on the
*(footnote continued on next page)*

Additionally, a summary notice of four paragraphs that, by its very terms, contains "limited" and not "complete" information, is facially inadequate. Because the purpose of the notice "is to present a fair recital of the subject matter of the suit and to inform all class members of their opportunity to be heard," *In re Gypsum Antitrust Cases*, 565 F.2d 1123, 1125 (9th Cir. 1977), and because it is the only communication from the court, the notice must contain all of the "information that a reasonable person would consider to be material in making an informed, intelligent decision of whether to opt-out or remain a member of the class," *Krzesniak v. Cendant Corp.*, No. C 05-05156 MEJ, 2007 WL 4468678, at *1 (N.D. Cal. Dec. 17, 2007) (citation omitted). *See also Mortimer v. Baca*, No. CV 00-13002 DDP, 2005 WL 3497817, at *2 (C.D. Cal. Dec. 20, 2005) ("notice to potential class members should include some description of the nature of the suit and the issues being litigated so that each class member can make a rational judgment on whether to request exclusion from the action.") (citation omitted). Such information includes a description of the parties' position, a description of the relief sought, and an explanation of the risks and benefits of class membership, all of which is missing from plaintiff's proposed notice. *See* Manual for Complex Litigation (Fourth) § 21.311.

The Advisory Committee suggested that courts look to the exemplar notices propounded by the Federal Judicial Center ("FJC") in drafting notices that comply with the rules. Fed. R. Civ. P. 23(c)(2)(B) advisory committee's note (2003) ("The Federal Judicial Center has created illustrative clear-notice forms that provide a helpful starting point"); *In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, No. C 06 02069 SBA, 2008 WL 1990806, at *7 (N.D. Cal. May 5, 2008) (comparing proposed notice to FJC template). In arriving at those forms, the FJC conducted extensive research concerning individuals' ability to comprehend class notice, and found that "[o]ne of the most significant findings from the focus groups is that a short summary of the class action did not automatically improve motivation or comprehension in comparison to a full notice. *In fact, most*

---

Pocket Guide section relating to "Settlement Review: Risks and Issues." Since the notice "requirements of Rule 23(c)(2) are stricter than the requirements of Rule 23(e) and arguably stricter than the due process clause," *Larsen,* 2009 WL 1228443, at *3, reliance on the "settlement" section of the Pocket Guide is irrelevant. *See Pocket Guide* at 8, 18 ("legal terms *of the settlement* can be relegated to the end of a Web-based notice") (emphasis supplied).

*participants expressed a preference for more complete information, as long as it is readable and not excessively long. Participants showed an ability to comprehend the topics in the full notice more accurately.*" FJC, Class Action Notices Page: Detailed Discussion of Methodology, *available at* http://www.fjc.gov/public/home.nsf/pages/816 (emphasis supplied). All of the FJC's notice templates are long forms that contain full explanations of all of the Rule 23(c)(2)(B) elements. Plaintiff's non-conforming proposed "postcard" notice should be rejected in favor of a comprehensive long form notice mailed to all class members, and not simply posted on a website for those class members who happen to have internet access.

Plaintiff proposed the form of "long-form" notice designed for class settlement that would be posted on a website. ASIC provided modifications to conform the long-form notice to the illustrative forms for contested cases promulgated by the FJC. Plaintiff declined to adopt these modifications or agree to distribute the full notice by mail to class members. Because ASIC's modifications to the long-form notice satisfy all of the Rule 23(c)(2)(B) requirements in a clear and concise fashion, it should be adopted by the Court for the mail notice to class members.

## II. Plaintiff's Proposed Notices Omit Information Necessary For A Complete Understanding of Plaintiff's Claims.

There is one material distinction between ASIC's proposed modifications and plaintiff's long-form notice – ASIC's proposal clarifies that the LLPE covers only the *lender's* interest, *i.e.*, the amount of the outstanding loan balance, but does not cover the homeowner's interest, including the value of property improvements. Without this clarification, plaintiff's notice gives the false impression that the LLPE also extends coverage to the borrower for the full replacement value of the property had it not been cancelled by the placement of FPI coverage. Class members are likely to be confused as to their alleged injury and potential remedies.

