*E-Filed 07/20/2010*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHELLE T. WAHL,<br><br>　　　　Plaintiff,<br>　v.<br><br>AMERICAN SECURITY INSURANCE CO., et al.,<br><br>　　　　Defendants.<br>_____/ | No. C 08-0555 RS<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION; DENYING REQUEST FOR CERTIFICATION FOR INTERLOCUTORY APPEAL; DENYING MOTION FOR CLARIFICATION; DENYING PLAINTIFF'S REQUEST TO SUPPLEMENT PAPERS IN OPPOSITION** |

I.   INTRODUCTION

On May 10, 2010, this Court granted in part and denied in part defendant American Security Insurance Company's ("ASIC") motion for judgment on the pleadings. The sole claim to survive defendant's motion was plaintiff's claim that ASIC's conduct constituted an unfair business practice as contemplated by California's Unfair Competition Law ("UCL"). The Order then granted plaintiff's motion for class certification of the UCL unfairness claim. Four motions are now before the Court. First, ASIC requests that the Court reconsider the May 10 Order. In the alternative, it asks that the Court certify for interlocutory appeal the question of the applicability of the UCL to the conduct alleged. Finally, the defendant seeks clarification of the class notification procedure

outlined in the May 10 Order.  Defendant's requests are denied.  Moreover, because this Order denies defendant's request to alter the class notification procedure, plaintiff's request to supplement her papers filed in opposition is also denied.

## II.  DISCUSSION

### A.  Motion for Reconsideration

The Local Civil Rules of the Northern District of California provide that "[b]efore the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case" any party may request leave to file a motion for reconsideration of an interlocutory order.  N.D. Cal., Civil L.R. 7-9(a).  ASIC seeks permission to file a motion for reconsideration of this Court's Order of May 10, 2010.  That Order granted ASIC's motion for judgment on the pleadings as to all of Wahl's claims, save her allegation that ASIC committed an "unfair" business practice in violation of California's UCL.  It is the survival of this single claim that ASIC contests.  Reconsideration generally is appropriate, among several other recognized scenarios, in light of a "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order."  N.D. Cal., Civil L.R. 7-9(b)(3).

ASIC argues the Court failed explicitly to reject purportedly dispositive legal defenses raised in ASIC's papers.  Namely, ASIC disagrees that the forced placed insurance policy at issue here was actually its business practice.  It insists the lending bank, EMC, instituted the policy and characterizes its involvement as the mere provision of a service to the bank.  ASIC also insists the Order failed to consider its argument that forced placed insurance is potentially a "legal" business practice in California if it is contemplated in a deed of trust.  The May 10 Order *did* find that ASIC's role was sufficient to impose liability and *did* agree with Wahl that, at least as alleged, the particular version of forced placed insurance at issue in this case could constitute an unfair business practice.  As the Order stated, "The FAC alleges that, upon the expiration of Wahl's Farmers Policy, ASIC, in cooperation with EMC, cancelled the Farmer's Policy's LLPE and substituted its own [Forced Placed Insurance]—a practice which, although within the bounds of the Deed of Trust, was singularly disadvantageous to Wahl and unsupported by any apparent reason other than the fact that

NO. C 08-0555 RS
ORDER

2

ASIC and EMC both stood to benefit financially from the immediate placement of FPI." *Wahl v. Am. Sec. Ins. Co.*, No. 08-0555, 2010 WL 1881126, at *7 (N.D. Cal. May 10, 2010). While ASIC clearly disagrees with the Order's outcome, ASIC's insistence that dispositive claims were not considered is unfounded.

ASIC also argues this Court committed clear error when it relied on section 790.03(c) of the California Insurance Code. The Order did note that Wahl could "tether" her UCL claim to a legislative policy evinced there declaring "coercion" in the insurance context "unfair." The Order noted that Wahl had alleged facts sufficient to support her unfair practices claim under either the traditional balancing test, as espoused in *South Bay*, or because her claim was in the alternative "tethered" to a legislatively declared policy. *See South Bay Chevrolet v. General Motors Acceptance Corp.*, 72 Cal. App. 4th 861, 866-87 (1999); *Cel-Tech Commc'ns., Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 185 (1999). In its request for reconsideration, ASIC suggests the Court erroneously relied on section 790.03. ASIC argues this provision was designed to apply to coercion in the *antitrust* context, but not to "coercive" behavior directed toward a consumer like Wahl. Even crediting ASIC's narrow interpretation of that provision, the May 10 Order explicitly recognized that Wahl adequately alleged a claim under the alternative traditional balancing test.

As the May 10 Order explained, California courts historically subjected a plaintiff's UCL unfairness claim to a balancing test. Under that test, determining whether a business practice is unfair "involves an examination of [that practice's] impact on its alleged victim, balanced against the reasons, justifications and motives of the alleged wrongdoer. In brief, the court . . . weigh[s] the utility of the defendant's conduct against the gravity of the harm to the alleged victims." *Motors, Inc. v. Times Mirror Co.*, 102 Cal. App. 3d 735, 740 (1980). *See also People v. Casa Blanca Convalescent Homes Inc.*, 159 Cal. App. 3d 509, 530 (1984) (relaying that a practice is unfair in California where it "offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers"). *South Bay* further noted that, in general, the "unfairness prong has been used to enjoin deceptive or sharp practices" but "does not give the courts a general license to review the fairness of contracts." 72 Cal. App. 4th at 887

No. C 08-0555 RS
ORDER

(internal quotation marks and citations omitted). In *Cel-Tech*, of course, the California Supreme Court rejected that test, at least in the context of alleged anticompetitive conduct. 20 Cal. App. 4th at 185. *Cel-Tech* held that in a claim brought by a competitor, "any finding of unfairness . . . [must] be tethered to some legislatively declared policy." 20 Cal. 4th 163, 185 (1999).

