**\*E-Filed 08/24/2010\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MICHELLE T. WAHL,

       Plaintiff,

  v.

AMERICAN SECURITY INSURANCE CO., et al.,

       Defendant.
_____/

No. C 08-0555 RS

**ORDER ON PLAINTIFF'S PROPOSED PLAN AND FORM OF CLASS NOTICE**

## I.  INTRODUCTION

On May 10, 2010, this Court entered an order granting class certification. The Court delineated the class, and instructed the parties to agree upon a form of class notice. The parties have exchanged numerous proposals, and have substantially agreed on the substance of a "long form" class notice. The parties disagree, however, as to whether plaintiffs should disseminate that class notice by sending potential class members a postcard directing them to a website that contains all of the information of the long form, or by directly mailing the long form notice itself.

## II.  LEGAL STANDARD

Once a class has been certified under Federal Rule Civil Procedure 23(b)(3), "the court must direct to all class members the best notice that is practicable under the circumstances." Fed. R. Civ.

Pro. 23(c)(2)(B). The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) the option for a class member to enter an appearance through an attorney if the member so desires; (v) a representation that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3). *Id*.

Adequate notice is essential to protecting the due process rights of class action litigants. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950). *See also Eisen v. Carlisle & Jacqueline*, 417 U.S. 156, 174, 176 (1974) (discussing the importance of due process in class action lawsuits). The purpose of notice is to "present a fair recital of the subject matter of the suit and to inform all class members of their opportunity to be heard." *In re Gypsum Antitrust Cases*, 565 F.2d 1123, 1125 (9th Cir. 1977). The notice must be reasonably calculated to apprise interested parties of the pendency of the action and afford them an opportunity to opt out. *Mullane*, 399 U.S. at 314.

### III. DISCUSSION

While the Ninth Circuit has not held that Rule 23 prohibits using a postcard for the purpose of class notification, it seems that where the Court has endorsed postcards is primarily in the context of notice of a class action settlement. *See e.g., Acosta v. Trans Union, LLC*, 243 F.R.D. 377, 383 (C.D. Cal. 2007) (endorsing postcard mailing to class members to announce details of the settlement); *In re M.L. Stern Overtime Lit.*, No. 07-CV-0118, 2009 WL 995864, at *6-7 (S.D. Cal. Apr. 13, 2009) (sending reminder postcards to class members who have not returned a claim form for settlement purposes); *Perez v. Asurion Corp.*, 501 F. Supp. 2d 1360, 1377 (S.D. Fla. 2007) (using one postcard to announce notice of class certification and of a class settlement). The defendant asserts that the distinction between initial notification and settlement is meaningful. They point to a recent case where a district court was presented with a plan for class notice similar to plaintiff's proposal in this case. *Larson v. Sprint Nextel Corp.*, No. 07-5325, 2009 WL 1228443, at *10 n.12 (D.N.J. Apr. 30, 2009). That court held that it is "inappropriate to circumvent the substantive requirements of notice by directing class members to a website link." *Id*. Additionally,

the substance of plaintiff's postcard, as currently presented, would not satisfy the specific requirements of Rule 23, as it does not adequately describe the nature of the class action and ASIC's defenses. Fed. R. Civ. Pro. Rule 23(c)(2)(B)(i), (iii). Even if it were possible to remedy the deficiencies of the postcard and include the relevant information pursuant to Rule 23, this might diminish the alleged benefits of the postcard because the print would most likely be illegible.

In contrast, the "long form" notice complies with the substantive requirements of Rule 23, and is therefore the "best notice that is practical under the circumstances." Fed. R. Civ. Pro. 23(c)(2)(B). In addition to expanding upon the information in the postcard, the long form contains a thorough description of ASIC's defenses, and clearly explains what it means to be part of a class action lawsuit. Plaintiff has not advanced a compelling reason as to why the best notice available should not be issued. In light of the due process concerns associated with class notification, the parties are ordered to send the long form notice, not the postcard, to all potential class members. The attached long form notice, representing a combination of the proposals, is adapted by the Court and will be used to provide notice to all potential class members. A copy of the notice in Word format will be emailed to the parties. Additionally, plaintiff may still proceed with her plan to institute a website for managing and providing supplemental information about this lawsuit. The parties should also make available a Spanish translation of the long form.

A Further Case Management Conference shall be held on October 21, 2010 at 10:00 a.m. in Courtroom 3 on the 17th floor of the United States Courthouse, 450 Golden Gate Avenue, San Francisco, California. The parties shall submit a Joint Case Management Statement at least one week prior to the Conference.

IT IS SO ORDERED.

Dated: 08/24/2010

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE