**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**
**Case No. C08-00555-RS**

| | |
|---|---|
| MICHELLE T. WAHL, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>   v.<br><br>AMERICAN SECURITY INSURANCE COMPANY; and DOES 1-50, inclusive,<br><br>        Defendant. | |

**FINDINGS AND ORDER CERTIFYING CLASS**
**FOR SETTLEMENT PURPOSES, DIRECTING THE ISSUANCE OF**
**CLASS NOTICE, AND SCHEDULING A FAIRNESS HEARING**

The Motion of Plaintiff Michelle T. Wahl (hereinafter the "Plaintiff"), in her individual and representative capacities, for preliminary approval of a settlement with American Security Insurance Company (hereinafter "ASIC" or "Defendant"), came before the Court on June 2, , 2011. Having considered Plaintiff's Motion, the Stipulation of Settlement dated May 10, 2011, including the Exhibits attached thereto (together, the "Stipulation of Settlement" or the "Settlement Agreement"), Defendant's response, and all other matters submitted concerning Plaintiff's Motion for preliminary approval of the settlement, the Court hereby preliminarily finds as follows:

1.      The Action involves a challenge to the practice of issuing lender-placed insurance ("LPI") in a residential homeowner mortgage context.   Defendant expressly denies any wrongdoing alleged in the Amended Complaint and other pleadings in this Action, and does not admit or concede any actual or potential fault, wrongdoing, or liability in connection with any facts or claims which have been or could have been alleged against it in this Action.

2.      From January 28, 2004 through the date of this Order ASIC has issued approximately 644,000 LPI Policies in California to approximately 528,000 Class Members.

3.      Plaintiff moved for certification of a class, and on May 10, 2010 the Court certified a class of California homeowners who were named as additional insureds under an ASIC LPI Policy issued since January 28, 2004, and who paid premiums for such policies "for any period during which prior homeowner insurance would have been in effect for the mortgage lender pursuant to the homeowners' Lender's Loss Liability Endorsement ("LLPE") had it not been cancelled by ASIC's placement of FPI." [Docket No. 131 at 14-15].  In the Stipulation of Settlement, the Parties have agreed to a modification of the certified class definition (as reflected below).

2

4.    Plaintiff and Defendant have negotiated a potential settlement of the Action to avoid the expense, uncertainties, and burden of protracted litigation, and to put to rest any and all claims or causes of action which have been or could be asserted by Plaintiff and/or other members of the Class (as defined below) in this Action against Defendant, and all of its past and present divisions, subsidiaries, parent companies, and affiliated companies (which shall include any person or entity which controls, is controlled by, or is under common control with any such party), including but not limited to any direct or indirect subsidiary or affiliate of Assurant, Inc.

5.    The Settlement proposed in the Stipulation of Settlement has been negotiated at arms-length and is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Class (as defined below) for settlement purposes.  The proposed Settlement was concluded only after counsel for Plaintiff had conducted broad due diligence inquiries (including the review of documents, and depositions of Defendant's representatives and others) and carefully evaluated the merits of Plaintiff's claims, and the defenses raised by Defendant.

6.    Certification of the settlement Class (as defined below) is appropriate under Rule 23 of the Federal Rules of Civil Procedure for the following reasons:

(a)    The requirements of Rule 23(a)(1) are met because the Class consists of thousands of policyholders who were additional insureds under a lender-placed fire or hazard insurance policy issued by ASIC, and who paid some or all of the premium under an ASIC lender-placed policy "for any period during which prior homeowner insurance would have been in effect for the mortgage lender pursuant to the homeowners' Lender's Loss Liability Endorsement ("LLPE") had it not been cancelled by ASIC's placement of FPI." [Docket No. 131 at 14-15]. The members of the Class are so numerous that it is impracticable to bring all Class Members before the Court.

