**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**
**Case No. C08-00555-RS**

MICHELLE T. WAHL, on behalf of herself
and all others similarly situated,

        Plaintiff,

   v.

AMERICAN SECURITY INSURANCE
COMPANY; and DOES 1-50, inclusive,

        Defendant.

# FINAL ORDER AND JUDGMENT

Based upon the submissions of the Parties,

IT IS ORDERED, ADJUDGED AND DECREED:

1.      This Final Order and Judgment incorporates herein and makes a part hereof (i) the Stipulation of Settlement, dated May 10, 2011 (a copy of which, without exhibits, is appended hereto as Exhibit (1)); and (ii) Exhibit A (Mail Notice, a/k/a Notice of Class Action, Proposed Settlement, Fairness Hearing, and Right to Appear, Instructions and Class Action Claim Form), Exhibit B (Instructions and Claim Form), Exhibit C (Stipulation of Confidentiality), Exhibit D, (Findings and Order Certifying Class for Settlement Purposes, Directing the Issuance of Class Notice, and Scheduling a Fairness Hearing), and Exhibit E (Final Order and Judgment), all of which are exhibits to the Stipulation of Settlement.  The Parties are hereby authorized to agree to and adopt such amendments to, and modifications and expansions of, the Stipulation of Settlement and all exhibits thereto (the "Stipulation of Settlement") as (a) shall be consistent in all material respects with this Final Order and Judgment and (b) do not limit the rights of Class Members; otherwise, such amendments, modifications, and expansions shall only be after notice to and approval of the Court.  Defined terms in this Final Order and Judgment shall have the same meanings as in the Stipulation of Settlement.

2.      A class for settlement purposes is hereby finally certified consisting of all current and former California homeowner/borrowers who during the period from January 28, 2004 through June 2, 2011 were additional insureds under a lender and/or servicer placed residential fire or hazard insurance policy issued by American Security Insurance Company ("ASIC") insuring improvements to the homeowner/borrowers' real property (an "LPI policy"), who paid some or all of the first year premiums for an ASIC LPI policy.  Excluded from the Class are (i) individuals who are or were during the period from January 28, 2004 through June 2, 2011

officers, directors or employees of ASIC, and (ii) all individuals who requested to be excluded from the Class (the "Class").  The Class Period shall mean the period commencing on January 28, 2004 and continuing through and including June 2, 2011.  A list of those persons who have excluded themselves from the Class, and who are therefore not bound by this Final Order and Judgment, is attached as Exhibit A to the Declaration of Tore Hodne, filed on September 14, 2011 [Docket No. 180-4], and is incorporated herein and made a part hereof.

3.      The terms and provisions of the Stipulation of Settlement, including all exhibits thereto, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Class Members.  The Parties and Class Members are hereby directed to implement and consummate the Stipulation and Settlement, according to its terms and provisions; and, at Defendant's sole discretion, the Parties may implement the Settlement, in whole or in part, finally or provisionally, prior to the Final Settlement Date (as the term is defined in the Stipulation of Settlement), as provided in the Stipulation of Settlement.

4.      The Court makes the following findings on notice to the Class:

(a)      The Court finds that the distribution of the Mail Notice, the creation of the IVR toll-free telephone number system, and creation of the Internet site, all as provided for in the Stipulation of Settlement and Preliminary Approval Order of June 2, 2011, (i) constituted the best practicable notice under the circumstances to Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, their right to object or to exclude themselves from the proposed Settlement, and their right to appear at the Fairness Hearing, (iii) was reasonable and constituted due, adequate, and sufficient notice to all

persons entitled to be provided with notice, and (iv) complied fully with the requirements of the United States Constitution and the Rules of the Court.

(b)     The Court finds that the notice materials and the notice methodology set forth in the Stipulation of Settlement, the Preliminary Approval Order, and this Final Order and Judgment (i) constitute the most effective and practicable notice of the Final Order and Judgment, the relief available to Class Members pursuant to the Final Order and Judgment, and applicable time periods; (ii) constitute due, adequate, and sufficient notice for all other purposes to all Class Members; and (iii) comply fully with the requirements of the United States Constitution and the Rules of this Court.

