UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE T. WAHL,<br><br>    Plaintiff,<br><br>    v.<br><br>AMERICAN SECURITY INSURANCE COMPANY,<br><br>    Defendant. | Case No. 08-cv-00555-RS<br><br>**ORDER DENYING MOTION TO ENFORCE SETTLEMENT** |

A settlement in this class action was given final approval in 2011 and judgment was entered. Defendant American Security Insurance Company ("ASIC"), now seeks an order barring Javier and Lydia Salas, whom it contends are class members, from pursuing an action against it in Los Angeles Superior Court ("the Salas action"). Pursuant to Civil Local Rule 7-1(b), defendant's motion is suitable for disposition without oral argument, and the hearing set for October 8, 2015 is vacated. The motion will be denied.

*The Facts of this Action*

In 2004, plaintiff Michelle T. Wahl signed a note and accompanying deed of trust on her residence in favor of her lender. The deed required, among other things, that Wahl keep the residence insured. To comply with that requirement, Wahl purchased a homeowner's insurance policy from Farmers' Insurance ("the Farmers Policy").

The Farmers Policy included, among other provisions, a standard Lender's Loss Payable

Endorsement clause ("LLPE"). As explained in a prior order, in essence, an LLPE serves to ensure that if a homeowner's insurance policy is cancelled for failure to pay premiums the lender's interest in the property will continue to be insured for a period of time, to permit the lender either to make the premium payments itself, or to arrange for alternate coverage.

In early 2006, Wahl failed to pay the premium on the Farmers Policy. After further notice with an opportunity to cure, Farmers mailed Wahl a notice indicating that her policy had been cancelled and that her home was no longer insured. This notice was copied to her lender.

At the time of these events, the lender had a standing contract for "force-placed" insurance ("FPI") coverage with ASIC, which provided that whenever a borrower failed to keep his or her homeowner's insurance intact, ASIC FPI coverage would come into effect immediately and automatically. In accordance with this arrangement, ASIC began covering the lender's interest in Wahl's property as of the cancellation date of the Farmers Policy.

The lender then sent Wahl a letter indicating that it had secured temporary insurance coverage in the form of a 60-day binder through ASIC. The letter explained that if Wahl did not supply proof of insurance coverage, the lender would obtain a lengthier FPI policy and charge it to her account. The lender later also sent a follow-up letter repeating this information. Both letters cautioned that the FPI on Wahl's behalf would likely be more expensive than any insurance she could procure herself. Despite these warnings, Wahl failed to secure another insurance policy on her own until July of 2007, at which time the ASIC policy was cancelled.

Wahl brought this action as a putative class action, asserting that ASIC's conduct was wrongful in several respects and under several legal theories. A primary thrust of the claims was that the insurance coverage was duplicative and unnecessary with respect to the time period in which the Farmer's LLPE continued to protect the lender's interest in the property, despite the cancellation of the policy itself.

After motion practice disposed of many of the claims, a class was certified to pursue a claim under the Unfair Competition Law. The certified class was described as:

> a. All current and former California insureds or additional insureds

named under a force placed insurance ("FPI") Policy issued by American Security Insurance Company ("ASIC") at any time since January 28, 2004;

b. Who were charged premiums for an ASIC FPI Policy; and

c. Such payments for the ASIC FPI Policy included premiums for any period during which prior homeowner insurance would have been in effect for the mortgage lender pursuant to the homeowners' Lender's Loss Liability Endorsement ("LLPE") had it not been cancelled by ASIC's placement of FPI.

The parties subsequently reached a settlement. The class definition of the settlement, approved by the Court, was arguably somewhat broader. With certain exclusions not relevant here, it was set out as:

all current and former California homeowner/borrowers who during the period from January 28, 2004, through June 2, 2011 were additional insureds under a lender and/or servicer placed residential fire or hazard insurance policy issued by American Security Insurance Company ("ASIC") insuring improvements to the homeowner/borrowers' real property (an "LPI policy"), who paid some or all of the first year premiums for an ASIC LPI policy.