Plaintiff apparently claims that she somehow alleged that the LLPE provided an extension of coverage *for the borrower* in the First Amended Complaint, but a simple review of the pleading belies that assertion. *See* First Am. Compl. ¶¶ 12 ("The purpose of the LLPE is that . . . *the mortgage lender* will still be protected by that policy"), 13 (notice was insufficient to "terminate *the lender's* coverage") (emphasis supplied). Not only has this theory never been a part of plaintiff's

allegations in this case, the Court has flatly rejected the idea that the LLPE provides continuing coverage to *any* party upon placement of LPI coverage. Order Granting in Part and Denying in Part Summary Judgment (Docket No. 69) at 8-10. Because ASIC's proposed language clears up any misunderstanding or confusion, it should be adopted.

## CONCLUSION

For the foregoing reasons, the Court should adopt ASIC's proposed modifications to the long-form class notice and reject both plaintiff's proposed "postcard" notice and long-form notice.

Dated: July 9, 2010             JORDEN BURT LLP

By: */s/ Frank G. Burt*
FRANK G. BURT

Attorneys for Defendant
AMERICAN SECURITY INSURANCE COMPANY

# EXHIBIT A

*Wahl v. American Security Insurance Company*
Case No. 08 C 0555 (Northern District of California)

# Notice of Class Action Lawsuit

This Notice contains important information for you if you had property insurance on a residence located in California with a Lender Loss Payable Endorsement ("LLPE") and were charged premiums for a force placed insurance ("FPI") Policy issued by American Security Insurance Company ("ASIC") that cancelled the LLPE mortgage lender coverage, at any time since January 28, 2004.

*A court authorized this notice.  This is **not** a solicitation from a lawyer.*

- A Court in San Francisco has allowed a lawsuit against ASIC to be a class action.  A class action is a lawsuit that is brought on behalf of many people who allege similar legal claims.  The name and case number of the class action case is: *Wahl v. American Security Insurance Company,* Case No. 08 C 0555 (Northern District of California).  The judge presiding over the case is U.S. District Judge Richard G. Seeborg.

- The lawsuit was filed on behalf of a class who, at any time since January 28, 2004, had property insurance on a residential property in California with a LLPE and were charged premiums for a FPI Policy issued by ASIC that cancelled the LLPE lender coverage.  FPI is property insurance that is placed on a borrower's property when the borrower does not maintain a homeowner's insurance policy that is acceptable to their lender on the property.

- The Court has appointed Michelle T. Wahl to represent the class of people involved in this lawsuit.  The Court has not decided whether ASIC did anything unfair or wrong, and ASIC denies any wrongdoing.  Class lawyers must prove the claim against ASIC at a trial in the future.  There is no money available now, and no guarantee there will be.

- This lawsuit claims that ASIC violated the California Unfair Competition Law by placing an FPI Policy during periods of time that coverage to a lender would have been provided by a homeowner's LLPE had it not been cancelled by ASIC's placement of FPI coverage.  An LLPE is a contract provision in the homeowners' property insurance policy that extends coverage to a lender when the premiums were not made or when the policy lapses without renewal.  There is no claim in this lawsuit that the borrower's LLPE provided any extension of coverage for the borrower or for the full value of the property's improvements.  The lawsuit seeks to recover restitution and an injunction for Class Members and to obtain a court order to stop a practice that this lawsuit alleges is unfair.

- ASIC says that the law, the borrower's Deed of Trust and the LLPE itself all expressly authorize the placement of coverage acceptable to the lender upon a termination of prior coverage, and that potential temporary coverage under the LLPE in the borrower's prior policy is inadequate because it does not protect the full value of the improvements to the property and is not acceptable coverage to the lenders who, therefore, instruct ASIC to issue a FPI policy.

| YOU MUST CHOOSE ONE OF THE FOLLOWING TWO OPTIONS: ||
|---|---|
| PARTICIPATE IN THE CLASS ACTION | If you are a Class Member and you want to be included in the case you do not have to do anything. You will be represented by the lawyers who filed the class action case. Their names are listed later in this notice. If you are a Class Member and do not ask to be excluded ("opt out") you will be entitled to share in any relief that is awarded and may benefit from any injunction that the Court might enter against ASIC. You will be bound by any final decisions the Court makes in the case, whether they are favorable or unfavorable to you. |
| OPT OUT | Ask to be excluded from the lawsuit. Keep the right to file your own lawsuit against ASIC. Directions on how to opt out are provided later in this notice. |