Because *Cel-Tech* expressly limited its holding to competitor lawsuits, the appropriate test to determine whether a practice is "unfair" in a consumer case under California law is uncertain. *See Lozano v. AT&T Wireless Servs., Inc.*, 504 F.3d 718, 735 (9th Cir. 2007) ("California's unfair competition law, as it applies to consumer suits, is currently in flux"); *compare Smith v. State Farm Mutual Automobile Ins. Co.*, 93 Cal. App. 4th 700, 720 n.23 (2001) ("[W]e are not to read *Cel-Tech* as suggesting that such a restrictive definition of 'unfair' should be applied in the case of an alleged consumer injury . . . .") *with Scripps Clinic v. Superior Court*, 108 Cal. App. 4th 917, 940 (2003) (requiring, under *Cel-Tech*, that any UCL claim be tethered to a legislatively declared policy). In *Lozano*, the Ninth Circuit upheld a district court's adoption of the balancing test in the consumer context. As the Court explained there, "Because adopting one standard does not necessitate rejection of the other, we hold that, no matter the status of *Cel-Tech*, the district court did not apply the wrong legal standard by relying on the balancing test from *South Bay*." *Lozano*, 504 F.3d at 736. "In the absence of further clarification by the California Supreme Court," the Court continued, "we endorse the district court's approach to the law as if it still contained a balancing test." *Id. See also Cel-Tech*, 20 Cal.4th at 187 n.12 ("This case involves an action by a competitor alleging anticompetitive practices. Our discussion and this test are limited to that context.").

Any arguments in derogation of the applicability of section 790.03, then, would not change the outcome of the May 10 Order and these arguments do not present a basis for reconsideration. ASIC's motion must therefore be denied.

B.  Motion for Interlocutory Appeal

ASIC requests certification for interlocutory review of the May 10 Order, pursuant to 28 U.S.C. section 1292(b), insofar as it relied on section 790.03 to deny the motion to dismiss Wahl's

UCL claim. ASIC has not demonstrated that "exceptional circumstances" warrant immediate, interlocutory appeal and its motion should be denied.

In the ordinary course, a party may seek review of a district court's rulings only after the entry of final judgment. *In re Cement Litig.*, 673 F.2d 1020, 1027 (9th Cir. 1982). A district court may under "exceptional" circumstances certify an order for interlocutory review pursuant to 28 U.S.C. § 1292(b). *Id.* at 1026 (*citing Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)). Certification may be appropriate where: (1) the order involves a controlling question of law; (2) as to which there is substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b).

ASIC's motion may be resolved under the first prong. ASIC disagrees that a consumer like Wahl may rely on California Insurance Code section 790.03's policy against coercion to state an unfairness claim under the UCL. As explained above, however, the May 10 Order held that Wahl's FAC stated a claim under either the traditional balancing test or the legislative policy test espoused in *Cel-Tech*. Accordingly, the applicability of section 790.03 to Wahl's claim is not a controlling question of law. While it is true that the legal issue need not be dispositive to be "controlling," its resolution must promise to alter materially the outcome of the litigation. *Cement Litig.*, 673 F.2d at 1026. ASIC has not made such a showing here and its motion will therefore be denied.

C. Motion for Clarification

Finally, ASIC seeks clarification of the May 10 Order. A court may clarify its order for any reason. Properly understood, a request for clarification does not seek to "alter or amend the judgment" or require a "substantive change of mind by the court." *Bordallo v. Reyes*, 763 F.2d 1098, 1102 (9th Cir. 1985) (internal citation and quotation marks omitted). Instead, such a request "invite[s] interpretation, which trial courts are often asked to supply, for the guidance of the parties." *Id.* ASIC suggests clarification is particularly appropriate where an order "omit[s] key procedures for its enforcement, or may lead to confusion or disagreement among the parties." (Def.'s Mot. at 3:14-16.) ASIC contends the May 10 Order failed to provide a specific procedure according to which plaintiff may obtain from defendants information necessary to facilitate class notification.

NO. C 08-0555 RS
ORDER

5

The May 10 Order held that certification was appropriate and instructed that "[n]otice shall be provided to the class via U.S. certified mail to the last known address reflected on defendant['s] mailing records." The Order further stated that ASIC shall cooperate with class counsel in preparing a computerized mailing list. What ASIC contends the Order failed to do, was to provide a detailed procedure by which defendants may release the names and addresses of class members without violating those members' privacy rights. ASIC insists it cannot, consistent with the Insurance Information and Privacy Protection Act ("IIPPA"), Insurance Code section 791 *et seq.*, distribute class member names or addresses without some special protection for insureds. The defendant proposes the following procedure: (1) ASIC will first notify all class members that their names and information may be released; (2) each class member must authorize in writing the release; (3) class notice will only be sent to those members who agree to the release of their names and addresses.

Wahl vehemently disagrees that any clarification is necessary and, moreover, castigates ASIC's proposal as an attempt inappropriately to winnow down the class. Although Wahl presents several arguments, the simplest is persuasive: the language of the statute itself provides that an insurance company may disclose personal or privileged information (including names and addresses of insureds) "[i]n response to a facially valid administrative or judicial order, including a search warrant or subpoena." Cal. Ins. Code § 791.13(g). The May 10 Order instructs that notice shall be provided to class members pursuant to the "last known address reflected on defendants' mailing records." According to the plain language of the statute, then, defendants may release the limited information necessary to provide notice to the class without violating the statute's terms. The motion for clarification and any request to modify or restrict the class notification procedure is therefore denied.

IT IS SO ORDERED.

Dated: 07/20/2010

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

No. C 08-0555 RS
ORDER