(b)    The requirements of Rule 23(a)(2) are met because there is a community of interest among members of the Class in certain questions of fact or law which are common to the Class and are substantially similar. Those questions include, but are not limited to whether ASIC's issuance of a policy of fire or hazard insurance to the Class Member's lender/servicer, where the Class Members are additional insureds for any period during which prior homeowner insurance would have been in effect for the mortgage lender pursuant to the homeowners' LLPE had it not been cancelled by ASIC's placement of lender-placed insurance, was an "unfair" practice under the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*

(c)    The requirements of Rule 23(a)(3) and (4) are met because the claim of the representative Plaintiff is typical of the claims of the Class, and the representative Plaintiff will fairly and adequately protect the interests of the putative Class, in that (i) the interests of the named Plaintiff are consistent with those of the putative Class; (ii) there are no apparent conflicts between or among the named Plaintiff and the putative Class; (iii) the representative Plaintiff has been and is capable of continuing to be an active participant in both the prosecution of, and the negotiations to settle, the Action; and (iv) the representative Plaintiff and the Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting class actions, including those involving the sort of practices alleged in the Complaint.

(d)    Certification of the Class is appropriate under Rule 23(b)(3) because the questions of law or fact common to members of the Class predominate over any questions affecting only individual Class Members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. In making

these findings, the Court has considered, among other factors, (i) the interest of Class Members in individually controlling the prosecution or defense of separate actions; (ii) the impracticability or inefficiency of prosecuting or defending separate actions; (iii) the extent and nature of any litigation concerning these claims already commenced; and (iv) the desirability of concentrating the litigation of the claims in a single forum.

7.     The proposed Settlement described in the Settlement Agreement is sufficient to warrant (a) notice thereof to the members of the Class and (b) a full hearing on the Settlement.

8.     The Mail Notice, creation of the Internet site and the creation of the IVR toll-free telephone number system, as defined in the Stipulation of Settlement and as set forth in Paragraph 14 below, comply fully with the requirements of Rules 23(c)(2) and 23(e)(1) of the Federal Rules of Civil Procedure and due process, constitute the best notice practicable under the circumstances, and are due and sufficient notices to all persons entitled to notice of the Settlement of this lawsuit. The Court finds that the respective first class mailing, Internet site and IVR phone system distributed or available to the Class constitute the best notice practicable under the circumstances, and comply fully with Rules 23(c)(2) and 23(e)(1).  The Court notes further that the Mail Notice is written in simple language and readily understandable by Class Members.  In sum, the Court finds that such notice methodology is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to be provided with notice, and that it meets the requirements of due process and the Rules of this Court.

**IT IS THEREFORE ORDERED THAT:**

9.     <u>Preliminary Approval of Settlement</u>.  The settlement is preliminarily approved as in the best interest of the Class.

10.    Preliminary Certification of the Settlement Class.

(a)    The class definition certified by this Court on May 10, 2010 [Docket No. 131 at 14-15], is modified so that the class is now defined as: all current and former California homeowner/borrowers who during the period from January 28, 2004 through date of this Preliminary Approval Order were additional insureds under a lender and/or servicer placed residential fire or hazard insurance policy issued by American Security Insurance Company ("ASIC") insuring improvements to the homeowner/borrowers' real property (an "LPI policy"), who paid some or all of the first year premiums for an ASIC LPI policy. Excluded from the Class are (i) individuals who are or were during the period from January 28, 2004 through the date of this Preliminary Approval Order, officers, directors or employees of ASIC, and (ii) all individuals who request to be excluded from the Class pursuant to Paragraph 17 of this Order (the "Class").

(b)    The Class Period shall mean the period commencing on January 28, 2004 and continuing through and including the date of this Preliminary Approval Order.

11.    Designation of Class Representatives. Plaintiff Michelle T. Wahl is designated as representative of the Class for the sole purpose of seeking a settlement of the Action.

12.    Designation of Class Counsel.   The law firms of STEMBER FEINSTEIN DOYLE & PAYNE, LLC, 429 Forbes Avenue, Allegheny Building, 17th Floor, Pittsburgh, Pennsylvania 15219, PIETZ LAW OFFICE, 429 Forbes Avenue, Suite 1616, Pittsburgh, PA 15219, and YUNKER & SCHNEIDER, 655 West Broadway, Suite 1400, San Diego, California 92101, are hereby designated as Class Counsel for the Class.