5.     The Plaintiff Michelle T. Wahl (hereinafter the "Plaintiff"), as representative of the Class, and Class Counsel have adequately represented the Class for purposes of entering into and implementing the Settlement.

6.     The terms of the Stipulation of Settlement and of this Final Order and Judgment, including all exhibits thereto, shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits maintained by the Plaintiff and all other Class Members, as well as their heirs, executors and administrators, successors, and assigns.

7.     The following Release, which is also set forth in Section VIII of the Stipulation of Settlement, is expressly incorporated herein in all respects and is effective as of the date of this Final Order and Judgment; and the Releasees (as that term is defined below and in the Stipulation of Settlement) are forever discharged from any claims or liabilities arising from or related to the Released Claims (as that term is defined below and in the Stipulation of Settlement).

A.    <u>**Release And Waiver - Definitions**</u>

For purposes of this release and waiver (the "Release"):

(i)    The term "<u>Releasees</u>" means American Security Insurance Company, doing business in its own name, and its predecessors, successors and assigns, and all of its respective past and present divisions, subsidiaries, parent companies, and affiliated companies (which shall include any person or entity which Controls, is Controlled by, or is under Common Control with any such party), including but not limited to any direct or indirect subsidiary of Assurant, Inc., and all of the officers, directors, employees, agents, brokers, distributors, representatives and attorneys of all such entities.  Releasees shall also specifically include all lenders, servicers, agents or any of their affiliated entities purchasing or originating the issuance of a Policy or Policies by American Security Insurance Company, and all of their respective past and present divisions, subsidiaries, parent companies, and affiliated companies (which shall include any person or entity which Controls, is Controlled by, or is under Common Control with any such party).  The term "Control" (including without limitation, with correlative meaning, the terms "Controlled by" and "under Common Control with"), as used with respect to any entity, means the possession, directly or indirectly, of the power to direct or cause the direction of the management and policies of such entity, whether through ownership of voting securities or otherwise.

(ii)    The term "Released Claims" means all claims and causes of action arising out of the facts alleged in the Action which have been, or could have been, may be, or could be alleged or asserted in the Action by Plaintiff or the Class Members against Releasees.

(iii)    "<u>Policy</u>" or "<u>Policies</u>" means where Class Members were additional insureds under a lender and/or servicer placed residential fire or hazard (but not flood) insurance

policy issued by American Security Insurance Company insuring improvements to the homeowner/borrowers' real property during the period from January 28, 2004 to June 2, 2011.

(iv)    All other capitalized terms used in the Release shall have the meanings ascribed to them in the Settlement Agreement.

**B.    <u>Release and Waiver</u>**

(i)    Plaintiff and all Class Members (who have not been excluded) hereby expressly agree that they shall not now nor hereafter institute, maintain, assert, or participate in any action or claim bringing any of the Released Claims against the Releasees, either directly or indirectly, derivatively, on their own behalf, on behalf of the Class, or on behalf of any other person or entity, and release and discharge the Releasees from any and all causes of action, claims, damages, equitable, legal, and administrative relief, interest, demands, or rights arising out of the Released Claims, including, without limitation, claims for premium refunds, restitution, equitable relief, bad faith, mental anguish or other claims, whether based on federal, state, or local law, statute, ordinance, regulation, contract, common law, or any other source.

(ii)    This Release and Waiver is limited to the Released Claims, whether as alleged in the Action, or as alleged in the past, present, or future in any other court action or before any administrative body (including any state insurance department or other regulatory entity or organization), tribunal, arbitration panel, or other adjudicatory body, on the basis of, connected with, arising out of, or related to, in whole or in part, the Released Claims and any performance, servicing and/or administration relating to the Released Claims or the Policies, which include without limitation:

a.    any or all of the acts, omissions, facts, matters, transactions, or occurrences arising out of the facts alleged in the Action which have been, could have

been, or were directly or indirectly alleged, asserted, described, set forth or referred to in the Action;

b. any or all of the acts, omissions, facts, matters, transactions, occurrences, sales presentations, disclosures, advertisements, applications, enrollment documents, or any oral or written statements, disclosures or representations allegedly made in connection with or directly or indirectly relating to the Released Claims, including without limitation any acts, omissions, facts, matters, transactions, occurrences, illustrations, disclosures, advertisements, applications, enrollment documents, or oral or written statements or representations in connection with the Released Claims relating to:

(1) the potential continuation of coverage under a Lender Loss Payable Endorsement, and/or the issuance of a Policy or Policies or the right to a refund of earned or unearned premium in connection with the Released Claims;

(2) any act, transaction, practice or conduct arising or occurring prior to the end of the Class Period in connection with the Released Claims, which is actionable, or claimed to be actionable, based on the facts alleged in the Action, under any statutory or common law of the United States or any state thereof;

(3) any act or omission arising out of the facts of the Action which existed or occurred, or presently exists, or may in the future exist or occur, as a result of any act, transaction, practice or conduct in connection with the Released Claims which occurred prior to the end of the Class Period; and/or

(4) any other act, transaction, practice or conduct whatsoever arising out of the facts alleged in the Action that occurred prior to the end of the Class Period, whether or not Plaintiff or Members of the Class presently have

knowledge of the acts, transactions, practices, conduct or other matters covered herein;

c.      any and all claims for Attorneys' Fees, litigation costs, or disbursements incurred by Class Counsel or any other counsel representing Plaintiff or the Class Members, or by Plaintiff or the Class Members, or any of them, in connection with or related in any manner to the Action, the settlement of the Action, the administration of such Settlement, and/or the Released Claims, except to the extent otherwise specified in this Stipulation of Settlement; and

d.      any or all acts, omissions, facts, matters, transactions, occurrences, or oral or written statements or representations in connection with, or directly or indirectly relating to, the Stipulation of Settlement or the settlement of the Action.

(iii)      In connection with this Release and Waiver, Plaintiff and the Class Members acknowledge that they are aware that they may hereafter discover claims presently unknown or unsuspected, or facts in addition to or different from those which they now know or believe to be true with respect to the matters released herein.  Nevertheless, it is the intention of Plaintiff and the Class Members in executing this Release and Waiver to fully, finally, and forever settle and release all such matters, and all claims relating thereto, that exist, hereafter may exist, or might have existed (whether or not previously or currently asserted in any action, including the Action).  The Plaintiff and the Class Members expressly understand and acknowledge that it is possible that unknown losses or claims exist or that present losses may have been underestimated in amount or severity.  Plaintiff and the Class Members explicitly took that into account in entering into this Stipulation of Settlement, and a portion of the consideration and the mutual covenants contained herein, having been bargained for with the knowledge of the

possibility of such unknown claims, were given in exchange for a full accord, satisfaction, and discharge of all such claims.  Consequently, Plaintiff and the Class Members expressly waive, and shall be deemed to have waived and relinquished, to the fullest extent permitted by law, all provisions, rights and benefits of California Civil Code section 1542 (and equivalent, comparable, or analogous provisions of the laws of the United States or any state or territory thereof, or of the common law).  Section 1542 provides that:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

Plaintiff and the Class Members agree and acknowledge that this provision is an essential term of the Settlement Agreement and this Release and Waiver.

(iv)    Except for the express terms of the Release and Waiver stated above, nothing in this Release shall be deemed to: (i) alter a Class Member's contractual rights under any LPI Policy with ASIC to make a claim for benefits provided by such LPI Policy that were payable previously, or are payable now, or will become payable in the future pursuant to the express written terms of such LPI Policy; or (ii) release a Class Member's right to assert any claims that independently arise from acts, facts, or circumstances arising after the end of the Class Period; or (iii) affect any claims not arising from, nor regarding, nor relating in any way to the Released Claims.

(v)     Nothing in this Release and Waiver shall preclude any action to enforce the terms of the Stipulation of Settlement.

(vi)    The Parties hereby agree and acknowledge that the provisions of this Release and Waiver together constitute an essential term of the Stipulation of Settlement.

8.      Paragraph 7 of this Final Order and Judgment covers, without limitation, any and all claims for Attorneys' Fees, costs, or disbursements incurred by Class Counsel or any other counsel representing Plaintiff or Class Members, or incurred by Plaintiff or the Class Members, or any of them, in connection with or related in any manner to this Action, the settlement of this action, the administration of such Settlement and/or the Released Transactions, except to the extent specified in this Final Order and Judgment and the Stipulation of Settlement.