Pursuant to the settlement and final judgment in this action, class members have released, and may be enjoined from pursuing, any and all "claims and causes of action arising out of the facts alleged in the Action which have been, or could have been, may be, or could be alleged or asserted in the Action by Plaintiff or the Class Members against Releasees." [1]

*The facts of the Salas Action*

In their pleadings filed in Los Angeles Superior Court, Javier and Lydia Salas allege that they refinanced their home with Wells Fargo Bank in 2010. The parties' agreement called for the Salases to pay their homeowners' insurance premiums through an escrow account, such that the premiums would be included in their monthly mortgage payments. Wells Fargo was to pay the insurer from the escrow, when billed. The Salases contend that their insurer duly billed the

---

[1] "Releasees" is defined as ASIC and specified related persons and entities.

escrow account, but that Wells Fargo failed to pay. Instead, Wells Fargo obtained FPI insurance through ASIC, at a substantially higher price. The Salases allege they did not immediately discover the issue, because they assumed their higher monthly bills were the result of an increase in property taxes.

The Salases initially named only Wells Fargo as a defendant. Their First Amended Complaint adds ASIC as a defendant, under a claim labeled as "Aiding and abetting breach of contract and breach of fiduciary duty." The Salases have sought leave to file a Second Amended Complaint which would revise the legal theories asserted against ASIC, but which still is based on the basic allegation that it issued the FPI policy in dispute. The Superior Court has postponed hearing the motion for leave to amend, pending disposition of ASIC's motion for relief in this Court.

*Discussion*

Although the Salases suggest there is some uncertainty as to when they were covered by, and paid premiums for, an ASIC-issued policy, ASIC has shown that they fall within the settlement class definition. Likewise, the Salases' contention that they did not receive actual notice of the settlement herein, even if credited, would not serve to exempt them from its effect. *See Pey v. Wachovia Mortgage Corp.,* 2011 WL 5573894, at *7 (N.D. Cal. Nov. 15, 2011) ("allowing absent class members to easily escape the preclusive effect of settlement by claiming that they did not receive actual notice would undermine the ability of the class action mechanism to prevent numerous identical suits with potentially inconsistent results.") Nevertheless, the Salases' basic contention that the settlement in this action should not be deemed to preclude their current claims has merit.

Wahl's claims in this action did not arise from any failure by her lender to apply escrowed insurance premium payments as agreed. There was no dispute that Wahl had failed to make the premium payments necessary to keep her policy in force, and that her lender therefore had every right to "force-place" insurance for her. The alleged wrong-doing involved only the *terms* of that

insurance, its costs, and the disclosures that were afforded to Wahl about it.

Here, in contrast, the Salases' basic claim is that Wells Fargo should never have "force-placed" insurance in the first instance. The Salases contend Wells Fargo violated its fiduciary and contractual duty to pay the bill submitted by the Salases' insurer, using the premiums they had paid into escrow for that purpose. Claims arising from such alleged facts are *not* ones that were made in this action, or that could have been made in this action, because Wahl did not encounter any similar situation with her lender. Wahl had not paid premiums into escrow which her lender then failed to apply. Rather, as she freely acknowledged, she simply failed to make the premium payments to her insurer. Accordingly, the basic claims made in the Salas action are not within the scope of the release given in this action, and there is no basis to issue an order here precluding them from going forward in Superior Court.

That said, nothing in this order will preclude the Superior Court from determining, if appropriate, that one or more particular claims or theories against ASIC may be precluded by the settlement in this case. For example, the Salas complaint makes passing reference to the alleged impropriety of providing force-placed insurance for any time period in which an LLPE is still protecting the lender's interest. It is unclear how or if that would even apply in this instance, and it seems tangential, at best, to the basic claims the Salases are making. Nevertheless, it very well may be an issue that *is* within the scope of the release, as Wahl plainly raised such an argument.

At this juncture, the basis on which the Salases intend to hold ASIC liable remains uncertain, particularly given the pendency of their motion for leave to amend. Additionally, it is for the Superior Court, not this court, to evaluate the substantive validity of any of their theories. Accordingly, it cannot be determined conclusively that the settlement here will have *no* effect on the claims the Salases intend to pursue. It is clear, however, that the operative facts underlying the Salas action are distinct from those alleged by Wahl. ASIC's motion therefore must be denied.

**IT IS SO ORDERED**.

Dated:  October 2, 2015

_____
RICHARD SEEBORG
United States District Judge