- These rights and options are explained in this notice. **The deadline to exercise the right to opt out is Month 00, 0000.**

| WHAT THIS NOTICE CONTAINS |
|---|

**BASIC INFORMATION**....................................................................................................................PAGE __
      1. Why is this Notice being provided?
      2. What is a class action?
      3. What is this lawsuit about?
      4. Who is ASIC?
      5. Why is this lawsuit a class action?
**WHO IS A CLASS MEMBER?** .........................................................................................................PAGE __
      6. How do I know if I am a Class Member?
      7. What if I am not sure whether I am included in the Class?
**RIGHTS OF A CLASS MEMBER** ...................................................................................................PAGE __
      8. What rights does a class member have?
**HOW TO EXCLUDE YOURSELF FROM BEING A CLASS MEMBER**......................................PAGE __
      9. What if I do not want to be a Class Member?
**THE LAWYERS REPRESENTING YOU** ......................................................................................PAGE __
      10. Do I have a lawyer in the case?
      11. How will the lawyers be paid?
**THE TRIAL** ......................................................................................................................................PAGE __
      12. How and when will the Court decide who is right?
**GETTING MORE INFORMATION**................................................................................................PAGE __
      13. How do I get more information about the lawsuit?

# BASIC INFORMATION

### 1. Why is this Notice being provided?

This Notice explains that the Court has allowed, or "certified," a class action lawsuit that may affect you. This Notice is being provided to you because the records of ASIC indicate that you were an additional insured on a FPI policy issued to your lender as the named insured. The Court ordered this Notice sent to you because you have legal rights and options that you may exercise before the Court holds a trial. The trial is to decide whether the claim made against ASIC is correct.

Judge Richard G. Seeborg of the United States District Court for the Northern District of California is overseeing this class action. The case is known as *Wahl v. American Security Insurance Company,* No. 08 C 0555 (Northern District of California). The people who sued are called the "Plaintiffs," and the company they sued, ASIC, is called the "Defendant."

### 2. What is a class action?

In a class action, a person called the "Class Representative" sues on behalf of people who allege similar claims. In this lawsuit, Michelle Wahl is the Class Representative. All of the people are a "Class" or "Class Members." One Court resolves the issues for all Class Members.

### 3. What is this lawsuit about?

This lawsuit is about ASIC's conduct in issuing FPI policies to mortgage lenders with respect to residential properties in California, where the FPI is placed during periods of time where the lender would have been covered by a LLPE had the LLPE not been cancelled by the placement of FPI. FPI is issued to insure a residential property when borrowers do not obtain or maintain coverage as required by the terms of their loans.

The lawsuit claims that ASIC's conduct is unfair under the California Unfair Competition Law because the FPI coverage is claimed to have been placed during periods of time where the lender would have been covered by the LLPE. Plaintiff claims that homeowners do not receive the benefit of the LLPE that they previously paid for and are charged for more expensive FPI coverage. There is no claim in this lawsuit that the borrower's prior LLPE provided for any potential extension of coverage for the borrower or for the full value of the property's improvements. The lawsuit says that ASIC charged Class Members for premiums for the FPI Policy for the same periods of time the lender would have been covered by the LLPE had it not been cancelled by ASIC's placement of FPI. The lawsuit claims that there are many persons who have the same or similar claims against ASIC as Ms. Wahl's.

ASIC denies all of the Plaintiffs' claims and denies that it did anything unfair or wrong. Specifically, ASIC disagrees with the allegations of the lawsuit, because the lender is expressly authorized by terms of the borrower's Deed of Trust and by the LLPE itself to place coverage that is acceptable to the lender upon a termination of prior coverage. ASIC contends that any potential coverage under the borrower's prior LLPE is inadequate to cover the full value of the

improvements to the property and, therefore, not acceptable coverage to lenders who instructed ASIC to issue the FPI policies. ASIC asserts many defenses, and says that Plaintiffs are not entitled to any recovery in this litigation.

### 4. Who is ASIC?

Defendant ASIC is an insurance company. ASIC has agreements with many mortgage lenders who provide mortgage loans on residential properties in California to provide FPI policies in the event a borrower does not obtain or maintain property insurance acceptable to their lender.

### 5. Why is this lawsuit a class action?

The Court decided that this lawsuit can be a class action and move towards a trial because it meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts. The Court has not decided in favor of the Plaintiff or ASIC. The Court ruled that Ms. Wahl and her lawyers could represent the class of persons who are further described below. The Notice is being sent to you to inform you of the lawsuit so that you can decide whether to remain in the case as a Class Member. By sending this class notice, the Court is not suggesting that the Plaintiff will win or lose this case. The Plaintiff must prove the class claim at trial.