13.    Fairness Hearing. A hearing (the "Fairness Hearing") will be held at __3__ 30 p _.m. on _September 29_____, 2011 in Courtroom 3, 17th Floor at the Phillip Burton

Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102 before the Honorable Richard Seeborg, to determine: (i) whether the settlement of the Action should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement and Stipulation of Settlement; (iii) whether Class Members should be bound by the Release set forth in the proposed Settlement; (iv) whether Class Members should be subject to a permanent injunction which, among other things, bars Class Members from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit in any jurisdiction based on or relating to the claims and causes of action, or the facts and circumstances related thereto, in this Action and/or the Released Claims (as defined in the Stipulation of Settlement); and (v) whether the application of Class Counsel for an award of Attorneys' Fees and expenses, and the proposed Incentive Payment to Plaintiff, should be approved.

    14.   <u>Notices.</u>

    (a)    The Mail Notice shall be mailed not less than seventy five (75) days before the date set by the Court for a Fairness Hearing regarding the Settlement. Prior to posting of the Mail Notice by the Settlement Administrator with the United States Postal Service, the Settlement Administrator shall utilize the National Change of Address database (the "NCOA") in an attempt to obtain the most current addresses for those receiving the Mail Notice. The Settlement Administrator shall utilize a return address for the Settlement Administrator on the envelopes containing the Mail Notice. After the posting of the Mail Notice by the Settlement Administrator with the United States Postal Service, for any Mail Notices returned as undeliverable, the Settlement Administrator shall utilize the services of a commercial database resources entity (e.g., Accurint,

TransUnion, etc.), and attempt to obtain current mailing addresses for such returned Notices, and should the commercial database show a more current address, the Settlement Administrator shall re-post the returned Mail Notice to the more current address; provided however, if a determination is made in good faith by the Settlement Administrator that it is not possible to further update any particular Class member's address(es) in sufficient time to re-post the Class Notice(s) at least fourteen (14) days before the Fairness Hearing, then the Settlement Administrator shall immediately so notify Class Counsel and Defendant's Counsel, and need not make any further efforts to provide further Mail Notice to such person(s).

(b)    The Mail Notice shall detail how those Class members so desiring may opt out or object to the Settlement, and how members of the Class may make a Claim for Claim Settlement Relief as described in the Stipulation of Settlement.  The Mail Notice shall include the form of Instructions and a Claim Form appearing as Exhibit B to the Stipulation of Settlement, and the IVR phone number and web site as described in Sections V(C) and V(D) of the Stipulation of Settlement.  The form of the Mail Notice (including the Class Action Claim form) shall be in the form attached as Exhibit A to the Stipulation of Settlement (provided that the font size, folding, and other printing elements or presentation may be adjusted to accommodate a booklet or other format and for efficient envelope and postage considerations).

(c)    No later than the date of posting for the Mail Notice, the Defendant shall direct the Settlement Administrator to establish an Internet site which shall contain copies of the Stipulation of Settlement and Exhibits and the Mail Notice, an agreed set of Frequently Asked Questions ("FAQs") concerning the Action, the opt-out process, and

the Claims process, together with agreed responses, and such other documents as may be agreed to by Counsel to the Parties.  The Internet site shall also contain the Instructions and Class Action Claim Form appearing as Exhibit B to the Stipulation of Settlement which may be downloaded or printed from the Internet site.  The Internet site shall have a Uniform  Resource  Locator  which  identifies  the  Internet  site  as  the www.WahlCALender-PlacedSettlementInfo.com site.  The Internet site shall remain open and accessible through the last day for Class Members to submit a Claim for Claim Settlement Relief, which is anticipated to be October 31, 2011.

(d)     The Settlement Administrator shall establish a toll-free interactive voice response phone number with script recordings of information about this Settlement utilizing the relevant portions of the language contained in the Mail Notice, and further utilizing the FAQs as described in Section V(C) of the Stipulation of Settlement.  The IVR phone number shall remain open and accessible through the last day for Class Members to submit a Claim for Claim Settlement Relief, which is anticipated to be October 31, 2011.