9.      All Class Members who did not timely exclude themselves from the Class are, from this day forward, hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any lawsuit in any jurisdiction based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or the Released Claims (as those terms are defined in the Stipulation of Settlement); and all Class Members who did not timely exclude themselves from the Class are barred from organizing Class Members, or soliciting the participation of Class Members, in a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action in any jurisdiction) based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or the Released Claims (as that term is defined in the Stipulation of Settlement and above).

10.     The Defendant is ordered to implement the terms and conditions of the Stipulation of Settlement, including timely submitting and diligently pursuing the Initial Rate Application and related premium reduction described in Section III(A) of the Stipulation of Settlement, and further including payment to all Class Members who have not excluded themselves from this

Settlement and who submit a timely, valid Claim Form pursuant to Sections III(B) and IV of the Stipulation of Settlement, accompanied by the required verification documentation described in Subsection III(B)(1) of the Stipulation of Settlement, which payment shall be six (6%) percent of the amount of each LPI Policy's annual premium for the first year of issuance. Such Class settlement relief shall be paid by Defendant without interest by check; provided however, that any such check which has not been negotiated by the payee within ninety (90) days after issuance shall be cancelled, and neither the Defendant nor the Settlement Administrator shall have any further obligation to continue efforts to distribute settlement relief to such Class Member.

11.     Class Counsel is hereby awarded attorneys' fees and reimbursements of their disbursements and expenses in the amount of $4,950,000.00 to be paid by Defendant to STEMBER FEINSTEIN DOYLE & PAYNE, LLC, 429 Forbes Avenue, Allegheny Building, 17th Floor, Pittsburgh, Pennsylvania 15219, PIETZ LAW OFFICE, 429 Forbes Avenue, Suite 1616, Pittsburgh, PA 15219, and YUNKER & SCHNEIDER, 655 West Broadway, Suite 1400, San Diego, California 92101.  Such fees are to be paid by Defendant within fifteen (15) days of the Final Settlement Date (as defined in the Stipulation of Settlement).

12.     The Court finds and determines that an incentive award of $15,000.00 is due and payable to Plaintiff Michelle T. Wahl for her services and efforts in the representation of the Class, which shall be payable by Defendant to them within fifteen (15) days after the Final Settlement Date (as defined in the Stipulation of Settlement).

13.     The Court has personal jurisdiction over the parties and the Class Members, and it has subject matter jurisdiction to approve the Stipulation of Settlement, including all exhibits thereto, and enter this Final Order and Judgment.  Without in any way affecting the finality of

this Final Order and Judgment, this Court hereby retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Stipulation of Settlement and of this Final Order and Judgment, and for any other necessary purpose.

14.     Pursuant to Federal Evidence Code section 408, neither this Final Order and Judgment nor the Stipulation of Settlement (nor any document referred to herein or any action taken to carry out this Final Order and Judgment) is, may be construed as, or may be used as an admission or concession by or against Defendant of the validity of any claim or any actual or potential fault, wrongdoing, or liability whatsoever.  Entering into or carrying out the Stipulation of Settlement (including the exhibits thereto), and any negotiations or proceedings related thereto, shall not in any event be construed as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses by Defendant, and shall not be offered or received in evidence in any action or proceeding against any party hereto in any court, administrative agency, or other tribunal for any purpose whatsoever, other than as evidence of the settlement or to enforce the provisions of this Final Order and Judgment and the Stipulation of Settlement; provided however, this Final Order and Judgment and the Stipulation of Settlement (including the exhibits thereto) may be filed in any action against or by Defendant or Releasees (as that term is defined in the Stipulation of Settlement) to support a defense of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.  Nothing in this Paragraph 14 of this Order is intended to alter or expand the provisions of Federal Evidence Code section 408 insofar as this Final Order and Judgment, and/or the Stipulation of Settlement (and/or any document referred to therein, or any action taken to carry out this Final Order and Judgment).

15.     This action, including all individual claims and Class claims presented herein, is hereby dismissed on the merits and with prejudice against the Plaintiff and all other Class Members, without fees or costs to any party except as otherwise provided herein.

LET JUDGMENT BE ENTERED ACCORDINGLY:

_____
                    Richard Seeborg
          UNITED STATES DISTRICT COURT JUDGE

Dated: September 30,  2011

242092v3DC