## WHO IS A CLASS MEMBER?

To see if you will be affected by this class action, you first have to determine if you are a Class Member.

### 6. How do I know if I am a Class Member?

The Court decided that the Class Members are the following persons:
- a. All current and former California insureds or additional insureds named under an FPI Policy issued by ASIC at any time since January 28, 2004;
- b. Who were charged premiums for an ASIC FPI Policy; and
- c. Such payments for the FPI Policy included premiums for any period during which prior homeowner insurance would have been in effect for the mortgage lender pursuant to the homeowners' LLPE had it not been cancelled by ASIC's placement of FPI.

### 7. What if I am not sure whether I am included in the Class?

If you are not sure whether you are included in the Class, or you have questions about the case, you may call the toll free number, 1-866-_____, or visit www._____.com.

## RIGHTS OF A CLASS MEMBER

| 8. What rights does a class member have? |
|---|

If you remain a Class Member, you will be entitled to share in any relief that may be awarded and may benefit from any injunction that the Court might enter against ASIC. You will be bound by all of the Orders the Court issues and judgments the Court makes in this class action, whether they are favorable or unfavorable to the class.

If you want to be included in the case and participate in any relief that might result, you do not have to do anything. You will be represented by the lawyers who filed the class action case. Their names are listed later in this notice. If you wish, however, you or your attorney may file an appearance with the Clerk of the Court.

If your address has changed, or changes in the future, you should send your new address to the attorneys for the class.

## HOW TO EXCLUDE YOURSELF FROM BEING A CLASS MEMBER

| 9. What if I do not want to be a Class Member? |
|---|

You can request to be excluded from the settlement by "opting out." Opting out means that you remove yourself from the class and will not participate in this case. You retain your rights to bring or continue to pursue your own lawsuit against the Defendant. To opt out, you must send an "Exclusion Request" in the form of a letter sent by mail, stating that you want to be excluded from *Wahl v. American Security Insurance Company*. Be sure to include your name and address and sign the letter. You must mail your Exclusion Request postmarked by Month 00, 0000, to "Exclusion Requests – , c/o . _____, _____, _____ _____."

You are entitled to consult an attorney to help you make the decision whether to stay in the class action or file your own case.

If you exclude yourself from the class action case, you will not be entitled to share in any recovery that the Plaintiff obtains in this case, and you will not be bound by any decisions the Court makes in the case. You also will not be entitled to any further notice about the case.

## THE LAWYERS REPRESENTING YOU

| 10. Do I have a lawyer in the case? |
|---|

The Court appointed these lawyers to represent all Class Members.

| Stephen F. Yunker (CSB 110159) | Joseph N. Kravec, Jr. (PA ID No. 68992) | James M. Pietz (PA ID No. 55406) |
| YUNKER & SCHNEIDER | SPECTER SPECTER EVANS & MANOGUE, P.C. | PIETZ LAW OFFICE |
| 655 West Broadway, Suite 1400 | The 26th Floor Koppers Building | Mitchell Building |
| San Diego, California 92101 | Pittsburgh, PA  15219 | 304 Ross Street, Suite 700 |
| | | Pittsburgh, PA  15219 |

If you want to be represented by your own lawyer in this case, you may hire one at your own expense.

### 11. How will the lawyers be paid?

If Class lawyers get money or benefits for the class, they may ask the Court for fees and expenses. If the Court grants Class lawyers' request, the fees and expenses would be deducted from any money obtained for the class.

## THE TRIAL

### 12. How and when will the Court decide who is right?

As long as the case is not resolved by a settlement or otherwise, the Class lawyers will have to prove the Plaintiff's claims at a trial.  The trial has not been scheduled yet, but when it occurs the Judge will hear all of the evidence to reach a decision about whether the Plaintiff or ASIC is right about the claim in the lawsuit.  There is no guarantee that the Plaintiff will win, or that she will get any money for the Class.  If the Plaintiff obtains relief or benefits as a result of the trial or a settlement, you will be notified about how to participate.  We do not know how long this will take.

## GETTING MORE INFORMATION

### 13. How do I get more information about the lawsuit?

This notice summarizes the lawsuit. You can obtain more details by contacting Class counsel at 1-XXX-XXXX or writing to _____.  You can also call the toll free number, 1-866-_____, or visit www._____.com.

**DO NOT CALL THE COURT.  DO NOT CALL OR SEND CORRESPONDENCE TO JUDGE SEEBORG OR HIS STAFF**.

229735v4DC