(f)     At or before the Fairness Hearing, Defendant obtain from the Settlement Administrator and shall file with the Court a proof of mailing of the Mail Notice and establishment of the IVR phone line and Internet site.

15.     Communications. Defendant, including its representatives, agents, managers, and other support or retained personnel, are authorized to communicate with and respond to inquiries from policyholders that are unrelated to the Action and/or the Settlement, whether or not they are Class Members, orally and/or in writing, and to engage in any other communications within the normal course of Defendant's business.  However, Defendant shall make commercially

reasonable efforts to refer any inquiries from Class Members concerning the Action and/or this Settlement to Class Counsel.

16.     <u>Administrators</u>.  The Court authorizes and directs Defendant to retain one or more Administrators to implement the terms of the proposed settlement, including Rust Consulting, Inc., and authorizes and directs such Administrators to (i) mail the Mail Notice, (ii) establish the IVR phone line system, (iii) establish the Internet site, (iv) receive and process settlement claims, and (v) carry out such other responsibilities as are provided for in the Settlement Agreement or may be agreed to by the Parties in the Action.

17.     <u>Exclusion</u>.  Any Class Member who wishes to be excluded from the Class must send a written request for exclusion to the Clerk of the Court, by first-class mail, postage prepaid, to the address provided in the Mail Notice and Internet site.  Any such exclusion request must be postmarked no later than thirty (30) days before the Fairness Hearing.  If the proposed settlement is approved, any Class Member who has not submitted a timely, written request for exclusion from the Class shall be bound by all subsequent proceedings, orders, and judgments in this Action, even if he or she has pending, or subsequently initiates, litigation against Defendant relating to the claims released in the Stipulation of Settlement.

18.     <u>Objections and Appearances</u>.

(a)     <u>Written Objections</u>.  Any Class Member who has not filed a timely written request for exclusion and who complies with the requirements of this paragraph may object to any aspect of the proposed settlement either on his or her own or through an attorney hired at his or her expense.  Any Class Member who wishes to object to the proposed settlement must file with the Court and serve on Lead Counsel and Defendant's Counsel a written statement of objection no later than thirty (30) days before the Fairness

Hearing. Such statement shall include the specific reason(s) for each objection, including any legal support, evidence, papers or briefs that the Class Member wishes the Court to consider, shall include a reference to the case number, and shall be provided to each of the following:

Clerk of the Court
Wahl Lender-Placed Insurance Settlement
United States District Court for the Northern District of California
[P.O. Box obtained as set forth in Section 19 below]
_____, _____ _____

Joseph N. Kravec, Jr.
STEMBER FEINSTEIN DOYLE & PAYNE, LLC
429 Forbes Avenue
Allegheny Building, 17th Floor
Pittsburgh, Pennsylvania 15219
Telephone: (412) 281-8400
Facsimile: (412) 281-1007
E-Mail: jkravec@stemberfeinstein.com

and

James M. Pietz
PIETZ LAW OFFICE
429 Forbes Avenue, Suite 1616
Pittsburgh, PA 15219
Telephone: (412) 288-4333
Facsimile: (412) 288-4334
Email: jpietz@jpietzlaw.com

and

Stephen F. Yunker
YUNKER & SCHNEIDER
655 West Broadway, Suite 1400
San Diego, California 92101
Telephone: (619) 233-5500
Facsimile: (619) 233-5535
E-mail: sfy@yslaw.com

*Counsel for Plaintiff and the Class*

11

Frank Burt
JORDEN BURT LLP
Suite 400 East
1025 Thomas Jefferson Street, NW
Washington, DC 20007-0805
Telephone: 202-965-8140
Facsimile: 202-965-8104
E-mail: fgb@jordenusa.com

*Counsel for Defendant*

Any Class Member who does not timely file and serve a written objection pursuant to the terms of this Paragraph 18(a) shall be deemed to have waived, and shall be foreclosed from raising, any objection to the settlement, and any objection that is not timely made shall be barred.

(b)     Appearance at Settlement Hearing.  Any Class Member who files and serves a timely written objection pursuant to the terms of Paragraph 18(a) of this Order and complies with the requirements of this Paragraph may also appear at the Fairness Hearing either in person or through counsel retained at the Class Member's expense. Class Members or their attorneys intending to appear at the Fairness Hearing must serve on Lead Counsel and Defendant's Counsel, and file with the Court, at the addresses specified in Paragraph 18(a) of this Order, no later than thirty (30) days before the Fairness Hearing, a notice of intention to appear, setting forth the case number, and the name, address, and telephone number of the Class Member (and, if applicable, the name, address, and telephone number of the Class Member's attorney).  Any Class Member who does not timely file and serve a notice of intention to appear pursuant to the terms of this Paragraph 18(b) shall not be permitted to appear, except for good cause shown.

19.     Post Office Box.  The Settlement Administrator, or its designated agents, are directed to rent one or more post office boxes in the name of the Clerk of the Court to be used for

12

receiving requests for exclusion, objections, and any other Class Member communications. In addition to the Court and the Clerk of the Court, only Defendant's Counsel, Class Counsel, the Settlement Administrator, and their designated agents shall have access to the post office box.

20.     Access to Discovery Materials. Class Counsel shall make available for inspection by any Class Member during regular business hours, at the Class Member's expense, the documents produced through discovery to Class Counsel by Defendant in this Action. These documents shall be made available for inspection at the offices of YUNKER & SCHNEIDER, 655 West Broadway, Suite 1400, San Diego, California 92101. Any Class Member wishing to obtain access to these materials must first enter into a Stipulation of Confidentiality, the form of which, incorporated into this Order by reference, is attached as Exhibit C to the Stipulation of Settlement. Any breach of such a Stipulation of Confidentiality shall constitute a violation of this Order and may, upon application to this Court by any party aggrieved by the violation, result in an order of contempt of court or other sanctions. If a Class Member hires an attorney to represent him or her in connection with the review of such documents, the attorney must (i) file a notice of appearance with the Clerk of the Court at the address specified in Paragraph 18(a) of this Order no later than the earlier of the day before the documents are reviewed or thirty (30) days before the Fairness Hearing; and (ii) serve on Class Counsel and Defendant's Counsel at the addresses specified in Paragraph 18(a) of this Order a copy of the notice of appearance no later than the earlier of the day before the documents are reviewed or thirty (30) days before the Fairness Hearing.

21.     Preliminary Injunction. All Class Members who have not timely excluded themselves from the Class are hereby enjoined from (i) filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit in any jurisdiction

13

based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or the Released Claims (as that term is defined in the Stipulation of Settlement); or (ii) organizing any Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or the Released Claims.

22.   Service of Papers. Defendant's Counsel and Class Counsel shall serve on each other and on all other parties who have filed notices of appearance, at or before the Fairness Hearing, any further documents in support of the proposed Settlement, including responses to any papers filed by Class Members. Defendant's Counsel and Class Counsel shall promptly furnish to each other any and all objections or written requests for exclusion that may come into their possession and shall file such objections or requests for exclusion with the Court on or before the date of the Fairness Hearing.

23.   Termination of Settlement. This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (i) the proposed Settlement is not finally approved by the Court, or does not become final, pursuant to the terms of the Stipulation of Settlement; or (ii) the proposed Settlement is terminated in accordance with the Stipulation of Settlement or does not become effective as required by the terms of the Stipulation of Settlement for any other reason. In such event, and except as provided therein, the proposed Settlement and Stipulation of Settlement shall become null and void and be of no further force

14

and effect, and neither the Stipulation of Settlement nor the Court's orders, including this Order, shall be used or referred to for any purpose whatsoever.

24.    <u>Use of Order Following Termination of Settlement</u>.  This Order shall be of no force and effect if the Settlement does not become final and shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach of liability, or by or against Plaintiff or the Class Members that their claims lack merit or that the relief requested in the Class Complaint is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses they may have.

25.    <u>Continuance of Hearing</u>.  The Court reserves the right to continue the Fairness Hearing without further written or other notice.

IT IS SO ORDERED.

_____
Richard Seeborg
UNITED STATES DISTRICT COURT JUDGE

Dated: June 2, 2011